1

2

Honorable Ricardo S. Martinez

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8

9    LISA HOOPER, BRANDIE OSBORNE,
     KAYLA WILLIS, individually and on behalf      No. 2:17-cv-00077-RSM
10   of a class of similarly situated individuals; THE
     EPISCOPAL DIOCESE OF OLYMPIA;                 DEFENDANT CITY OF SEATTLE'S
11   TRINITY PARISH OF SEATTLE; REAL               ANSWER, AFFIRMATIVE
     CHANGE,                                       DEFENSES, AND COUNTERCLAIM
12                                                 TO AMENDED COMPLAINT
                                   Plaintiffs,
13

14          v.

15   CITY OF SEATTLE, WASHINGTON;
     WASHINGTON STATE DEPARTMENT OF
16   TRANSPORTATION; ROGER MILLAR,
     SECRETARY OF TRANSPORTATION FOR
17   WSDOT, in his official capacity,

18
                                   Defendants.
19

20

21          Defendant City of Seattle (the "City") answers the Complaint of Plaintiffs Lisa Hooper,

22   Brandie Osborne, and Kayla Willis; the Episcopal Diocese of Olympia; Trinity Parish of Seattle;

23   and Real Change (collectively "Plaintiffs") as follows:

24          1.      The City denies the allegations in paragraph 1 to the extent they attempt to

25   describe the City's policies toward homelessness and more specifically encampment clean-ups.

26

27

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT                    PACIFICA LAW GROUP LLP
(Case No. 2:17-cv-00077-RSM) - 1                                1191 SECOND AVENUE
                                                                SUITE 2000
20044 00021 gb273818gq.005                                      SEATTLE, WASHINGTON  98101-3404
                                                                TELEPHONE: (206) 245.1700
                                                                FACSIMILE: (206) 245.1750

The allegations in paragraph 1 otherwise constitute legal conclusions and legal argument to which no response is required. To the extent a response is required, the City denies the same.

2.      The issues of homelessness and encampments on public property are complex and defy generalized descriptions or explanations. The allegation in the first sentence of paragraph 2 is ambiguous, especially the use of the word "forced," and the City thus denies the same. The remaining allegations in paragraph 2 relate to a report of the Seattle/King County Coalition on Homelessness. The City responds that the report speaks for itself, and otherwise denies the allegations contained in paragraph 2.

3.      The City denies the allegations in paragraph 3, particularly to the extent they attempt to describe the City's policies and practices.

4.      The City denies the allegations in paragraph 4.

5.      The allegations in paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, the City denies the same.

6.      The City admits that when it cleans up problematic encampments on its property, items left on the property may be removed from the premises and, depending on the circumstances, might be stored or discarded. The City otherwise denies the allegations in paragraph 6.

7.      To the extent the allegations in paragraph 7 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same. The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 7 and therefore denies the same.

8.      To the extent the allegations in paragraph 8 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same. The City

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 2
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 8 and therefore denies the same.

9.     To the extent the allegations in paragraph 9 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 9 and therefore denies the same.

10.     To the extent the allegations in paragraph 10 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City denies the remaining allegations in paragraph 10.

11.     To the extent the allegations in paragraph 11 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City admits that homelessness is a serious and complex problem.  The City otherwise denies the allegations in paragraph 11.

12.     To the extent the allegations in paragraph 12 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 12 and therefore denies the same.

13.     To the extent the allegations in paragraph 13 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The allegations in paragraph 13 otherwise constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

14.     The City denies the allegations in paragraph 14.

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 3
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

15.     The City admits that it has conducted clean-ups of encampments on public property after this lawsuit was filed, which have complied with applicable legal requirements. The City denies the remaining allegations in paragraph 15.

16.     The City denies that it conducted the referenced clean-up on January 26, 2017. The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17.     The City admits that it has conducted clean-ups of encampments on public property after this lawsuit was filed, which have complied with applicable legal requirements. The City further admits that in some cases, clean-ups may last longer than expected or work may be delayed by unexpected circumstances, and items not suitable for storage may be broken down to be discarded.  The City denies the remaining allegations in paragraph 17.

18.     The City admits that it has adopted new administrative rules (a Multi Department Administrative Rule and a Department of Finance and Administrative Services rule, collectively called "MDARs") that govern encampment clean-ups and become effective April 3, 2017.  The City further responds that public notice of the MDARs was given to allow for public comment. The City further responds that the prior and new MDARs speak for themselves, and that the City urged Plaintiffs and their counsel on multiple occasions to submit comments on the MDARs, but neither Plaintiffs nor their counsel submitted any comments.  The City denies the remaining allegations in paragraph 18.

19.     The first sentence in paragraph 19 consists of legal argument and conclusions to which no response is required.  To the extent a response is required, the City denies the same. The remaining allegations in paragraph 19 reference filings with the Court.  The City responds

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 4
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

that those filings speak for themselves and otherwise denies the characterizations of the filings to the extent they comprise allegations in paragraph 19.

20.     The allegations in paragraph 20 reference filings with the Court.  The City responds that those filings are by WSDOT not the City and speak for themselves, and the City otherwise denies the attempted characterizations of the filings to the extent they comprise allegations in paragraph 20.

21.     The allegations in paragraph 21 reference a declaration on file with the Court. The City responds that the declaration speaks for itself and otherwise denies the attempted characterizations of the filings to the extent they comprise allegations in paragraph 21.

22.     The allegations in paragraph 22 reference a declaration submitted by WSDOT and on file with the Court.  The City responds that the declaration speaks for itself and otherwise denies the attempted characterizations of the filings to the extent they comprise allegations in paragraph 22.

23.     The City admits that persons living outside often gather and camp on public property amongst items that are unclean, moldy, or in poor condition.  The City denies the remaining allegations in paragraph 23.

24.     To the extent the allegations in paragraph 24 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The allegations in paragraph 24 otherwise constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

25.     The allegations in paragraph 25 constitute a request for relief to which no response is required.  To the extent a response is required, the City denies the same.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

26.     The allegations in paragraph 26 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same, except that the City admits that certain policies and procedures do not implicate the rights described.

27.     The allegations in paragraph 27 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

28.     The City admits the first sentence of paragraph 28.  The second sentence of paragraph 28 constitutes a request for relief to which no response is required.  To the extent a response is required, the City denies any relief should be granted.

29.     The City admits the allegations in the first sentence of paragraph 29.  The City also admits that it resides in the Western District of Washington.  The City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 29, and therefore denies the same.

30.     The City lacks sufficient knowledge or information to form a belief about the allegations in paragraph 30 and therefore denies the same.

31.     The allegations in paragraph 31 are vague, and the City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations and therefore denies the same.

32.     To the extent the allegations in paragraph 32 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The allegation in the first sentence of paragraph 32 that the City gave "minimal to no notice" is compound and ambiguous, and also fails to specify which Defendant is at issue, and the City thus denies the same.  The City otherwise lacks sufficient knowledge or information

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 6
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies the same.

33.     To the extent the allegations in paragraph 33 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 33 and therefore denies the same.

34.     To the extent the allegations in paragraph 34 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The allegation in the third sentence of paragraph 34 that the City posted no prior notice "in the area" is ambiguous, and the City thus denies the same.  Based in part on the lack of specificity provided, the City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 34 and therefore denies the same.

35.     The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 35 and therefore denies the same.

36.     To the extent the allegations in paragraph 36 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first and last sentences of paragraph 36 and therefore denies the same.   The City further responds that the new MDARs speak for themselves and otherwise denies the attempted characterizations of the rules to the extent they comprise allegations in paragraph 36.

37.     To the extent the allegations in paragraph 36 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

same. The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 37 and therefore denies the same.

38. To the extent the allegations in paragraph 38 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same. Based primarily on the lack of specificity provided, the City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 38 and therefore denies the same.

39. To the extent the allegations in paragraph 39 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same. The allegation in the first sentence of paragraph 39 that the City gave "minimal to no notice" is compound and ambiguous, and the sentence is also ambiguous as to the time and location referred to, and the City thus denies the same. The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 39 and therefore denies the same.

40. The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40 and therefore denies the same.

41. To the extent the allegations in the first sentence of paragraph 41 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same. Based in part on the lack of specificity provided, the City otherwise denies the allegations in the first sentence of paragraph 41. The remaining allegations in paragraph 41 are not about the City, and the City lacks sufficient knowledge or information to form a belief about the truth of those allegations and therefore denies the same.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

42.     The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 42 and therefore denies the same.

43.      The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 43 and therefore denies the same.

44.     The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 44 and therefore denies the same.

45.     To the extent the allegations in paragraph 45 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first and last sentences of paragraph 45 and therefore denies the same.   The City further responds that the new MDARs speak for themselves and otherwise denies the attempted characterizations of the rules to the extent they comprise allegations in paragraph 45.

46.     The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 46 and therefore denies the same.

47.     To the extent the allegations in paragraph 47 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  To the extent the allegations in paragraph 47 constitute legal argument or conclusions, no response is required.  To the extent a response is required, the City denies the same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 47 and therefore denies the same.

48.     To the extent the allegations in paragraph 48 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

same. The City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 48 and therefore denies the same.

49. The City denies the allegations in paragraph 49.

50. To the extent the allegations in paragraph 50 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same. The City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 50 and therefore denies the same.

51. The allegations in paragraph 51 constitute legal conclusions to which no response is required. To the extent a response is required, the City denies the same.

52. The City lacks sufficient knowledge or information to form a belief about the truth the allegations in paragraph 52 and therefore denies the same.

53. The City commends and supports community-based efforts to address problems associated with homelessness. The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 53 and therefore denies the same.

54. The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 54 and therefore denies the same.

55. To the extent the allegations in paragraph 55 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same. The City lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 and therefore denies the same.

56. The City commends and supports community-based efforts to address problems associated with homelessness. Otherwise, the City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 56 and therefore denies the same.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

57.     The City commends and supports community-based efforts to address problems associated with homelessness.  To the extent the allegations in paragraph 57 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  Otherwise, the City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 57 and therefore denies the same.

58.     The City commends and supports community-based efforts to address problems associated with homelessness.  To the extent the allegations in paragraph 58 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  Otherwise, the City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 58 and therefore denies the same.

59.     To the extent the allegations in paragraph 59 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  Based in part on the lack of specificity provided, the City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 59 and therefore denies the same.

60.     To the extent the allegations in paragraph 60 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  Based in part on the lack of specificity provided, the City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 60 and therefore denies the same.

61.     To the extent the allegations in paragraph 61 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 61 and therefore denies the same.

62.     To the extent the allegations in paragraph 62 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 62 and therefore denies the same.

63.     To the extent the allegations in paragraph 63 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City admits it is a municipal corporation organized under the laws of the State of Washington with the capacity to sue and be sued.  The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 63 regarding the capacity in which the plaintiffs purport to sue the City, and therefore denies the same.  To the extent paragraph 63 also purports to allege legal conclusions, the City denies the same.

64.     The City admits the factual allegations in paragraph 64.  To the extent paragraph 64 also purports to allege legal conclusions, the City denies the same.

65.     The City admits that Roger Millar is the current Secretary of Transportation for WSDOT.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 65 and therefore denies the same.  To the extent paragraph 65 also purports to allege legal conclusions, the City denies the same.

66.     The allegations in paragraph 66 consist of legal conclusions to which no response is required.  To the extent a response is required, the City denies the same.

67.     The allegations in paragraph 67 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 12
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

68.     The allegations in the first sentence of paragraph 68 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.  The allegations in the second and third sentences of paragraph 68 relate to a report of the Seattle/King County Coalition on Homelessness.  The City responds that the report speaks for itself, and otherwise denies the allegations.  To the extent the allegations in the fourth sentence of paragraph 68 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  The City admits that it can in certain circumstances be difficult to find and identify transient individuals but denies that any such difficulty is due to the City's policies or practices, and otherwise denies the remaining allegations.

69.     The allegations in paragraph 69 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

70.     The allegations in paragraph 70 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

71.     The allegations in paragraph 71 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

72.     The City admits the allegations in paragraph 72, with the exception that the City lacks knowledge as to the specific resources available to the ACLU of Washington, and as a result denies the allegation with respect to that issue.

73.     The allegations in paragraph 73 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

74.      The City admits that in November 2015 Mayor Murray declared a State of Emergency on homelessness, the content of which otherwise speaks for itself.  The City is awaiting the results of recent data collection with respect to the number of persons living outside.

75.      The allegations in paragraph 75 relate to a report of the Seattle/King County Coalition on Homelessness.  The City responds that the report speaks for itself, and otherwise denies the allegations.

76.      The City admits that homelessness is a crisis.  In response, the Mayor has declared a state of emergency with regard to homelessness, established some authorized tent encampments, devoted increased funds to this issue, and continues to develop policies and practices to address the crisis.  The City further admits that a count of homeless persons in the City was conducted earlier this year and the results will be released this spring.  The City otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 76 and therefore denies the same.

77.      The City admits that unhoused persons may have homes and personal possessions of including possessions with psychological value.  The City otherwise denies the allegations in paragraph 77 as overly generalized and unqualified.

78.      The City admits that unhoused persons sometimes set up encampments on public property.  The City otherwise denies the allegations in paragraph 77 as overly generalized.

79.      The City admits that unhoused persons may engage in the activities listed in paragraph 79 and that having a stable place to live is important.  The City otherwise denies the allegations in paragraph 79 as overly generalized.

80.      The City admits the first sentence of paragraph 80.  The City admits that it offers disposal and retrieval services and operates a sewer system.  The City admits that garbage

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

accumulates quickly in encampments.  The allegations in paragraph 80 regarding taken property are vague.  The City lacks sufficient knowledge or information to form a belief about the truth of the allegations as to whether items being referred to were taken during clean ups, and otherwise denies the remaining allegations in paragraph 80.

81.    To the extent the allegations in paragraph 81 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.  Based on Plaintiffs' definition of "sweeps", the City denies the allegations of paragraph 81.

82.    The allegations in paragraph 82 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

83.    The City denies the allegations of paragraph 83.

84.    The City admits that it facilitates the reporting of unauthorized encampments whether by phone, online, or app, and otherwise denies the allegations in the first sentence of paragraph 84.  The second sentence of paragraph 84 is addressed to another party, and the City lacks sufficient knowledge or information to form a belief about the truth of those allegations and therefore denies the same.

85.    To the extent the allegations in paragraph 85 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The City also denies the allegations in paragraph 85 to the extent they are based on misinterpretation of data from the Seattle Encampment Response Information System (SERIS), as explained in the Second Declaration of Chris Potter in Support of the City's Opposition to Plaintiffs' Motion for Temporary Restraining

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 15
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Order.  The City admits that it has conducted lawful clean-ups, including some after this lawsuit was filed, and otherwise denies the remaining allegations in paragraph 85.

86.     To the extent the allegations in paragraph 86 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The City admits that it has devoted meaningful resources to conducting lawful clean-ups as part of its broader strategy and efforts at addressing issues related to homelessness.  The last sentence of paragraph 86 is addressed to another party, and the City lacks sufficient knowledge or information to form a belief about the truth of those allegations and therefore denies the same.

87.     The allegations in paragraph 87 appear to be based on prior denied allegations, including attempts to describe the City's policies or practices and the Plaintiffs' definition of "sweeps", and the City therefore denies the same.

88.     The City admits that it has adopted the original MDARs in 2008.  The remaining allegations in paragraph 88 are addressed to another party, and the City lacks sufficient knowledge or information to form a belief about the truth of those allegations and therefore denies the same.

89.     To the extent the allegations in paragraph 89 are based on the Plaintiffs' definition of "sweeps", the City denies the same.  The City admits that the MDARs (now updated) represent the City's uniform rules and procedures for cleaning up encampments on public property.  The remaining allegations in paragraph 89 are addressed to another party and the City lacks sufficient knowledge or information to form a belief about the truth of those allegations and therefore denies the same.

90.     The City denies the allegations in paragraph 90.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

91.     To City denies the allegations in paragraph 91.

92.     The allegations in paragraph 92 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

93.     The allegations in paragraph 93 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the allegations.

94.     The City denies the allegations in paragraph 94.

95.     The City denies the allegations in paragraph 95.

96.     The City denies the allegations in paragraph 96.

97.     The City denies the allegations in paragraph 97.

98.     To the extent the allegations in paragraph 98 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The remaining allegations in paragraph 98 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City responds that the MDARs speak for themselves and otherwise denies the allegations.

99.     The allegations in paragraph 99 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City responds that the WSDOT Guidelines speak for themselves and otherwise denies the allegations.

100.    The City denies the allegations in paragraph 100.

101.    The City admits that policymakers have expressed various views on the City's clean-up process, including prior versions of its notices.  The City admits that one councilmember, in a council briefing in January of 2016, stated: "These postings, I imagine, are

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

ones that I could probably barely understand with a law degree." The City otherwise denies the allegations in paragraph 101.

102.     The City denies the allegations in paragraph 102.

103.     The City denies the allegations in paragraph 103.

104.     The City responds that it trains staff on appropriate implementation of the MDARs. The City admits that the MDARs do not reference training. The City further responds that the WSDOT Guidelines speak for themselves and otherwise denies the allegations.

105.     The City denies the allegations in the first and last sentences of paragraph 105. The City admits that the WSDOT Guidelines contain the quoted language and denies the remaining allegations in paragraph 105.

106.     The City denies the allegations in paragraph 106.

107.     The City denies the allegations in paragraph 107.

108.     The City denies the allegations in paragraph 108.

109.     The allegations in paragraph 109 constitute legal conclusions and legal argument to which no response is required. To the extent a response is required, the City responds that the WSDOT Guidelines speak for themselves and otherwise denies the allegations.

110.     The City denies the allegations contained in paragraph 110.

111.     The City denies the allegations in paragraph 111.

112.     The City admits that the MDARs do not refer to payment of compensation. The City otherwise responds that the MDARs and WSDOT Guidelines speak for themselves and otherwise denies the allegations.

113.     The City denies the allegations in paragraph 113.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

114.    The City admits that it has new MDARs and received public comment on those

2

rules, but not from Plaintiffs or their counsel.  The City denies the remaining allegations in

3

paragraph 114.

4

115.    The City denies the allegations in paragraph 115.

5

116.    The City denies the allegations in paragraph 116.

6

117.    The City denies the allegations in paragraph 117.

7

118.    The City denies the allegations in paragraph 118.

8

119.    The City denies the allegations in paragraph 119.

9

120.    The City denies the allegations in paragraph 120.

10

11

121.    The City admits that the new MDARs contain a provision for "emphasis areas",

12

but denies the remaining allegations in paragraph 121.

13

122.    The City denies the allegations in paragraph 122.

14

123.    The City denies allegations in paragraph 123.

15

16

124.    The City admits that the new MDARs amended the prior MDARs and otherwise

17

denies allegations in paragraph 124.

18

125.    The City denies that it does not provide for training as it trains staff on

19

appropriate implementation of the MDARs.  The City denies the remaining allegations in

20

paragraph 125.

21

22

126.    The allegations in paragraph 126 constitute legal conclusions and legal argument

23

to which no response is required.  To the extent a response is required, the City otherwise denies

24

the allegations in paragraph 126.

25

127.    The City admits that numerous individuals and organizations submitted comments

26

on the new MDARs, but the Plaintiffs and their counsel did not.  The City further responds that

27

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 19
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   the wording of the comments received speaks for itself and otherwise denies the allegations in

2   paragraph 127.

3       128.    The allegations in paragraph 128 constitute legal conclusions and legal argument

4   to which no response is required.  To the extent a response is required, the City denies the same.

5       129.    The City denies the allegations in paragraph 129.

6       130.    To the extent the allegations in paragraph 130 are based on prior denied

7

8   allegations, including attempts to describe the City's policies or practices, or the Plaintiffs'

9   definition of "sweeps", the City denies the same.  To the extent the allegations in paragraph 130

10  are addressed to another party, the City lacks sufficient knowledge or information to form a

11  belief about the truth of those allegations and therefore denies the same.  The City denies the

12  remaining allegations in paragraph 130.

13      131.    To the extent the allegations in paragraph 131 are based on prior denied

14

15  allegations, including attempts to describe the City's policies or practices, or the Plaintiffs'

16  definition of "sweeps", the City denies the same.  The City admits different clean-ups it conducts

17  may have some differences (and some similarities) in comparison to any other clean-up.  The

18  City otherwise denies the allegations in paragraph 131.

19      132.    The City admits it uses the word "clean up" and that part of its goal is to remove

20  trash, debris, waste, and hazardous materials.  The City denies the remaining allegations in

21  Paragraph 132.

22

23      133.    The allegations in paragraph 133 constitute legal arguments or conclusions, to

24  which no response is required.  To the extent a response is required, the City denies the same.

25      134.    The City denies the allegations in Paragraph 134.

26      135.    The City denies the allegations in paragraph 135.

27

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

136.    The City denies the allegations in paragraph 136.

137.    The City denies the allegations in paragraph 137.

138.    The City admits that for clean-ups it attaches notices to individual tents and in the surrounding area to be cleaned up.  The City denies the remaining allegations in paragraph 138.

139.    The City denies the allegations in paragraph 139.

140.    The City denies the allegations in paragraph 140.

141.    The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 141 and therefore denies the same.

142.    The City denies the allegations in paragraph 142.

143.    To the extent the allegations in paragraph 143 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  Otherwise, the City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 143 and therefore denies the same.

144.    The City denies the allegations in paragraph 144.

145.    To the extent the allegations in paragraph 145 constitute legal arguments or conclusions, no response is required.  To the extent a response is required, the City denies those allegations.  The City denies the remaining allegations in paragraph 145.

146.    The City denies the allegations in paragraph 146.

147.    The City denies the allegations in paragraph 147.

148.    To the extent the allegations in paragraph 148 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 21
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

same.  The allegations in paragraph 148 are otherwise legal argument and conclusions, to which no response is required.  To the extent a response is deemed required, the City denies the same.

149.    The City admits that it conducts both clean ups and targeted outreach when encampments on its public property raise significant public health or safety concerns, obstruct the intended use of public facilities, or otherwise necessitate intervention in furtherance of the public interest.  The allegations in paragraph 149 are otherwise legal argument and conclusions, to which no response is required.  To the extent a response is deemed required, the City denies the same.

150.    The City denies the allegations in paragraph 150.

151.    The City denies the allegations in Paragraph 151.

152.    To the extent the allegations in paragraph 152 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The City denies the allegations in the first sentence of paragraph 152.  The City lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 152 and therefore denies the same.

153.    The City admits that it uses various tools and equipment to clean up unauthorized encampments and that some objects, including hazardous items, may be manipulated, cut, and/or discarded as part of the clean-up.  The City otherwise denies the allegation in paragraph 153.

154.    The City admits that when it cleans up problematic encampments on its property, items left on the property may be removed from the premises and, depending on the circumstances, might be stored or discarded.  The City otherwise denies the allegations in paragraph 154.

155.    The City denies the allegations in paragraph 155.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

156.    The City denies the allegations in paragraph 156.

157.    To the extent the allegations in paragraph 157 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The City admits that it conducts clean-ups on its property without obtaining a warrant to do so, and denies that a warrant is required.  The remaining allegations in paragraph 157 constitute legal arguments or conclusions, to which no response is required.  To the extent a response is required, the City denies those allegations.

158.    The City admits that it sometimes gathers and stores items as part of a clean-up on its property when no one present asserts ownership over the item.  The City denies the remaining factual allegations in paragraph 158.  To the extent the allegations in paragraph 158 constitute legal arguments or conclusions, no response is required.  To the extent a response is required, the City denies those allegations.

159.    The City denies the allegations in paragraph 159.

160.    The City denies the allegations in paragraph 160.

161.    The City admits that the clean-up process can be stressful.  The City further admits it might not store an item remaining at a clean-up site notwithstanding a request that the item be stored, for example, if the item is hazardous.  The City otherwise lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 161 and therefore denies the same.

162.    The City denies the allegations in paragraph 162.

163.    The City denies the allegations in paragraph 163.

164.    The City denies the allegations in paragraph 164.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

165.     To the extent the allegations in paragraph 165 are based on prior denied allegations, including attempts to describe the City's policies or practices, the City denies the same.   The City admits that items that are identified as garbage may be destroyed.  The City otherwise lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 165 and therefore denies the same.

166.     The allegations in paragraph 166 are ill-formed and ungrammatical.  To the extent a response is deemed required, the City denies the allegations.

167.     The City denies the allegations in paragraph 167.

168.     The City denies the allegations in paragraph 168.

169.     The City denies the allegations in paragraph 169.  The City further responds that the pictured sticker is presented out of context.  For a more accurate understanding, refer to the Second Declaration of Chris Potter in Support of the City's Opposition to Plaintiffs' Motion for Temporary Protective Order.

170.     The City denies the allegations in paragraph 170.

171.     The City denies the allegations in the first and second sentences of paragraph 171. The City lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 171 and therefore denies the same.  The City denies the remaining allegations in paragraph 171 and refers to the Second Declaration of Chris Potter regarding this issue.

172.     The City denies the allegations in paragraph 172.

173.     The City admits that it stores at 4200 Airport Way South personal property left on the City's property after notice was given that a clean-up would be conducted.  The City also admits that this property is available for retrieval at that storage facility.  The City notes that its

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 24
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

new MDARs provide for free delivery of stored items.  The City otherwise denies the allegations in paragraph 173.

174.    The City denies the allegations in paragraph 174.

175.    The City denies the allegations in paragraph 175.

176.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176, which do not specify information regarding the quoted material, and therefore denies the same.

177.    The allegations in paragraph 177 are non-specific and as a result the City lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

178.    To the extent the allegations in paragraph 178 constitute legal arguments or conclusions, no response is required.  To the extent a response is required, the City denies those allegations.  The City denies the remaining allegations in paragraph 178.

179.    The City admits that it received a letter from Columbia Legal Services and the American Civil Liberties Union in 2015.  The City responds that the letter speaks for itself and otherwise denies the allegations in paragraph 179.

180.    The City denies the allegations in the first sentence of paragraph 180.  The remaining allegations in paragraph 180 constitute legal conclusions to which no response is required.  To the extent a response is required, the City responds that the text of the *Lavan* opinion speaks for itself and otherwise denies the allegations.

181.    The allegations in paragraph 181 relate to a *Seattle Times* report.  The City responds that the text of the report speaks for itself, and otherwise denies the allegations contained in paragraph 181.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

182.    The allegations in paragraph 182 are non-specific and as a result the City lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

183.    To the extent the allegations in paragraph 183 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The remaining allegations in paragraph 183 relate to a Task Force report.  The City responds that the text of the report speaks for itself, and the City otherwise denies the allegations contained in paragraph 183.

184.    To the extent the allegations in paragraph 184 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The remaining allegations in paragraph 184 relate to monitor reports.  The City responds that the text of the reports speak for themselves, and the City otherwise denies the allegations contained in paragraph 184.

185.    The allegations in paragraph 185 reference a letter sent from the Seattle Human Rights Commission to the Mayor and City in September 2016.  The City responds that the text of the letter speaks for itself and otherwise denies the allegations in paragraph 185.

186.    The City denies the first sentence of paragraph 186.  The City admits that its Department of Finance and Administrative Services ("FAS") is charged with administering the City's clean-ups.  The remaining allegations in paragraph 186 relate to a written communication; the City responds that the text of the communication speaks for itself and otherwise denies the allegations in paragraph 186.

187.    The allegations in the first sentence of paragraph 187 relate to statements made by the Seattle Human Rights Commission.  The City responds that the text of those statements

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

speak for themselves and otherwise denies the allegations in that sentence.  The City admits that FAS performs robust and responsible management of the City's clean-up efforts.

188.     The City admits that it commenced a clean-up on January 4, 2016 that was called off for safety reasons.  The City otherwise denies the allegations in paragraph 188.

189.     The City denies the allegations in paragraph 189.

190.     The City admits that it has adopted new MDARs.  The City denies the remaining allegations in paragraph 190.

191.     The City lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 191 and therefore denies the same.

192.     The City admits that it has lawfully cleaned up encampments since Plaintiffs filed this lawsuit.  The City otherwise denies the allegations in paragraph 192.

193.     The City admits that it has conducted lawful clean-ups of hazardous encampments on public property after this lawsuit was filed.  The City further admits that in some cases, clean-ups may last longer than expected (as with the February 10 clean-up) or work may be delayed by unexpected circumstances (as with the February 27 clean-up), and items not suitable for storage may be broken down to be discarded.  The City further responds that the text of the declaration referred to in the fourth sentence of paragraph 193 speaks for itself.

194.     The City admits that it provided substantial prior written and oral notice of a clean-up at the area called the "Field", provided substantial outreach efforts to residents of the encampment, and commenced a clean-up of that area on March 7, 2017.   The City otherwise denies the allegations in paragraph 194.

195.     The City denies the allegations in paragraph 195.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

196.     To the extent the allegations in paragraph 196 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The remaining allegations in paragraph 196 constitute legal conclusions and legal argument, to which no response is required.  To the extent a response is required, the City denies those allegations.

197.     To the extent the allegations in paragraph 197 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The City admits that in general unhoused persons may face difficulties replacing items that are lost or in replacing items.  The City otherwise denies the allegations in paragraph 197.

198.     To the extent the allegations in paragraph 198 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The City denies the first sentence of paragraph 198.  The City admits that in general unhoused persons can face difficulties in obtaining housing, employment, or medical care, and otherwise denies the allegations in the second sentence of paragraph 198.  The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 198 and therefore denies them.

199.     To the extent the allegations in paragraph 199 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs' definition of "sweeps", the City denies the same.  The City admits that unhoused persons face difficult circumstances and otherwise denies the allegations in paragraph 199.

200.     To the extent the allegations in paragraph 200 are based on prior denied allegations, including attempts to describe the City's policies or practices, or the Plaintiffs'

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

definition of "sweeps", the City denies the same.  The first sentence of paragraph 200 consists of legal argument and conclusions, to which no response is required.  To the extent a response is deemed required, the City denies the same.  The City admits that unhoused persons face difficult circumstances but denies that those circumstances are caused by the City's clean-ups.

201.    The City denies the allegations in paragraph 201.

202.    The allegations in paragraph 202 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

203.    The allegations in paragraph 203 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

204.    The allegations in paragraph 204 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

205.    The City reincorporates its responses as set forth above.

206.    The allegations in paragraph 206 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

207.    The City reincorporates its responses as set forth above.

208.    The allegations in paragraph 208 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

209.    The City reincorporates its responses as set forth above.

210.    The allegations in paragraph 210 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

211.    The City reincorporates its responses as set forth above.

212.    The allegations in paragraph 212 constitute legal conclusions and legal argument to which no response is required.  To the extent a response is required, the City denies the same.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**RESPONSE TO PRAYER TO RELIEF**

The remaining allegations in Plaintiffs' Amended Complaint constitute a request for relief to which no response is required.  To the extent a response is required, the City denies the same.

Unless specifically admitted above, the City denies each and every remaining allegation in Plaintiff's Complaint.  The City specifically reserves the right to amend its answer by adding defenses, affirmative defenses, counterclaims, cross claims, or by instituting third party actions, as additional facts are obtained through discovery.

**AFFIRMATIVE DEFENSES OF THE CITY**

The City incorporates its admissions, denials, and allegations above as though fully set forth herein.  Without conceding which party bears the burden of proof and without admitting allegations previously denied, the City asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE—MOOTNESS**

1.     Plaintiffs' claims should be barred in whole or in part as moot.


**SECOND AFFIRMATIVE DEFENSE—RIPENESS**

2.     Plaintiffs' claims should be barred in whole or in part as unripe.

**THIRD AFFIRMATIVE DEFENSE—STANDING**

3.     At least certain of the Plaintiffs lack standing.

**FOURTH AFFIRMATIVE DEFENSE—SOVEREIGN IMMUNITY**

4.     Plaintiffs' claims are barred by sovereign immunity.

**FIFTH AFFIRMATIVE DEFENSE—STATUTE OF LIMITATIONS**

5.     Plaintiffs' claims are barred by the applicable statute of limitations.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**SIXTH AFFIRMATIVE DEFENSE—**
**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

6.      Plaintiffs have failed to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE—ILLEGALITY**

7.      Plaintiffs' claims should be barred by illegality.

**EIGHTH AFFIRMATIVE DEFENSE—ASSUMPTION OF THE RISK**

8.      Plaintiffs' claims should be barred by assumption of risk.

The City reserves the right to amend this Answer to assert additional defenses and affirmative defenses as additional facts are obtained through further investigation and discovery

**COUNTERCLAIM**

**FIRST COUNTERCLAIM—DECLARATORY JUDGMENT**

1.      The City incorporates by reference herein all allegations set out above.

2.      In recent years, the City has been faced with substantially increasing numbers of unhoused individuals residing on public property in unauthorized encampments.  The Mayor has declared a state of emergency with regard to homelessness, established some authorized tent encampments, and devoted increased funds to addressing this issue.  The City has adopted a multi-faceted approach, including the City's Pathways Home Plan and the investment of substantial funds for prevention, intervention, and permanent housing.

3.      As part of these comprehensive efforts, the City also conducts clean-ups at encampments on its public property that raise significant public health or safety concerns, obstruct the intended use of public facilities, or otherwise necessitate intervention in furtherance of the public interest.

4.      The MDARs govern the City's clean-up procedures and policies.  As this lawsuit demonstrates, Plaintiffs have claimed there is a substantial controversy regarding the MDARs.

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 31
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

5.      Plaintiffs oppose the City's ongoing clean-up efforts.  As a result, the parties have genuine and adverse legal interests.

6.      This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment declaring the MDARs constitutional.

7.      The MDARs provide for notice and retrieval of property.  The new MDARs provide even more robust protections, including individualized notice and free delivery of stored property for retrieval.

8.      The City will follow the new MDARs.

9.      A judicial determination that the City's clean-up procedures and practices are constitutional would provide a final and conclusive adjudication.

10.     The City is therefore entitled to a declaratory judgment, under 28 U.S.C. § 2202 and RCW 7.24.010, that its clean-up policies and practices, including the prior and new MDARs, are lawful and constitutional.

The City requests that judgment be entered in its favor and against Plaintiffs as follows:

1.      Entry of judgment in favor of the City and against Plaintiffs declaring the City's policies and practices lawful and constitutional.

2.      An award of reasonable attorney fees, expenses, and costs, to the fullest extent allowed by law and equity.

3.      Such other and further relief as the Court deems proper.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

DATED this 16th day of March, 2017.


SEATTLE CITY ATTORNEY'S OFFICE          PACIFICA LAW GROUP LLP


By <u>s/ Gregory Narver</u>                        By  <u>s/ Matthew J. Segal</u>
   Patrick Downs, WSBA #25276            Matthew J. Segal, WSBA #29797
   Andrew Myerberg, WSBA #47746          Gregory J. Wong, WSBA #39329
   Gregory Narver, WSBA #18127           Taki V. Flevaris, WSBA #42555
   Carlton Seu, WSBA #26830
   Gary Smith, WSBA #29718            Co-Counsel for Defendant City of Seattle

Attorneys for Defendant City of Seattle

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

2

**CERTIFICATE OF SERVICE**

3      I hereby certify that on this 16th day of March, 2017, I electronically filed the foregoing

4  document with the United States District Court ECF system, which will send notification of such

5  filing to the following:

6  Emily Chiang                                      Blake Edward Marks-Dias
   Nancy Talner                                      Eric Lindberg
7  Breanne Schuster                                  Todd T. Williams
   ACLU of Washington                                CORR CRONIN MICHELSON
8  901 Fifth Avenue, Suite 630                       BAUMGARDNER FOGG & MOORE LLP
   Seattle, WA 98164                                 1001 - 4th Avenue, Suite 3900
9  Email:  echiang@aclu-wa.org                       Seattle, WA 98154
   Email:  Talner@aclu-wa.org                        Email:  bmarksdias@corrcronin.com
10 Email:  bschuster@aclu-wa.org                     Email:  elindberg@corrcronin.com
                                                     Email:  twilliams@corrcronin.com
11
   *Attorneys for Plaintiffs*
12                                                   *Attorneys for Plaintiffs*

13 Patrick Downs                                     Matthew D. Huot
   Andrew Thomas Myerberg                            Alicia O. Young
14 Gregory Colin Narver                              ATTORNEY GENERAL'S OFFICE
   Carlton Seu                                       TRANSPORTATION & PUBLIC
15 Gary Smith                                        CONSTRUCTION
   SEATTLE CITY ATTORNEY'S OFFICE                    7141 Cleanwater Drive SW
16 701 Fifth Avenue, Suite 2050                      PO Box 40113
   Seattle, WA 98104-7097                            Olympia, WA 98504-0113
17 Email:  Patrick.downs@seattle.gov                 Email:  matth4@atg.wa.gov
   Email:  Andrew.myerberg@seattle.gov               Email:  aliciaO@atg.wa.gov
18 Email:  Gregory.narver@seattle.gov
   Email:  carlton.seu@seattle.gov                   *Attorneys for WA State Dept. of Transportation*
19 Email:  gary.smith@seattle.gov                    *and Roger Millar, Secretary of Transportation*
20                                                   *for WSDOT, in his official capacity*
   *Co-Counsel for Defendant City of Seattle*
21

22

23     Dated this 16th day of March, 2017.

24

25

26                                                   _____
                                                     Sydney Henderson
27

CITY OF SEATTLE'S ANSWER TO AMENDED COMPLAINT
(Case No. 2:17-cv-00077-RSM) - 34
20044 00021 gb273818gq.005

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750