# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

LISA HOOPER, *et al.*,

Plaintiffs,

v.

CITY OF SEATTLE, *et al.*,

Defendants.

Case No. C17-0077RSM

ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF

This matter is before the Court on the National Law Center on Homelessness and Poverty's ("NLCHP") Motion for Leave to File Amicus Brief. Dkt. #145. NLCHP is a nonprofit organization whose mission is to prevent and end homelessness. *Id*. at 2. As part of its mission, NLCHP has published several reports assessing the impact of local ordinances on the lives of homeless persons and taxpayers. *Id*. NLCHP has also published reports on the legal and policy responses to homeless encampments in the United States. *Id*. Given its work in the arena of homelessness, NLCHP contends it possesses a unique perspective that allows it to "provide constructive advice" on how laws affecting homeless populations can better protect homeless persons. *Id*. Defendants, the City of Seattle (the "City") and the Washington State Department of Transportation ("WSDOT"), oppose NLCHP's motion. *See* Dkt. #150. According to Defendants, NLCHP should not be granted leave to file its amicus brief because (1) the proposed

ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF - 1

brief does not go beyond what Plaintiffs' counsel could have argued in their preliminary injunction motion; (2) the proposed brief argues facts and does not draw attention to the law; and (3) the proposed brief presents factual matter that is not useful to the Court. *Id*. at 3–7. For the reasons discussed herein, the Court agrees with Defendants and DENIES NLCHP's motion.

District courts have broad discretion to admit amicus briefing. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The "classic role" of amicus curiae has been to "assist[] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). There are no strict prerequisites to qualify as amici, although amicus must "'make a showing that his participation is useful to or otherwise desirable to the court.'" *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).

Upon consideration of NLCHP's motion and its proposed amicus brief, the Court finds NLCHP fails to provide useful or unique information. NLCHP contends it can provide the Court with "unique information and perspective relevant to several key questions before the Court." Dkt. #145, Ex. A at 6. To support this argument, NLCHP references its own model policy, several of its own reports, and several surveys. *See* Dkt. #145 at 4–5. However, the Court does not find NLCHP's attempt to draw comparisons between its model policy (or the policies of other cities) and Defendants' policies useful in its analysis of the legal issues posed by Plaintiffs' preliminary injunction motion. Aside from highlighting its model sweep policy language and the language of other cities' policies, NLCHP's amicus brief merely bolsters, and does not supplement, Plaintiffs' arguments; the proposed brief also fails to draw the court's attention to

ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF - 2

law that may escape its consideration.  Additionally, NLCHP does not try to explain why information gleaned from the reports and surveys it cites should apply to Defendants' actions. However, even had NLCHP explained why a comparison is warranted, the Court would nonetheless not find this information useful or unique as it merely highlights harms similar to those claimed by Plaintiffs.  Consequently, the Court exercises its broad discretion and will deny NLCHP leave to file its proposed amicus brief.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that NLCHP's Motion for leave to participate as *amicus curiae*, Dkt. #145, is DENIED.[1]

DATED this 28th day of August, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court did not rely on the City's proposed supplemental declaration (Dkt. #154) in making its decision.  Consequently, the City's motion to file a supplemental declaration in support of its opposition (Dkt. #153) is STRICKEN as MOOT.

ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF - 3