THE HONORABLE RICARDO S. MARTINEZ

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| LISA HOOPER, BRANDIE OSBORNE, KAYLA WILLIS, REAVY WASHINGTON, individually and on behalf of a class of similarly situated individuals; THE EPISCOPAL DIOCESE OF OLYMPIA; TRINITY PARISH OF SEATTLE; REAL CHANGE,<br><br>         Plaintiffs,<br><br>   v.<br><br>CITY OF SEATTLE, WASHINGTON; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; ROGER MILLAR, SECRETARY OF TRANSPORTATION FOR WSDOT, in his official capacity,<br><br>         Defendants. | NO. C17-0077RSM<br><br>DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING APPEAL<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 17, 2017 |

## I.   INTRODUCTION

This Court should deny Plaintiffs' Motion to Stay Proceedings Pending Appeal while Plaintiffs seek immediate review of this Court's decision declining to certify a class. Plaintiffs have failed to make any of the necessary showings that would warrant such a stay of proceedings.

As a threshold matter, Plaintiffs have not shown they are likely to suffer harm absent a stay. Plaintiffs say that they need a stay because the case would "proceed on a very different trajectory" if the matter were certified as a class action, which would impact "strategy, resource

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

C17-0077RSM

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

allocation, and the scope of document and deposition discovery." Dkt. 210 at 2. But Plaintiffs provide no details or factual support about how the case would be litigated differently if a class were certified. Nor could they, because their lawsuit generally challenges the Washington State Department of Transportation's (WSDOT or State) and City of Seattle's (City) homeless encampment policies and practices on a system-wide basis, and the only relief they seek is a broad declaration and injunction halting or restricting any cleanup occurring in Seattle City limits, which would necessarily apply equally to any unhoused individual, regardless of whether a class is certified. To that end, Plaintiffs have sought and received over 260,000 pages (over 83,000 documents) of written discovery and taken several depositions of City and State officials comprehensively covering cleanups generally, without regard to whether any given cleanup or practice impacts Plaintiffs versus any other unhoused individuals.

Moreover, Plaintiffs are unlikely to obtain interlocutory review or prevail in reversing this Court's denial of class certification, meaning a stay would serve no purpose other than to delay final resolution of this dispute. Class certification decisions are routine decisions that rarely warrant immediate appellate review, particularly here, where it would make no practical difference to Plaintiffs' prosecution of their case. Even if the Ninth Circuit accepts interlocutory review, Plaintiffs are unlikely to succeed on the merits of their appeal because this Court applied the proper standards for class certification and correctly denied class certification on multiple grounds.

Finally, after several months of discovery and two rounds of briefing on whether Plaintiffs are likely to succeed on the merits of their underlying claims, this case is ripe for a dispositive ruling on the merits. Staying this case pending appeal of the class certification denial would unduly prejudice Defendants and do nothing to advance the ultimate disposition of the case. Accordingly, WSDOT and its Secretary, Roger Millar, and the City respectfully request that this Court deny Plaintiffs' Motion to Stay Proceedings.

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

C17-0077RSM

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## II.        STANDARD OF REVIEW

A petition for interlocutory review of a class certification decision does not "automatically stay district court proceedings . . . ." *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1180 (9th Cir. 2017). "[O]nly the district court can grant a stay," and "it has discretion whether or not to do so." *Id.* (citing *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999)). The question for the district court in such cases is whether or not the movant has "demonstrat[ed] that the probability of error in the class certification decision is high enough that the costs of pressing ahead . . . exceed the costs of waiting." *Blair*, 181 F.3d at 835. The presumption is that "stays will be infrequent," to avoid "interrupt[ing] the progress of a case and prolong[ing] its disposition." *Id.* A district court's "action and any explanation of its views" will likely "weigh heavily with the court of appeals." Fed. R. Civ. Pro. 23(f), Advisory Comm. Note, 1998 Am.

Plaintiffs misrepresent the law on this issue. In particular, they cite two unpublished district court decisions from 2006, and recite only a portion of the factors set forth in those decisions for deciding a stay motion. *See* Dkt. 210 at 4. In truth, there is a split of authority among district courts in the Ninth Circuit regarding the precise standards for deciding a motion to stay based on an interlocutory appeal, as here. *See Finder v. Leprino Foods Co.*, No. 1:13-cv-02059-AWI-BAM, 2017 WL 1355104 (E.D. Cal. Jan. 20, 2017) (discussing lines of authority). Some courts apply the standards for a stay of judgment pending appeal, as in the cases Plaintiffs cite. *See, e.g., Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282, 2015 WL 5103157, at *2 (E.D. Cal. Aug. 31, 2015).[1] Other courts apply the standards for staying an action pending the outcome of a separate judicial proceeding. *See, e.g., Smith v. Ceva Logistics U.S., Inc.*,

---

[1]Plaintiffs misstate even this standard. The injunction-like standard applicable to a stay of a court's order or judgment pending appeal requires the applicant to demonstrate a *probability* of irreparable harm before balancing the relative interests of the parties and the public. *Leiva-Perez v. Holder*, 640 F.3d 962, 965, 968-69 (9th Cir. 2011) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). The pre-2009 cases Plaintiffs rely upon to suggest that the mere *possibility* of irreparable harm may be sufficient to grant a stay no longer represent the law in the Ninth Circuit regarding stays issued under this standard. *Id.* at 965, 968-69.

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

C17-0077RSM

No. cv 09-4957, 2011 WL 13186146, at *2 (C.D. Cal. Sept. 28, 2011). In either case, however, the key issues remain the same. *See Finder*, 2017 WL 1355104, at *3 n.2 (noting test "roughly matches" under either set of standards). In particular, the Court must balance the relevant interests at stake by considering whether Plaintiffs have shown (1) they will suffer substantial harm without a stay; (2) their interlocutory appeal is likely to succeed; and (3) Defendants will not be prejudiced from the stay. *See Blair*, 181 F.3d at 835. If this showing has not been made, the stay should be denied. *See id.*

### III.    ARGUMENT

**A.    Plaintiffs Have Not Established Any Harm Absent a Stay**

Initially, Plaintiffs have not demonstrated any harm that would warrant a stay of these proceedings. They offer one paragraph with only conclusory statements that the "scope and strategy" of their case will be very different if they have to proceed without a class than it would be if a class were certified. Dkt. 210 at 9. They offer no concrete examples or factual support to show any impact on the litigation of their specific case, let alone affirmative harm. This is insufficient to meet their burden to establish that they will suffer substantial harm absent a stay.

In truth, Plaintiffs' attempted interlocutory appeal will have little to no impact on the litigation of this case. The parties' and the Court's actual practice reflects that Plaintiffs have already been afforded a full opportunity to obtain and offer broadly applicable evidence that is no different than would be allowed if a class were certified. Plaintiffs have sought information and documents related to years' worth of cleanups conducted by the City and WSDOT, regardless of whether Plaintiffs were present at the cleanup or not. *See* Declaration of Jennifer D. Williams in Support of Response to Plaintiffs' Motion to Stay Proceedings Pending Appeal (Williams Decl.), Exs. 1-5. And, the notion that this case is at a pivotal juncture regarding the direction of discovery is simply inaccurate; the City has produced over 65,000 documents (nearly 230,000 pages), and WSDOT has produced over 18,000 documents (over 34,000 pages) in

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

C17-0077RSM

response to Plaintiffs' discovery requests. Williams Decl., ¶¶ 8-9. Plaintiffs have also deposed multiple individuals from both entities, asking broad questions about clean-up procedures, generally, not circumstances limited to the four individual plaintiffs. Williams Decl., ¶ 11. They have also received access to WSDOT's facility previously used for storage and the City's facility currently in use. Williams Decl., ¶ 10. As demonstrated by their Motion for Preliminary Injunction, Plaintiffs have also obtained and been permitted to offer declarations from numerous individuals with little or no connection to the circumstances of the individually named Plaintiffs. Dkts. 94-123, 185-191.

Additionally, Plaintiffs seek only a forward-looking injunction and declaration aimed at changing the City and WSDOT's practices regarding homeless encampment cleanups on a system-wide basis. Dkt. 87 at 7 §§ 29 ("Plaintiffs also seek appropriate injunctive relief enjoining Defendants' use of sweeps until Defendants adopt and implement procedures that respect Plaintiffs' constitutional rights."), 49-52; Dkt. 93; Dkt. 93-1. As this Court recognized, this requested relief is based on "several notice, storage, and storage-retrieval practices Defendants allegedly engage in." Dkt. 209 at 10 (citing Dkts. 2 at ¶¶ 10-11 and 87 at ¶¶ 139-188). To the extent that they facially challenge the City and WSDOT's homeless encampment clean-up policies, the merits of their claims will be the same, regardless of whether a class is certified. *See, e.g.*, *Dionne v. Bouley*, 757 F.2d 1344, 1356 (1st Cir. 1985) ("[W]hen the same relief can be obtained without certifying a class, a court may be justified in concluding that class relief is not 'appropriate.' ") (quoting 3 B.J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.40[3], at 23–297 (2d ed. 1982)); *Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973) (noting "where relief sought is prohibitory, an action seeking declaratory or injunctive relief against state officials on the ground of unconstitutionality of a statute or administrative practice is the archetype of one where class action designation is largely a formality."). The Court's evaluation of whether Plaintiffs are likely to succeed on the merits has not been limited to evidence specific

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

C17-0077RSM

to the four Plaintiffs thus far, and there is no reason to believe its final determination of the merits will be any different, given the broad relief they seek. Dkt. 209.

**B.     Plaintiffs Are Unlikely To Obtain Interlocutory Review or Reversal of This Court's Class Certification Decision**

Beyond failing to establish harm, Plaintiffs have also failed to show that their attempted appeal is likely to be successful. Since Plaintiffs are seeking interlocutory review, in order to show a likelihood of success on their appeal, they must show that the Ninth Circuit is likely to depart from the normal course, grant interlocutory review of this Court's class certification decision, and then reverse the decision. The Ninth Circuit grants Rule 23(f) petitions for discretionary review of class certification decisions "sparingly," because class certification decisions "present familiar and almost routine issues that are no more worthy of immediate appeal than many other interlocutory rulings." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). For this reason, Rule 23(f) review generally is limited to three circumstances: (1) when the certification decision is questionable and represents a "death knell" of the litigation for the party seeking interlocutory review; (2) when the decision presents an unsettled question of law related to class actions likely to evade review; or (3) when the decision is manifestly erroneous. *Id.*

Here, Plaintiffs are unlikely to obtain interlocutory review, much less succeed on appeal, for numerous reasons that Defendants will explain in detail to the Ninth Circuit. First, Plaintiffs have not suggested that denial of class certification is a death knell of the litigation, nor identified any issue that is likely to evade review in the normal course. Second, Plaintiffs failed to raise before this Court their primary argument for interlocutory review—that the "significant proof" standard from *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) does not apply to this case. That argument has been waived. Third, the argument is also meritless, given the Supreme Court's reasoning in *Wal-Mart* and the subsequent authorities applying the "significant proof" standard

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

C17-0077RSM

whenever alleged policies and practices have been challenged, as here.[2] Fourth, Plaintiffs misinterpret the Ninth Circuit's decision in *Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014), which did not address the applicable standard, but instead upheld a district court's decision because it reflected an appropriate exercise of discretion regardless of the standard that applied. 754 F.3d at 675 n.16, 684 & n.29. The same is true here, given that Plaintiffs' evidence simply did not support their "conclusory" allegations. Dkt. 209 at 10.

Plaintiffs' various other disagreements with this Court's order are insignificant and groundless, and provide no basis for an interlocutory appeal. The Court rightly rejected Plaintiffs' facial challenges to the City and WSDOT's policies, and thus, those policies did not support class certification. Because Plaintiffs' evidence lacked context, it did nothing to show the existence of the alleged practices Plaintiffs seek to litigate on a class-wide basis. The cases Plaintiffs cited are distinguishable from this one, especially given the significant deficiencies in their evidence that this Court specified. Likewise, the Court's concerns regarding typicality and adequacy of representation were valid, and formed only part of the basis for this Court's findings that each element was lacking. In sum, the Court's decision was well-reasoned, legally valid, and is unlikely to be reviewed on an interlocutory basis, much less reversed.

## C.    A Stay Would Unduly Prejudice the Defendants

Finally, even if Plaintiffs could show harm *and* a likelihood of success on appeal, the Court still must consider how a stay would affect the opposing parties. Here, Defendants will be unfairly prejudiced by a stay of proceedings and the resulting delay in resolving this lawsuit.

This case is ripe for final resolution. The parties have already engaged in broad and extensive discovery regarding the City and WSDOT's homeless encampment cleanup practices.

---

[2] *See, e.g.*, *Parker v. Bank of Am., N.A.*, 99 F. Supp. 3d 69, 81 (D.D.C. 2015); *Holmes v. Godinez*, 311 F.R.D. 177, 217 (N.D. Ill. 2015); *Amador v. Baca*, 299 F.R.D. 618, 624 (C.D. Cal. 2014); *Thomasson v. GC Servs. Ltd. P'ship*, 539 Fed. App'x 809, 810 (9th Cir. 2013) (unpublished); *see also Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 497-98 (7th Cir. 2012); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 619 n.7 (8th Cir. 2011); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011); *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346, 356 (E.D.N.Y. 2011), *rev'd on other grounds*, 773 F.3d 394 (2d Cir. 2014).

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

C17-0077RSM

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

*See* Williams Decl. As noted above, Plaintiffs have sought and received over 260,000 pages of documents and had free reign to take the depositions of multiple City and WSDOT witnesses. Williams Decl., ¶¶ 8-9. Plaintiffs have not requested any new discovery from Defendants for several months. Williams Decl., ¶ 7, Ex. 5. The parties have also briefed the merits of Plaintiffs' claims multiple times. Dkts. 23, 38, 42, 50, 93, 162, 171, 185, 203, 207. Defendants intend to seek summary judgment promptly because it is apparent after two rounds of briefing on whether Plaintiffs are likely to succeed on the merits that Plaintiffs' claims are meritless. The Court's orders on Plaintiffs Motions for Temporary Restraining Order and Preliminary Injunction, while not dispositive of Plaintiffs' claims, support the ultimate dismissal of those claims. Dkts. 65, 209.[3]

      Staying the case while Plaintiffs' appeal of the class certification decision is pending could delay the case by several months or longer, while having no relevance to the Court's determination of whether Plaintiffs' claims should be dismissed as a matter of law under Rule 56. Plaintiffs are seeking a forward-looking declaration and injunction to make systematic changes to the City and WSDOT's homeless encampment cleanup policies and practices, and the merits of their claims are the same regardless of whether a class is certified. Rather than staying this case, the Court should allow this case to proceed so that Defendants may file their Motion for Summary Judgment and Dismissal. Ruling on the merits of Plaintiffs' claims now could resolve the case as a whole, saving both parties and this Court from unnecessary time and expense of litigating issues that do not need to be resolved in order to determine whether Plaintiffs' claims fail. *See, e.g.*, *Corbin v. Time Warner Entm't-Adv./Newhouse P'ship*, 821 F.3d 1069, 1084-85 (9th Cir. 2016) ("[T]he district court need not inquire as to whether [a] meritless claim should form the basis of a class action."). This would also allow for a single post-judgment appeal.

---

[3] Additionally, as earlier briefed to the Court, WSDOT is not a proper defendant to Plaintiffs' lawsuit because it is not a "person" subject to 42 U.S.C. § 1983, and it also has Eleventh Amendment sovereign immunity as to Plaintiffs' claims. Dkt. 207. Any future dispositive motion will include these bases among the grounds for dismissing this lawsuit.

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

C17-0077RSM

In sum, staying this case pending appellate review of class certification will do nothing to save this Court or any of the parties' resources, particularly where Plaintiffs have already pursued this case on a broad and systematic level at great expense to the City and WSDOT, and seek only prospective equitable relief barring the City and WSDOT from performing cleanup activities. But staying this case will prejudice Defendants, who, after responding to multiple discovery requests and motions from Plaintiffs, should now be permitted to seek a fair and final determination of the merits of Plaintiffs' claims.

## IV.    CONCLUSION

Plaintiffs have not established any harm, are unlikely to obtain interlocutory review or reversal of this Court's class certification decision, and a stay would unduly prejudice the Defendants. For these reasons, Plaintiffs' Motion for Stay should be denied.

DATED this 9th day of November, 2017.

ROBERT W. FERGUSON
Attorney General

*/s/ Alicia O. Young*
ALICIA O. YOUNG, WSBA #35553
MATTHEW D. HUOT, WSBA #40606
Assistant Attorneys General
Attorneys for WSDOT Defendants


PACIFICA LAW GROUP LLP

*/s/ Matthew L. Segal*
MATTHEW J. SEGAL, WSBA #29797
GREGORY J WONG, WSBA #39329
TAKI V. FLEVARIS, WSBA #42555
Attorneys at Law
SEATTLE CITY ATTORNEY'S OFFICE
GREGORY NARVER, WSBA #18127
PATRICK DOWNS, WSBA #25276
CARLTON SEU, WSBA #26830
GARY SMITH, WSBA #29718
Attorneys at Law
Attorneys for Defendant City of Seattle

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

C17-0077RSM

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

<u>**DECLARATION OF SERVICE**</u>

I hereby certify that on November 9, 2017, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Emily Chiang
Lisa Nowlin
Nancy Talner
Breanne Schuster
American Civil Liberties Union of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, WA  98164
EChiang@aclu-wa.org
LNowlin@aclu-wa.org
NTalner@aclu-wa.org
BSchuster@aclu-wa.org
KMcRuer@aclu-wa.org
*Attorneys for Plaintiffs*

Eric A. Lindberg
Blake E. Marks-Dias
Todd T. Williams
Corr Cronin Michelson Baumgardner Fogg & Moore LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA  98154-1051
ELindberg@corrcronin.com
BMarksDias@corrcronin.com
TWilliams@corrcronin.com
LBeers@corrcronin.com
TLapke@corrcronin.com
*Attorney for Plaintiffs*

Taki V. Flevaris
Matthew J. Segal
Gregory J. Wong
Pacifica Law Group LLP
1191 2nd Avenue, Suite 2000
Seattle, WA  98101
Taki.Flevaris@pacificalawgroup.com
Matthew.Segal@pacificalawgroup.com
Greg.Wong@pacificalawgroup.com
Dawn.Taylor@pacificalawgroup.com
Katie.Dillon@pacificalawgroup.com
Athan.Papailiou@pacificalawgroup.com
Tricia.Okonek@pacificalawgroup.com
*Attorneys for Defendant City of Seattle*

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

C17-0077RSM

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Patrick Downs
Andrew Thomas Myerberg
Gregory C. Narver
Carlton W.M. Seu
Gary T. Smith
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA  98104
Patrick.Downs@seattle.gov
Andrew.Myerberg@seattle.gov
Gregory.Narver@seattle.gov
Carlton.Seu@seattle.gov
Gary.Smith@seattle.gov
Erica.Redding@seattle.gov
*Attorneys for Defendant City of Seattle*

Craig G. Falls
Dechert LLP
1900 K Street NW
Washington DC  20006
Craig.Falls@dechert.com
*Attorney for National Law Center on Homelessness and Poverty*

John D. Biancamano
1095 Avenue of Americas
New York, NY  10036
John.Biancamano@dechert.com
*Attorney for National Law Center on Homelessness and Poverty*

Tristia Bauman
National Law Center on Homelessness and Poverty
2000 M Street NW, Suite 210
Washington DC  20036
TBauman@nlchp.org
*Attorney for National Law Center on Homelessness and Poverty*

DATED this 9th day of November, 2017, at Tumwater, Washington.


                    */s/ Alicia O. Young*
                    ALICIA O. YOUNG
                    Assistant Attorney General

---

DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION TO STAY
PROCEEDINGS PENDING APPEAL

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

C17-0077RSM