UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA HOOPER, *et al.*,

Plaintiffs,

v.

CITY OF SEATTLE, *et al.*,

Defendants.

Case No. C17-77 RSM

ORDER GRANTING PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING APPEAL

This matter is before the Court on Plaintiffs' Motion to Stay Proceedings Pending Appeal. Dkt. #210. On October 4, 2017, the Court denied Plaintiffs' Motion for Class Certification. *See* Dkt. #209. Soon afterward, Plaintiffs petitioned the Ninth Circuit for permission to appeal this denial. *See* Dkt. #212. Plaintiffs now ask the Court to stay the proceedings in this matter until the Ninth Circuit either denies Plaintiffs' Rule 23(f) petition, or, if Plaintiffs' petition is accepted, following the Ninth Circuit's disposition of Plaintiffs' appeal. Dkt. #210 at 11. Defendants oppose Plaintiffs' motion, arguing that Plaintiffs fail to demonstrate a stay is warranted. Dkt. #217. For the reasons discussed herein, the Court agrees with Plaintiffs and GRANTS their motion.

"Rule 23(f) petitions do not automatically stay district court proceedings—only the district court can grant a stay . . . and it has discretion whether or not to do so." *Lambert v.*

ORDER GRANTING PLAINTIFFS' MOTION TO STAY - 1

*Nutraceutical Corp.*, 870 F.3d 1170, 1180 (9th Cir. 2017).[1] When a stay is proposed, district courts must weigh the competing interests affected by the grant or refusal of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The competing interests considered in this analysis include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. Additionally, if there is "even a fair possibility" that a stay will "work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

A stay of the proceedings is warranted. The Court is convinced that while the scope and strategy of Plaintiffs' case may be affected by resolution of their Rule 23(f) petition, Defendants will not be harmed if the Court grants a stay. In fact, although Defendants may have to wait to file dispositive motions, Defendants will not incur additional litigation costs pending resolution of Plaintiffs' petition, and Defendants can continue enforcing their encampment cleanup policies without interruption. On the other hand, requiring Plaintiffs to move forward will affect their as-applied, constitutional challenges to Defendants' policies, as they will be limited to seeking and using discovery material specific to the named, individual Plaintiffs. That Defendants have

---

[1] The parties disagree on the standard the Court should apply to decide if a stay is warranted. *Compare* Dkt. #210 at 3–4, *with* Dkt. #217 at 3–4. Upon review of the relevant case law, the Court finds that the factors set out in *Landis v. North American Co.*, 299 U.S. 248 (1936), are the proper factors to consider in deciding whether a stay is warranted here. *See Finder v. Leprino Foods Co.*, Case No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *1–3 (E.D. Cal. Jan. 20, 2017) (noting that some district courts within the Ninth Circuit do not apply an "injunction-type standard" when parties seek stay of an action pending interlocutory appeal and applying *Landis* factors to determine if a stay pending an interlocutory appeal is warranted).

ORDER GRANTING PLAINTIFFS' MOTION TO STAY - 2

offered "broadly applicable evidence that is no different than would be allowed if a class were certified," is thus inapposite and does not support the denial of a stay. *See* Dkt. #217 at 4. The Court is also convinced that a stay promotes the "orderly course of justice" and judicial efficiency as the parties will not have to engage in discovery efforts which may later have to be recalibrated, nor will the Court and the parties have to duplicate their efforts if the Ninth Circuit allows Plaintiffs to proceed as a class. For these reasons, the Court agrees with Plaintiffs and GRANTS their Motion to Stay (Dkt. #210). Plaintiffs must promptly notify the Court if their Rule 23(f) petition is granted or denied.

DATED this 20th day of December 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION TO STAY - 3