**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAYLA WILLIS; REAVY WASHINGTON; LISA HOOPER; BRANDIE OSBORNE, individually and on behalf of a class of similarly situated individuals; THE EPISCOPAL DIOCESE OF OLYMPIA; TRINITY PARISH OF SEATTLE; REAL CHANGE, *Plaintiffs-Appellants*, | No. 18-35053<br><br>D.C. No.<br>2:17-cv-00077-RSM<br><br><br>OPINION |
| v. | |
| CITY OF SEATTLE; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; ROGAR MILLAR, Secretary of Transportation for WSDOT, in his official capacity, *Defendants-Appellees.* | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted February 4, 2019
Seattle, Washington

Filed November 29, 2019

2           WILLIS V. CITY OF SEATTLE

Before:  Sandra S. Ikuta and Morgan Christen, Circuit Judges, and Jennifer Choe-Groves,[*] Judge.

Opinion by Judge Choe-Groves;
Partial Concurrence and Partial Dissent by Judge Christen

---

## SUMMARY[**]

### Civil Rights

The panel affirmed the district court's denial of class certification in an action challenging the procedures by which the City of Seattle and the Washington State Department of Transportation remove unauthorized encampments, camping equipment, and personal property left on city-owned property.

Appellants asserted in their motion for class certification that the City and the Department of Transportation engaged in an alleged policy and practice of "sweeps" that destroyed property, violating the unreasonable seizure and due process clauses under both the U.S. Constitution and the Washington State Constitution.

The panel held that Appellants failed to proffer sufficient evidence and articulate a practice that was common to the

---

[*] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

claims of the proposed class in their motion for class certification. The panel concluded that it was not an abuse of discretion for the district court to hold that an alleged practice affecting each of the Appellants was not discernable from the record and to deny Appellants' class action certification accordingly. The panel disagreed with the dissent's assertion that Appellants' motion for class certification raised a facial challenge to defendants' policies as a basis for establishing commonality for purposes of Fed. R. Civ. P. 23(a).

Concurring in part and dissenting in part, Judge Christen agreed, under the circumstances of this case, that plaintiffs failed to show that their as-applied claims posed common questions for purposes of Fed. R. Civ. P. 23(a). Judge Christen stated, however, that plaintiffs also presented distinct facial challenges to defendants' camp cleanup policies and the order denying class certification did not address these policies. Because the order denying class certification made no mention of plaintiffs' facial claims, Judge Christen would remand for the district court to consider this issue in the first instance.

## COUNSEL

Toby J. Marshall (argued), Terrell Marshall Law Group PLLC, Seattle, Washington; Emily Chiang, Nancy Talner, and Breanne Schuster, ACLU of Washington Foundation, Seattle, Washington; Eric A. Lindberg, Kristina Markosova, and Todd T. Williams, Corr Cronin Michelson Baumgardner Fogg & Moore, Seattle, Washington; for Plaintiffs-Appellants.

Matthew J. Segal (argued), Taki V. Flevaris, and Athanasios P. Papailiou, Pacific Law Group LLP, Seattle, Washington; Patrick Downs, Gregory Narver, Carlton Seu, and Gary Smith, Seattle City Attorney's Office, Seattle, Washington; for Defendant-Appellee City of Seattle.

Alicia O. Young (argued) and Matthew D. Huot, Assistant Attorneys General; Robert W. Ferguson, Attorney General; Office of the Attorney General, Olympia, Washington; for Defendants-Appellees Washington State Department of Transportation and Rogar Millar.

J. Dino Vasquez and Joshua Howard, Karr Tuttle Campbell, Seattle, Washington; Eric Tars, National Law Center on Homelessness & Poverty, Washington, D.C.; for Amici Curiae Disability Rights of Washington, et al.

Shenoa Payne and Zachariah Allen, Richardson Wright LLP, Portland, Oregon, for Amici Curiae Civil Procedure Professors.

**OPINION**

CHOE-GROVES, Judge:

Multi-Departmental Administrative Rules 08-01 ("MDAR 08-01"), enacted by the City of Seattle in 2008, establish, in part, standard procedures for the removal of unauthorized encampments, camping equipment, and personal property left on city-owned property. The City of Seattle amended its encampment rules in 2017 by promulgating Multi-Departmental Administrative Rules 17-01 ("MDAR 17-01"). The Washington State Department of Transportation ("WSDOT") has adopted guidelines instituting similar removal procedures for unauthorized encampments on state property, titled "WSDOT's Guidelines to Address Illegal Encampments within State Right of Way" ("WSDOT Guidelines"). Kayla Willis, Lisa Hooper, Brandie Osborne, and Reavy Washington (collectively, "Appellants") are four individuals who live outside on public property and seek to represent a class of approximately 2,000 other people similarly situated. They appeal the district court's order denying a motion for class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Referencing the MDARs and the WSDOT Guidelines (collectively, "Defendants' written policies"), Appellants asserted in their motion for class certification that the City of Seattle and WSDOT engaged in an alleged policy and practice of "sweeps" that destroyed property, violating the unreasonable seizure and due process clauses under both the U.S. Constitution and the Washington State Constitution. By bringing this action on behalf of themselves and all others similarly situated, Appellants sought declaratory and injunctive relief from the "sweeps." The district court found

that Appellants satisfied the numerosity requirement of Rule 23, but concluded that Appellants failed to establish sufficiently the existence of a practice that applied uniformly to all proposed class members and was subject to resolution in a single action.  The district court denied the motion for class certification for failure to satisfy all the requirements of Rule 23(a).

We have jurisdiction pursuant to 28 U.S.C. § 1292(e) and Rule 23(f) of the Federal Rules of Civil Procedure, and review a district court's order on class certification for an abuse of discretion.  *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008) (citing *Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003)).

To receive class action treatment, the proposed lead plaintiffs must meet the four requirements of Rule 23(a) and at least one requirement of Rule 23(b).  Under Rule 23(a), a party must show: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  To meet the second prong, commonality, a party must demonstrate that they and the proposed class members have suffered the same injury and have claims that depend on a common contention capable of class-wide resolution.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011).  Capable of class-wide resolution "means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 350.  The commonality element may be fulfilled if the court can determine "in one stroke" whether a single policy or practice

which the proposed class members are all subject to "expose them to a substantial risk of harm." *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014). "These policies and practices are the 'glue' that holds together the putative class . . . either each of the policies and practices is unlawful as to every [proposed member] or it is not." *Id.* Allegations of individual instances of mistreatment, without sufficient evidence, do not constitute a systemic deficiency or overarching policy of wrongdoing. *See id.* at 683–84 & n.28 (stating that "precedent does not hold that utterly threadbare allegations that a group is exposed to illegal policies and practices are enough to confer commonality," and concluding that inmates provided "sufficient evidence of systemic and centralized policies or practices in a prison system that allegedly expose all inmates in that system to a substantial risk of serious future harm" to meet the requirements of Rule 23(a)).

Here, Appellants failed to proffer sufficient evidence and articulate a practice that was common to the claims of the proposed class in their motion for class certification. Appellants presented five bases for commonality before the district court in their motion, and each basis relates to whether Defendants' course of conduct, such as failing to provide adequate notice and removing or destroying personal property, raises a common question. Although the record contains voluminous declarations, photographs, and videos in support of a broad description of "sweeps," Appellants notably do not point to a specific practice that applies uniformly to all proposed class members. Despite the broad allegations in their complaint, there is no evidence that every Appellant has experienced the same challenged practice or suffered the same injury due to the implementation of the MDARs or the WSDOT Guidelines. In fact, Appellants

themselves acknowledged that "each sweep is different." We conclude that it was not an abuse of discretion for the district court to hold that an alleged practice affecting each of the Appellants was not discernable from the record and to deny Appellants' class action certification accordingly.

We cannot agree with our dissenting colleague that Appellants' motion for class certification raises a facial challenge to the MDARs or the WSDOT Guidelines as a basis for establishing commonality for purposes of Rule 23(a). "A facial challenge is an attack on a law itself as opposed to a particular application." *City of Los Angeles v. Patel*, ___U.S. ___, ___, 135 S. Ct. 2443, 2449 (2015). Such challenges are considered the most difficult to mount successfully. *See id.* A facial challenge is a claim that a law or policy is unconstitutional in all of its applications. *See id.* at 2451. When assessing whether a law or policy meets this standard in the context of a Fourth Amendment challenge, a court considers only those applications of the law in which it actually authorizes conduct. *See id.*

Appellants articulated only the following five questions of fact and law in support of their commonality argument in their motion for class certification:

> (1) whether Defendants have a practice and policy of seizing and destroying the personal property of people living outside without a warrant, probable cause, adequate notice, an opportunity to have a meaningful pre- or post-deprivation hearing, or an opportunity to retrieve vital personal property before its seizure or destruction; (2) whether Defendants' policy and practice violates

Plaintiffs' constitutional rights against unreasonable search and seizures under the U.S. Constitution; ([3]) whether Defendants' custom, policy, or practice violates class members' right to privacy under Article I, Section 7 of the Washington State Constitution; and ([4]) whether Defendants' custom, policy, or practice violates class members' constitutional rights to due process under the U.S. Constitution; and ([5]) whether Defendants' custom, policy, or practice violates class members' constitutional rights to due process under Article I, Section 3 of the Washington State Constitution.

None of these five questions of fact or law challenges a written law or policy as unconstitutional. The "practice and policy" to which these questions allude is Defendants' alleged pattern of destroying personal property "with utter disregard of even their own regulations."[1] Appellants have not suggested that an attack on the regulations themselves supplies a common question of fact or law.

In making their commonality argument, Appellants also did not claim that Defendants' policies are unconstitutional in

---

[1] In their motion for class certification, Appellants claimed that "Defendants have conducted these sweeps sporadically, unpredictably, and with utter disregard of even their own regulations . . . . Defendants have failed to follow any consistent procedure . . . . Rather, Defendants frequently intentionally and summarily seize and/or destroy personal property and possessions within a targeted area, without a warrant or probable cause, without providing adequate and effective notice, without affording an opportunity to be heard, and without providing a meaningful opportunity for people to retrieve their belongings."

all relevant applications, which is required for a facial challenge. *See Patel*, ___ U.S. at ___, 135 S. Ct. at 2451. On the contrary, Appellants acknowledge that Defendants' allegedly unconstitutional "pattern or practice is a *usual* course of conduct, and the fact that Defendants may have occasionally deviated from that course does not defeat certification."

Appellants themselves have dismissed the relevance of a facial challenge as a basis for commonality, stating that "[t]he City's argument that Plaintiffs have not facially challenged Defendants' policies or practices is irrelevant to class certification because Plaintiffs have shown that Defendants' conduct places all unhoused persons in Seattle at risk."

Because Appellants' commonality argument before the district court rested upon extra-regulatory conduct, we decline to read Appellants' argument as premised upon a facial challenge. We also decline to rewrite Appellants' commonality argument for them to include a facial challenge. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1115 (9th Cir. 2017) ("The party seeking class certification bears the burden of demonstrating that the class meets the requirements of Federal Rule of Civil Procedure 23."). Doing so would run contrary to the fundamental principle that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. *See Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008).

The dissent cobbles together statements from the "Factual Background" section of Appellants' motion for class

certification to argue that Appellants adequately presented a facial challenge to the MDAR and WSDOT Guidelines as a basis for establishing commonality. We disagree. Appellants mention in passing in their motion that sweeps were conducted "pursuant to official policies," and later that the policies "fail on their face to provide requisite procedural safeguards." The Appellants' Second Amended Complaint also makes general and conclusory statements about the Guidelines' deficiencies, without arguing that a single policy would be unconstitutional in all its applications.[2] But when Appellants actually provide their argument to the district court regarding why class members share common questions of law and fact, Appellants do not explain how any alleged facial deficiencies in the Guidelines raise such common questions, or how any such deficiencies caused class members to suffer the "same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Because it was not presented with a distinct argument regarding how facial deficiencies in the Guidelines raise questions of law or fact common to the class, the district court did not err in declining to rule on this issue when deciding the motion for class certification. Instead, it properly addressed arguments relating to facial challenges only when ruling on the Appellants' motion for preliminary injunction, where such facial challenges were raised.

Even if the isolated statements that the dissent has plucked from the Appellants' motion had been argued in the motion as a basis for commonality, Appellants' claim would

---

[2] The dissent claims that the Appellants argue that "the policy allowing the destruction of property valued at less than $100 cannot be carried out in a constitutional manner." No such cognizable argument appears in the operative complaint.

not present a cognizable facial challenge. Appellants' arguments primarily focus on how the Guidelines give employees too much discretion, rather than identify how any alleged deficiency resulted in a common injury to the constitutional or statutory rights of all class members. Under *Dukes*, such challenges do not "provide the commonality needed for a class action." *Id.* at 355.

Based upon Appellants' failure to proffer sufficient evidence of a practice that was common to the claims of the proposed class members or lodge a facial challenge in satisfaction of the Rule 23(a) commonality requirement, we readily conclude that the district court's refusal to grant class certification was not an abuse of discretion.

**AFFIRMED.**

CHRISTEN, Circuit Judge, concurring in part and dissenting in part:

Under the circumstances of this case, I agree that plaintiffs failed to show their as-applied claims pose common questions for purposes of Fed. R. Civ. P. 23(a), but plaintiffs also presented distinct facial challenges to defendants' camp cleanup policies and the order denying class certification did not address them. My colleagues respond to plaintiffs' facial challenges in two ways. First, they decide plaintiffs failed to present any. Then, they pivot and acknowledge plaintiffs raised facial arguments but decide that the district court was not required to rule on them. Because the record plainly shows that plaintiffs brought facial challenges, and because

I know of no authority allowing the claims to be overlooked, I respectfully dissent.

* * *

Plaintiffs filed a motion for class certification and a motion for preliminary injunction. Plaintiffs based both motions on the allegations found in the Second Amended Complaint. The motions were argued simultaneously and the district court issued one order. The transcript of the hearing, as well as the district court's order, confirm that the court recognized plaintiffs presented facial challenges.

The written order denying plaintiffs' motions discussed and summarized plaintiffs' facial constitutional claims:

> Plaintiffs contend they are likely to succeed on the merits of their Fourth and Fourteenth Amendment claims for two reasons. Plaintiffs first argue the City's Updated Encampment Rules *are unconstitutional on their face*. To support this argument, Plaintiffs contend the Updated Encampment Rules' definitions of "personal property," and "hazardous items," violate the Fourth Amendment. Plaintiffs also contend the Updated Encampment Rules *are facially unconstitutional* under the Fourteenth Amendment because their definitions of "obstruction," "immediate hazard," and the creation of "emphasis areas," essentially do away with pre-seizure notice and provide City personnel with too much discretion.

(emphasis added).  The district court inquired about these claims at the hearing on plaintiffs' motions.  The district court stated, "plaintiffs' concern is . . . based on the city's policies," correctly observed that "Plaintiffs are basically raising an official challenge to the MDARs," and asked the City why that claim was not "common to all the proposed class members here[.]"  Leaving no doubt that facial challenges were on the table, the City conceded "a facial challenge would be common[,]" but urged the district court to deny plaintiffs' motion for class certification because there was "really essentially no merit to the facial challenge" plaintiffs asserted.  The City was right to concede the existence of the facial claims, but it badly missed the mark when it conflated the merits of the facial claims with whether the claims presented a common question.  Whether a facial challenge is meritorious is the *answer* to a common question; it is not a reason to deny class certification.  *See Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.").

A cursory review of plaintiffs' motion for class certification shows that they did indeed articulate distinct facial challenges to defendants' cleanup policies.  Plaintiffs argued that the City's "official policies *fail on their face* to provide requisite procedural safeguards to ensure that the rights of people living outside are not violated when a sweep is conducted[,]" and "Defendants' policies *contemplate on their face* arbitrary enforcement and unbridled employee discretion, and lack meaningful oversight and enforcement mechanisms." (emphasis added).  The majority initially asserts that plaintiffs did not raise a facial challenge at all.

Majority Opinion at 8 ("We cannot agree . . . that Appellants' motion for class certification raises a facial challenge . . . .").**[1]**

After denying that plaintiffs raised facial challenges, the majority retreats, acknowledges that plaintiffs did raise such claims, but decides the court was not obliged to rule on them. The majority contends that plaintiffs' facial arguments were made in the wrong section of plaintiffs' motions, or were made only in passing. Majority Opinion at 10–11. The salient point is that the district court correctly recognized that plaintiffs raised facial challenges in the operative complaint and in connection with their motion for class certification. Despite the majority's attempts to wave these arguments away, I know of no rule permitting them to be brushed aside without a ruling.

The majority cites *City of Los Angeles v. Patel*, 135 S. Ct. 2443 (2015), and concludes that plaintiffs must not have raised facial challenges because they "did not claim Defendants' policies are unconstitutional in all relevant applications, [as] required for a facial challenge." Majority Opinion at 9–10. But the complaint alleged precisely that. Specifically, plaintiffs alleged "*[e]ven if Defendants' sweeps were conducted fully in accordance with both the MDAR and the WSDOT Guidelines, they would still be unconstitutional*." (emphasis added). There is no way to read this allegation as anything other than a contention that defendants' policies are unconstitutional no matter how they are applied. In the

---

**[1]** The majority also argues that "[n]one of the[] five questions of fact or law [presented by plaintiffs] challenges a written law or policy as unconstitutional." Majority Opinion at 8–9. This is puzzling, as the majority makes this assertion after enumerating several practices, policies, and customs challenged by plaintiffs as unconstitutional.

language of *Patel*, this was an unambiguous assertion that defendants' policies are unconstitutional "in all of [their] applications." *Patel*, 135 S. Ct. at 2451 (quotation marks omitted).  Plaintiffs were not required to incant magic words, and the pleading undoubtedly gave defendants fair notice of plaintiffs' facial claims.

Plaintiffs' facial challenges were not afterthoughts raised for the first time in their motions for class certification or preliminary injunction; they were included in the operative complaint.  *See Updike v. Multnomah Cty.*, 870 F.3d 939, 952 (9th Cir. 2017) (observing that Fed. R. Civ. P.  8(a)(2) requires only that "allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (internal quotation marks omitted)).  Plaintiffs' Second Amended Complaint includes the allegation that defendants' policy allowing the destruction of property valued at less than $100 cannot be carried out in a constitutional manner—i.e., the policy is unconstitutional in all relevant applications.  *See* Brief of Civil Procedure Professors as *Amici Curiae* In Support of Plaintiffs-Appellants, at 7 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976), and observing "due process challenges to government policies . . . lend themselves to class certification because they often raise generic questions about how system-wide procedures impact a group of people who depend on those procedures for relief").  Plaintiffs' due process argument is certainly colorable.  Whether plaintiffs could ultimately prevail is beside the point.  Rule 23(a)'s commonality inquiry is concerned with whether the facial validity of the policy raises a common question that can be resolved in one stroke, and this one plainly can.

The majority contends that "[n]o such cognizable argument [concerning the $100 policy] appears in the operative complaint."    Majority Opinion at 11 n.2. Unquestionably, it does.  In a section of the complaint entitled "Defendants' Official Policies Governing Sweeps are Unconstitutional," the complaint identifies a laundry list of policies that plaintiffs contend violate due process even if "conducted fully in accordance with" defendants' official policies.    In a subsection entitled "Defendants' Official Policies Fail to Provide for Adequate and Effective Notice," the complaint describes how the notice requirements of the MDAR and WSDOT Guidelines were constitutionally deficient.   There, the complaint specifically identifies the policy allowing for the destruction of property valued at less than $100 as an exception to the guidelines' notice requirements that "on [its] face make[s] it impossible for people living outside to safely live and store their belongings without constant risk that everything will be taken from them with no notice."

The majority takes issue with plaintiffs' contention that defendants' policies grant too much discretion to employees tasked with clearing camps.   But it does not adequately explain why a facial challenge alleging that public officials have been given too much discretion cannot supply a common question for purposes of Rule 23(a).   *See* Brief of Civil Procedure Professors as *Amici Curiae* In Support of Plaintiffs-Appellants, at 9 (observing that plaintiffs contend defendants' policies are impermissibly vague and opining that this case "raises system-wide questions about the constitutionality of a government policy, [and] is precisely the kind of suit that will allow the court to answer . . . claims 'in one stroke'").  The majority relies on a flawed extension of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

Majority Opinion at 11–12.  In *Dukes*, the plaintiffs did not allege the corporate policy granted managers too much discretion; they alleged that store managers discriminated on the basis of sex.  564 U.S. at 343–45.  Their attempt to certify a class failed because there was no common issue regarding the managers' individual decisions.  *Id.* at 349–55.  Here, plaintiffs do not allege the discriminatory application of a discretionary policy; they allege—among other things—that defendants' official policy fails to satisfy due process *regardless of how it is applied*.  Plaintiffs' contentions were not so indistinct that they did not warrant consideration.

Rule 23 provides a "means of vindicating the rights of groups of people who individually would be without effective strength to bring their opponents into court at all."  Benjamin Kaplan, *A Prefatory Note*, 10 B.C. Indus. & Com. L. Rev. 497, 497 (1969).  It provides a critical procedural device for important cases like this one.  Among other allegations, plaintiffs argue their due process rights were violated by a written policy providing that seized property did not need to be stored if it was valued at less than $100.  Plaintiffs' as-applied challenges illustrated this policy's real world consequences, including examples in which putative class members were left without their identification or medication—including insulin.  It is not hard to imagine the Catch-22 nightmare of being denied life-sustaining benefits for failure to show proof of identification, and being unable to obtain replacement identification because all of one's worldly possessions were lost in a camp sweep.

In recent years, class action litigation has more often been initiated to vindicate large numbers of small-dollar consumer claims, but as the amici curiae civil procedure professors explain, courts have long recognized that facial constitutional

challenges present the archetypal common question for class certification.  *See* Brief of Civil Procedure Professors as *Amici Curiae* In Support of Plaintiffs-Appellants, at 7–9. Where a proposed class faces substantial harm caused by a governmental policy, Rule 23 can provide an effective vehicle for determining whether the policy, on its face, violates the federal Constitution.  Such facts present issues ripe for class action resolution because they can "resolve an issue that is central to the validity of each one of the claims in one stroke."  *See Dukes*, 564 U.S. at 350.

The district court concluded that plaintiffs were not likely to succeed on the merits of their facial challenges and denied plaintiffs' motions in an order that focused entirely on their failure to offer evidence of the common practices they challenged on an as-applied basis.  The court did not rule on the antecedent question posed by plaintiffs' motion to certify the proposed class: whether plaintiffs' facial claims presented common questions for Rule 23(a) purposes.  Because the order denying class certification made no mention of plaintiffs' facial claims, I would remand for the district court to consider this issue in the first instance.  *See Edwards v. First Am. Corp.*, 798 F.3d 1172, 1177 (9th Cir. 2015) (legal errors in class certification orders are "per se" abuses of discretion).