HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA HOOPER, BRANDIE OSBORNE, KAYLA WILLIS, REAVY WASHINGTON, individually and on behalf of a class of similarly situated individuals; THE EPISCOPAL DIOCESE OF OLYMPIA; TRINITY PARISH OF SEATTLE; REAL CHANGE,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SEATTLE, WASHINGTON; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; ROGER MILLAR, Secretary of Transportation for WSDOT, in his official capacity,<br><br>　　　　　　　　　Defendants. | No. 2:17-cv-00077-RSM<br><br>CITY OF SEATTLE'S MOTION FOR CONVERSION OF PRELIMINARY INJUNCTION RULING INTO FINAL JUDGMENT ON THE MERITS<br><br>Hearing date: 3/27/2020<br>Without Oral Argument |

## I.　INTRODUCTION

The claims raised in this case are ripe for final adjudication. This Court previously ruled that Plaintiffs failed to justify class certification or injunctive relief regarding the encampment rules and practices of Defendant the City of Seattle (the "City" or "Seattle"). The Ninth Circuit affirmed the denial of class certification, meaning the claims in this case are limited to the named

SEATTLE'S MOTION FOR CONVERSION TO FINAL
JUDGMENT - 1

Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Plaintiffs before the Court. In granting Plaintiffs a stay pending interlocutory appeal on class certification, the Court also reasoned that further discovery, if any, would be limited to those specific Plaintiffs. On remand, Plaintiffs' counsel now report they are unable to reach some or all of the named Plaintiffs, and are planning to move for dismissal. In light of the robust record and thorough briefing that has already been developed, including as to the named Plaintiffs in particular; the detailed rulings this Court already made explaining that Plaintiffs were unlikely to prevail on the merits of their constitutional claims; the disclosure that at least some Plaintiffs are out of touch with counsel and Plaintiffs' expressed intent to seek dismissal; and the threat of duplicative litigation against the City—including the actual filing of another lawsuit by Plaintiffs' counsel in state court raising the same issues on behalf of three other unhoused persons—the Court should convert its preliminary injunction ruling into a final judgment on the merits. The City respectfully requests such relief to prevent circumvention of the Court's rulings, avoid undue prejudice, and bring this fully litigated case to a proper end.

## II.  PROCEDURAL HISTORY

**A.  Plaintiffs obtained expansive discovery but failed to corroborate their allegations of wrongdoing with evidence of any unlawful Seattle policies or practices.**

This Court has already addressed in detail the legal issues and factual record developed in this case. *See* Dkt. ## 65, 209, 221 (orders). Plaintiffs brought federal and state constitutional claims against Seattle for allegedly destroying personal property at unauthorized encampments. *See* Dkt. # 73 at 48-49. The suit was originally conceived as a "vehicle" for putting "pressure" on the City to take legislative and administrative action responsive to the broad demands of Plaintiffs and their counsel the American Civil Liberties Union ("ACLU"). *See* Dkt. 180-1, Ex. G. at 40:5-43:16 (explaining underlying thinking that "the higher the stakes, the more eager [the City will be]

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 2
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

to settle"); Ex. H at 1.  In response, the City has asserted a counterclaim for a declaration that its encampment policies and practices are lawful.  *See* Dkt. # 75 at 31-32.

On February 14, 2017, the Court denied Plaintiffs' motion for a temporary restraining order because the record indicated Seattle was implementing its encampment rules "consistent with the procedural protections built into them."  Dkt. # 65 at 14.  The City then responded to Plaintiffs' extensive discovery requests over the course of seven months, producing 65,000 documents in 21 productions comprising over 225,000 pages; providing staff members for detailed depositions; and facilitating a site visit of the City's storage facility.  *See* Dkt. # 218 at 2-3.

On October 4, 2017, the Court denied Plaintiffs' motions for class certification and a preliminary injunction, deeming Seattle's encampment rules facially valid and finding that Plaintiffs failed to establish any unlawful policies or practices.  *See* Dkt. # 209 at 9-16, 17-31.  The Court observed that Plaintiffs had all "acknowledged receipt of constitutionally adequate notice" but had failed "to act upon the notice given," and most refused to have their items stored by the City.  *Id.* at 13-14.  More broadly, the Court found that Plaintiffs had failed to establish any "pattern of unconstitutional conduct" and noted that it was "troubled" by counsel's misrepresentations of statistical data and other evidence obtained in discovery.  *See id.* at 29-30.

**B.     Plaintiffs sought and obtained a stay of proceedings to appeal class certification.**

Plaintiffs petitioned the Ninth Circuit Court of Appeals for interlocutory review of the Court's class certification ruling, but not its denial of injunctive relief.  *See* Dkt. # 210 at 1.  Plaintiffs then moved for a stay of proceedings before this Court pending appeal, which this Court granted on December 20, 2017.  *See* Dkt. # 221.  The Court expressly reasoned that a stay was warranted because the final resolution of class certification would determine whether or not Plaintiffs would "be limited to seeking and using discovery material specific to the named,

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 3
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

individual Plaintiffs." Dkt. # 221 at 2. Plaintiffs pursued their petition, and the Ninth Circuit granted review on January 23, 2018. *See* Dkt. # 222. The Ninth Circuit ultimately heard oral argument on February 4, 2019. *See* Decl. of Taki V. Flevaris in Supp. Mot. for Conversion ("Flevaris Decl.") at ¶ 2.

C. **Plaintiffs' counsel then filed an overlapping lawsuit in state court challenging the City's practices and seeking another round of expansive discovery.**

On October 1, 2019, while Plaintiffs' interlocutory appeal remained pending and these proceedings remained stayed, the ACLU, through some of the same attorneys representing Plaintiffs in this case, filed another lawsuit against Seattle in state court on behalf of three other unhoused persons and a hair salon. Flevaris Decl. at ¶ 3 & Ex. A at 4, 30 (Compl., *Kitcheon v. Seattle*, No. 19-2-25729-6 SEA (King Cnty. Super. Ct.)). That complaint asserts an identical core claim under Article I, Section 7 of the Washington Constitution over the disposition of property at encampments—as here—with added state law claims for cruel punishment and conversion. *See id.*, Ex. A at 27-29. The case seeks declaratory relief concerning the legality of Seattle's conduct related to unauthorized encampments. *Id.*

The same day counsel filed the *Kitcheon* complaint, they served another set of broad discovery requests on the City. *See* Flevaris Decl. at ¶ 4 & Ex. B. These requests covered mostly the same issues as in this case, seeking any and all documents related to (1) the City's encampment policies and trainings, (2) the City's Navigation Team, (3) each and every encampment removal the City conducted over multiple prior years, and (4) any related communications, whether internally or with third parties. *See id.* (Requests 4-21, 25-32). The case remains pending. *Id.*

D. **The Ninth Circuit affirmed based on the failure to prove any unlawful conduct.**

On November 29, 2019, the Ninth Circuit affirmed this Court's class certification ruling. *See* Dkt. # 224. The Ninth Circuit held that Plaintiffs had "failed to proffer sufficient evidence"

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 4
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

of any Seattle practice that would justify class litigation or even to "articulate" such a practice. Dkt. # 224 at 7.

This Court's deputies eventually emailed all counsel on January 27, 2020, requesting a status report by January 31. *See* Flevaris Decl., Ex. C. Counsel jointly requested an additional two weeks to confer about next steps, which the Court allowed. *See id.*

**E.     Plaintiffs' counsel have been unable to contact their clients and plan to seek dismissal.**

On February 14, 2020, counsel jointly informed the Court of the respective positions of the parties. *See id.* Plaintiffs' counsel reported that they "have been attempting to contact the individual Plaintiffs but have not been able to reach all of them," requested "additional time" for this purpose, and indicated that "they will be moving to dismiss this case." *Id.* On the other hand, the City's stated position is that "the case is ready for final judgment" and that the Court's preliminary injunction ruling should be converted "into a final decision on the merits of the case." *Id.* The City now moves for such relief.

### III.     STANDARD OF REVIEW

A district court may convert its ruling on a preliminary injunction motion into a "final adjudication on the merits . . . so long as the procedures do not result in prejudice to either party." *Glacier Park Found'n v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981) (citing Fed. R. Civ. Pro. 65(a)(2)); *see also Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 (9th Cir. 1990) (noting ruling can be converted at any time if the parties have been afforded a "full opportunity to present their respective cases" (internal quotes omitted)). Such a conversion is the functional equivalent of granting summary judgment "on the basis of the factual record available at the preliminary injunction stage." *Air Line Pilots*, 898 F.2d at 1397 n.4. In such circumstances, final judgment is proper if the non-moving party has been given notice and an opportunity to object,

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 5
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

and the proper result is apparent from the record. *Id.* at 1397 & n.4; *see also, e.g.*, *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 458-59 (7th Cir. 1993) (affirming conversion after preliminary injunction proceedings where district court "acted reasonably in cutting to the chase").

## IV. ARGUMENT FOR CONVERSION

This Court should convert its preliminary injunction ruling into a final order granting summary judgment to the City on the merits of all claims in this case. Plaintiffs have been given notice of the instant motion. After extensive discovery, the record has been fully developed as to the Plaintiffs and their specific claims, and Plaintiffs are seemingly not planning to litigate this case any further. As reflected in the Court's prior ruling, contrary to the sweeping allegations in their complaint, the Plaintiffs admitted to receiving adequate notice to remove their belongings, have failed to establish any pattern of unlawful City conduct, and now plan to dismiss this case rather than attempt to raise any new evidence or issues that might justify further proceedings. In such circumstances, and especially given the Court's prior rulings, the significant resources the parties have already devoted to this litigation, and the threat of duplicative litigation—with another lawsuit already filed in different tribunal—Plaintiffs should not be allowed to simply discard this case through a summary, nondescript dismissal. Instead, the City respectfully requests that the Court convert its prior substantive rulings into a final judgment on the merits denying all Plaintiffs' claims and granting the City's counterclaim for declaratory relief.

**A.   Plaintiffs have been provided adequate notice of conversion and an opportunity to be heard.**

A preliminary injunction ruling may be converted into a final judgment on the merits once the adverse party has been given notice and a meaningful opportunity to object. *See Glacier Park*, 663 F.2d at 886; *Air Line*, 898 F.2d at 1397 & n.4. Here, Plaintiffs have been notified and provided an opportunity to object in accordance with the Court's summary judgment procedures. *See infra*,

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 6
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Cert. of Serv.; LCR 7(d)(3).  This is sufficient to allow conversion of the Court's prior ruling into a final decision on the merits.

**B.      The record has been adequately developed to support a substantive final decision on the merits of all claims.**

The factual record has been more than adequately developed in this case to support final judgment on the merits of all the Plaintiffs' claims and the City's counterclaim.  Leading up to the preliminary injunction hearing, the parties engaged in expansive discovery over a period of many months.  *See* Dkt. # 218 at 2-3.  The City produced over 225,000 pages of documentation and facilitated multiple depositions and a site visit.  *See id.*  The City in turn deposed each of the named Plaintiffs and one of their agents.  *See id.*  Plaintiffs do not intend to develop the record any further, nor could they justify delaying final judgment regardless.  *See* Flevaris Decl., Ex. C.

Although the named Plaintiffs initially leveled broad accusations against the City, the record has revealed they suffered no unlawful deprivations of property and cannot make out a valid claim for relief.  All the unhoused Plaintiffs admitted to receiving but disregarding notices, and conceded that they lost property in extenuating circumstances, such as accidentally leaving items behind as garbage and refusing storage.  *See* Dkt. # 132 at 8-11 (discussing deposition testimony).  Likewise, the organizational Plaintiffs have not suffered any property deprivation themselves, have no valid legal claims of their own, and are involved in large part to pressure the City.  *See* Dkt. # 171 at 13-14 (same).  In sum, the Plaintiffs have failed to establish any basis for their claims.

Based on the record that was developed from all the expansive discovery conducted in this case, including dozens of factual declarations, this Court properly denied Plaintiffs' request for injunctive relief.  *See* Dkt. # 209 at 16-34.  The Court found that Seattle's encampment policies are facially valid—a ruling not based on any disputed facts—and that Plaintiffs failed to produce evidence of any unlawful Seattle policy or practice, *see id.*, especially as applied to their own

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 7
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

circumstances given that they admitted receiving sufficient notice but failing to act and that most of them refused to accept storage of items with the City, *see id.* at 13-14. These rulings are sufficient to resolve this entire case, both to deny Plaintiffs' unsupported claims for relief and to grant the City's counterclaim for a declaratory judgment in its favor against the Plaintiffs. *See* Dkt. # 73 at 48-50; Dkt. # 75 at 31-33.

### C.     Plaintiffs should not be allowed to circumvent this Court's rulings through summary dismissal, which would prejudice the City.

Conversion of the Court's prior detailed order into a final judgment on the merits is warranted in this instance not only based on the developed record, and the detailed rulings the Court has already made, but also based on the equities presented.  In particular, conversion is warranted here given (1) the Court's prior rulings adverse to the Plaintiffs; (2) the significant resources that all parties and the Court have already expended litigating this suit; and (3) the public nature of the claims at issue and threat of duplicative litigation, which has already been realized. Each of these factors supports a substantive final decision on the merits through conversion here.

First, Plaintiffs appear to be abandoning this case only after receiving adverse rulings from this Court and the Ninth Circuit regarding the merits of their claims, or lack thereof.  When a plaintiff appears to be evading adverse rulings, a substantive final decision on the merits is warranted in lieu of summary dismissal. *See, e.g.*, *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988) (holding that refusal to grant voluntary dismissal was "reasonable" because magistrate judge had already issued adverse rulings); *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203-04 (N.D. Tex. 1988) (noting that "[o]utright dismissal should be refused" when "a plaintiff seeks to circumvent an expected adverse result").

Second, all parties and the Court have already expended significant resources litigating this case, including through wide-ranging briefing, multiple hearings, and by responding in great detail

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 8
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

to Plaintiffs' expansive discovery requests. *See* Dkt. # 218 at 2-3; # 209 at 29-30; ## 58, 196. This includes substantial cost to the City for responding to discovery, in addition to an untold drain on staff time, resources, and operations over a period of many months. *See* Flevaris Decl. at ¶ 6. At such a late stage, after the defendant has devoted significant resources to litigating the case, a substantive ruling on the merits of the litigated claims is appropriate rather than a summary dismissal. *See, e.g.*, *Davis v. Huskipower Outdoor Equipmt. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (noting plaintiffs may be precluded from abandoning case "after the defendant has exerted significant time and effort").

Third, the claims presented are public in nature and there is a significant threat of overlapping litigation in another tribunal—a threat that has already been realized—making a substantive final ruling especially important to the City, including with regard to its own declaratory judgment claim. When the claims at issue are inherently public or there is otherwise a threat of duplicative litigation, the defendant may be prejudiced absent a substantive final decision adjudicating the merits. *See, e.g.*, *Radiant*, 122 F.R.D. at 203-04 (noting that the "nature of a plaintiff's claims may be such that, if the defendant is not afforded the opportunity for vindication on the merits in this forum, it will incur legal prejudice . . . due to the public profile of the defendant" and "the potential for parallel litigation"). Here, the City is entitled to a substantive final ruling on the merits, with all the persuasive and preclusive weight such a ruling entails in future litigation. Given that Plaintiffs' counsel have already filed another lawsuit in a different court on substantially the same issues, this factor carries even greater weight here than it would otherwise.

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 9
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## V. CONCLUSION

The claims of Plaintiffs and the City should all be adjudicated through a substantive final decision on the merits. Based on the comprehensive record that has been developed, and the Court's detailed prior rulings, including with regard to the Plaintiffs in particular, the Court should now exercise its discretion to convert its prior preliminary injunction order into a final decision on the merits. This would prevent Plaintiffs from circumventing the Court's rulings and would provide the City with the vindication it deserves after significant time and expense defending this lawsuit on behalf of the public. For these reasons, the City respectfully requests that the Court grant the requested conversion and resolve this lawsuit through a final decision dismissing all of Plaintiffs' claims with prejudice and granting the City's counterclaim for a declaration that the City's encampment policies and practices are valid facially and as applied to the Plaintiffs.

DATED this 5th day of March, 2020.

        PACIFICA LAW GROUP LLP

        By    *s/ Matthew J. Segal*
              Matthew J. Segal, WSBA #29797
              Taki V. Flevaris, WSBA #42555

        SEATTLE CITY ATTORNEY'S OFFICE

            Gary Smith, WSBA #29718

        *Co-Counsel for Defendant City of Seattle*

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 10
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**CERTIFICATE OF SERVICE**

I hereby certify that on this 05th day of March, 2020, I electronically filed the foregoing document with the United States District Court ECF system, which will send notification of such filing to all counsel of record.

Dated this 05th day of March, 2020.

*s/ Thien Tran*
Thien Duc Tran

SEATTLE'S MOTION FOR CONVERSION TO FINAL JUDGMENT - 11
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750