1          THE HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                                AT SEATTLE

9  LISA HOOPER, BRANDIE OSBORNE,
   KAYLA WILLIS, REAVY WASHINGTON,         No. 2:17-cv-00077-RSM
10 individually and on behalf of a class of simi-
   larly situated individuals; THE EPISCOPAL
11 DIOCESE OF OLYMPIA; TRINITY PARISH       **PLAINTIFFS' MOTION TO DISMISS
   OF SEATTLE; REAL CHANGE,                 PLAINTIFFS' CLAIMS AND THE CITY
12                                          OF SEATTLE'S COUNTERCLAIM
                        Plaintiffs,         WITHOUT PREJUDICE[1] PURSUANT
13                                          TO FEDERAL RULE OF CIVIL
           v.                               PROCEDURE 41(a)(2)**
14
   CITY OF SEATTLE, WASHINGTON;             **NOTE ON MOTION CALENDAR:
15 WASHINGTON STATE DEPARTMENT OF           April 3, 2020**
   TRANSPORTATION; ROGER MILLAR,
16 SECRETARY OF TRANSPORTATION FOR
   WSDOT, in his official capacity,
17
                        Defendants.
18

19                      **I.      INTRODUCTION**

20        Plaintiffs seek dismissal of all of their claims and the City's counterclaim without

21 prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and this Court's discretionary

22

23 _____

24        [1] Counsel has been unable to reach some of the unhoused individual Plaintiffs, who
   are without regular addresses, phone numbers, and contact information, and are thus seeking
25 dismissal without prejudice.

MOTION TO DISMISS WITHOUT PREJUDICE – 1
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

authority under the Declaratory Judgment Act.  Dismissal of Plaintiffs' claims is appropriate under Rule 41(a)(2) because Defendants will not suffer "plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Dismissal of the City's counterclaim is likewise appropriate because a declaratory judgment in the City's favor would serve no "useful purpose."  Only the named Plaintiffs remain as subjects of the suit and they seek dismissal of their claims.  Moreover, the City's practices have changed in the years since limited evidence was last submitted to this Court regarding Defendants' conduct.  Any hypothetical adjudication of the City's counterclaim would require the submission of substantial new evidence at this belated point.  Further, exercising jurisdiction over the City's counterclaim would force this Court to make needless decisions of state law.  *See McGraw-Edison Co. v. Preformed Line Prod. Co.*, 362 F.2d 339, 343 (9th Cir. 1966).  The City remains free to conduct sweeps unfettered (as it has done since this lawsuit was filed), and there is no basis for issuing an abstract, blanket declaration approving the City's ever evolving and inconsistently applied policies and practices.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs in this action are four unhoused individuals, Lisa Hooper, Brandie Osborne, Kayla Willis, and Reavy Washington ("Individual Plaintiffs"), and three organizations, The Episcopal Diocese of Olympia, Trinity Parish of Seattle, and Real Change (together with Individual Plaintiffs, "Plaintiffs").  Plaintiffs' operative complaint alleges four causes of action against Defendants City of Seattle ("the City"), Washington State Department of Transportation ("WSDOT"), and Roger Millar, the Secretary of Transportation for WSDOT (collectively, "Defendants").  *See* Dkt. No. 87.  Specifically, Plaintiffs allege that Defendants' policy and practice of seizing and destroying the property of people who are living outside ("sweeping" or "sweeps") violates their right to be secure from unreasonable seizures under the Fourth Amendment to the U.S. Constitution; their right to privacy and protection from invasion

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

of their homes under Article I, Section 7 of the Washington State Constitution; and their right to due process of law under both the Fourteenth Amendment to the U.S. Constitution and Article I, Section 3 of the Washington State Constitution.  Dkt. No. 87.

In its answer to the amended complaint, the City asserted a vague but potentially far-reaching counterclaim for a declaratory judgment "that its clean-up policies and practices, including the prior and new MDARs,[2] are lawful and constitutional."  Dkt. No. 75; Dkt. No. 92.  The City's counterclaim made no attempt to specify which constitutional provisions and laws or which City policies and practices it wanted the court to consider in determining the legality of the City's sweeps.  No other Defendant has asserted a counterclaim.

On October 4, 2017, this Court entered an Order Denying Plaintiffs' Motion for Class Certification and Denying Plaintiffs' Motion for Preliminary Injunction.  Dkt. No. 209.  Plaintiffs appealed this Court's denial of class certification and, on December 20, 2017, this Court granted Plaintiffs' motion to stay proceedings in the district court pending the appeal.  Dkt. No. 221.  The Ninth Circuit affirmed this Court's denial of class certification on November 29, 2019 and issued its mandate on December 23, 2019.

On January 30, 2020, weeks before the City filed its "conversion" motion, Counsel for Plaintiffs reached out to the City of Seattle to discuss Plaintiffs' desire to dismiss the case.  Plaintiffs noted the dismissal would be as to all Plaintiffs' claims against all Defendants.  The City declined Plaintiffs' offer to dismiss.  Plaintiffs promptly notified the City that they would seek an order from this Court dismissing the case.  Plaintiffs now respectfully request that the Court dismiss Plaintiffs' claims and the City of Seattle's counterclaim and close this case.

---

[2] The Multi-Departmental Administrative Rules (MDARs) and Financial Administrative Service (FAS) Rules are the City's written policies pertaining to sweeps.

MOTION TO DISMISS WITHOUT PREJUDICE – 3
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

### III.    EVIDENCE RELIED UPON

This motion relies upon the papers and pleadings on file with the Court.

### IV.    ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 41(a)(2) provides that, at this stage of the proceedings:

> …[The] action may be dismissed at the plaintiff's request only by
> court order, on terms that the court considers proper. If a defend-
> ant has pleaded a counterclaim before being served with the plain-
> tiff's motion to dismiss, the action may be dismissed over the de-
> fendant's objection only if the counterclaim can remain pending
> for independent adjudication. Unless the order states otherwise, a
> dismissal under this paragraph (2) is without prejudice.

As Plaintiffs show below, their claims should be dismissed along with the City's

counterclaim—which the Court can and should decline to entertain.

### A.  The Court Should Dismiss Plaintiffs' Claims Without Prejudice Under Rule 41(a)(2).

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the

court, and subject to any terms and conditions the court deems proper, to dismiss an action

without prejudice at any time." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th

Cir. 1996).  "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated

in that rule." *Smith v. Lenches,* 263 F.3d 972, 976 (9th Cir. 2001) (discussing when a Rule

41(a)(2) dismissal should be granted when there is a counterclaim involved).  The purpose of

Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the

defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am.

v. Armilla Intern. B.V.,* 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

As *Smith* makes clear, even when there is a counterclaim pending, "[a] district court

should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show

that it will suffer some plain legal prejudice as a result." *Smith,* 263 F.3d at 975.  "Plain legal

MOTION TO DISMISS WITHOUT PREJUDICE – 4
Cause No. 2:17-cv-00077-RSM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

prejudice" exists only where a defendant would suffer "prejudice to some legal interest, some legal claim, some legal argument." *Id*. at 976 (quoting *Westlands Water Dist.,* 100 F.3d at 97). "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Westlands Water Dist.*, 100 F.3d at 97 (citing 5 James W. Moore, Moore's Federal Practice ¶ 41.05[1] nn. 51–53 and cases cited). "Uncertainty because a dispute remains unresolved" or because "the threat of future litigations" "causes uncertainty" does not constitute plain legal prejudice. *Smith*, 263 F.3d at 976 (quoting *Westlands Water Dist.*, 100 F.3d at 96-97). Nor does plain legal prejudice exist merely "because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982)). "Expense incurred in defending against a lawsuit [also] does not amount to legal prejudice." *See Hamilton,* 679 F.2d at 146.

Defendants will not suffer any "plain legal prejudice" from Plaintiffs' voluntary dismissal. Dismissing the claims in this lawsuit would not impact the rights and defenses available to Defendants in future litigation. *See Westlands Water Dist.,* 100 F.3d at 97. Further, the City has continued to carry out sweeps unabated since this litigation was filed, apparently undeterred by the unresolved questions about whether it is constitutional to do so.

That the City might prefer this Court to adjudicate any potentially viable claim against it does not qualify as "legal prejudice" warranting the denial of voluntary dismissal here. *See e.g. Smith*, 263 F.3d at 976 ("While [defendant] will be obliged to defend the state court action, this does not add an extra burden to [defendant] because it was already engaged in defending the state court case. In any event, the need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district

MOTION TO DISMISS WITHOUT PREJUDICE – 5
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

court.").  Moreover, even if this Court were to find "legal prejudice" existed, the appropriate remedy would be to dismiss Plaintiffs' claims *with prejudice*—not to force Plaintiffs (who lack reliable phones, physical addresses, and who Counsel are unable to even locate) to continue litigating and defend themselves against an abstract counterclaim that exceeds the confines of this litigation.

**B.  This Court Should Dismiss the City's Counterclaim.**

Whether dismissal of a counterclaim for declaratory judgment is appropriate is analyzed not under Rule 41(a)(2) but under the Declaratory Judgment Act.  *McGraw–Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339, 342 (9th Cir. 1966); *Smith,* 263 F.3d at 977.  It is within a District Court's sound discretion to dismiss a claim for declaratory judgment.  *Wilton v Seven Falls Co.*, 515 U.S. 277, 288 (1994); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008) (citations omitted) (noting the Declaratory Judgment Act gives a District Court the authority to declare the rights and legal relations of interested parties—not a duty to do so).

There are many circumstances in which a District Court should dismiss a counterclaim for declaratory judgment.  For example:

> It is well settled that a declaratory judgment may be refused where it would serve no useful purpose * * * or would not finally determine the rights of the parties * * * or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein * * * especially if the issue is one involving a novel question of state law * * * or is, for any other reason, one that can better be adjudicated in another court * * *.

*McGraw-Edison Co.*, 362 F.2d at 343 (citations omitted).

As the Ninth Circuit in *McGraw-Edison* recognized, the broad and vague declaratory judgment the City seeks as to the legality of its sweeps would serve no "useful purpose."

MOTION TO DISMISS WITHOUT PREJUDICE – 6
Cause No. 2:17-cv-00077-RSM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Rather, it would amount to no more than an advisory opinion in the absence of "a substantial controversy" of "sufficient immediacy and reality."  *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Further, it would require this Court to make decisions of state law that are better adjudicated in state court.

>    ### 1.  *The Court should dismiss the City's counterclaim because there is no "substantial controversy" of "sufficient immediacy and reality"*

Federal courts may grant declaratory relief only in "a case of an actual controversy."  28 U.S.C. § 2201(a).  In determining whether an "actual controversy" exists under the Declaratory Judgment Act, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co.*, 312 U.S. at 273.  In order to grant a declaratory judgment, there must be some factual basis for distinguishing the desired declaratory judgment from an advisory opinion.  *See Medimmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (declaratory relief must be "distinguished from an opinion advising what the law would be upon a hypothetical state of facts").  "It is always the duty of a court of equity to strike a proper balance between the needs of the [party seeking declaratory relief] and the consequences of giving desired relief. . . . [and] courts should not intervene unless the need for equitable relief is clear, not remote or speculative." *Eccles v. Peoples Bank of Lakewood Vill.*, *Cal.,* 333 U.S. 426, 431 (1948).

Here, there is no "substantial controversy" "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Plaintiffs' motion for a preliminary injunction was denied in October 2017.  The case is not a class action. And the Plaintiffs seek to dismiss their claims.  Accordingly, there is nothing to prevent the City from engaging in sweeps.

MOTION TO DISMISS WITHOUT PREJUDICE – 7
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Indeed, the City's policies and practices have continued and with increasing frequency since this litigation was filed.[3]  There is no evidence that the City has been "chilled" in its enforcement efforts by the absence of a declaratory judgment and indeed the City's counterclaim is devoid of any suggestion that it is in any way harmed by the absence of a declaratory judgment.  There is simply no "immediacy and reality" to warrant the issuance of a declaratory judgment.

Furthermore, it is far from clear exactly what the City wishes this Court to declare to be lawful or which provisions of law the City is even asking this Court to consider.  The counterclaim seeks to have the Court announce that the City's "clean-up policies and practices, including the prior and new MDARs are lawful and constitutional."  Dkt. 92 at 34.  But the policies and practices involved in the City's sweeps program are extensive.  The City's counterclaim itself refers to its "multi-faceted approach" to the housing crisis, including sweeps targeted at encampments that "raise significant public health or safety concerns, obstruct the intended use of public facilities, or otherwise necessitate intervention in furtherance of the public interest."  Answer, Dkt. 92 at 34.  And the City's counterclaim nowhere states which provisions of law it wants the Court to consider in determining the legality of these extensive policies and practices.

To adjudicate the City's counterclaim the Court would have to make factual findings regarding every aspect of the City's sweeps' policies and practices, both as written, now or in

---

[3] *See, e.g.*, Daniel Beekman and Sydney Brownstone, *On way to long-term changes, Seattle Mayor Jenny Durkan quietly clears homeless camps*, Seattle Times, July 6, 2019, (noting that "Seattle removed 75% more homeless encampments in the first four months of this year than during the same period in 2018, even with this February's record snowstorm slowing clean-ups."); Scott Greenstone and Sydney Brownstone, *Seattle City Council again attempts to rein in team that clears homeless encampments*, Seattle Times, October 17, 2019 (noting that the City's Navigation Team "has shifted its focus from cleanups where residents get 72-hour notice to smaller 'obstruction' or 'hazard' encampments that don't require advance notice and also don't require camp residents to be offered shelter beds, although the city said it tries to do so.").

MOTION TO DISMISS WITHOUT PREJUDICE – 8
Cause No. 2:17-cv-00077-RSM

the past, and as practiced, and compare each of those policies and practices to every possible constitutional or statutory provision that could be used to challenge them.  That is far beyond a declaratory judgment this Court could order.  The City is not entitled to an abstract declaration about its policies and practices in an attempt to ward off all potential future litigation regardless of allegations, claims, or parties. Further, the Ninth Circuit in this case determined that "there is no evidence that every Appellant has experienced the same challenged practice or suffered the same injury due to the implementation of the MDARs or the WSDOT Guidelines. In fact, Appellants themselves acknowledged that 'each sweep is different.'" *Willis v. Seattle*, 943 F.3d 882, 886 (9th Cir. 2019).  The Court cannot issue a general order somehow interpreting all of the components of the City's MDARs and their application to resolve any potential future claims whether under the federal or state constitution or other theories, nor finally determine the rights of the parties if each sweep is different even assuming the City's written policies stay the same.  This runs contrary to the Declaratory Judgment Act and is the opposite of judicial efficiency.  Adjudicating the City's counterclaim on anything less than a full record reflecting the City's actual present and past policies and practices—which have evolved significantly since this case was filed—would amount to "advising what the law would be upon a hypothetical state of facts."  *Medimmune*, 549 U.S. at 127.

### 2. The Court should dismiss the City's counterclaim to avoid making needless decisions of state law

Even if there were a "substantial controversy" "of sufficient immediacy and reality," this Court should dismiss the City's counterclaim, which appears to raise issues of state law, in the interest of efficiency and judicial comity.  *See e.g. Smith*, 263 F.3d at 977  (noting a district court "may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity.");  *McGraw-Edison*, 362 F.2d at 343

MOTION TO DISMISS WITHOUT PREJUDICE – 9
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(noting a basis for refusing declaratory relief when it is being sought "merely to determine issues which are involved in a case already pending and can be properly disposed of therein"). Although the City's counterclaim specifies no specific provisions of law for the Court to apply when considering whether the City's sweeps program is "lawful and constitutional," that exercise would presumably include consideration of the state constitution. There is currently separate litigation in state court asserting that the City's sweeps program violates provisions of the Washington State Constitution. "[W]hen a state court action is pending presenting the same issue of state law as is presented in a federal declaratory suit, 'there exists a presumption that the entire suit should be heard in state court.'" *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1370–71 (9th Cir. 1991), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)). A district court "may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity." *Smith,* supra, 263 F.3d at 977. In determining whether to exercise its jurisdiction under the Declaratory Judgment Act in these circumstances, a Court should consider the following factors:

> (1) whether a refusal to entertain the request for declaratory relief avoids needless decisions of state law by the federal court; (2) whether the action is a means of forum shopping; and (3) whether dismissal of the claim for declaratory relief would avoid duplicative litigation.

*Smith*, 263 F.3d at 977 (cited source omitted).

These factors weigh in favor of dismissing the City's counterclaim for declaratory relief here. First, judicial economy does not favor retaining jurisdiction over the counterclaim where the Plaintiffs are no longer asserting any claims and only the City's counterclaim—which is not needed to allow the City to continue its current policies and practices—would be left pending before this Court in this action. Further, the City's counterclaim includes an issue of state law—

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

the constitutionality and validity of the City's policies and practices under the Washington State

Constitution—that is more appropriately resolved in state court, particularly when there is

already an action pending involving a similar question in state court.  Dismissing the City's

counterclaim is both amply supported by federal law and would avoid needless decisions of

state law.

### V.    CONCLUSION

For the aforementioned reasons, this Court should grant Plaintiffs' motion for dismissal

without prejudice and dismiss the City's counterclaim without prejudice.

DATED this 12th day of March, 2020.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*s/ Todd T. Williams*

Blake Marks-Dias, WSBA No. 28169
Todd T. Williams, WSBA No. 45032
Eric A. Lindberg, WSBA No. 43596
Victoria E. Ainsworth, WSBA No. 49677
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Email: twilliams@corrcronin.com
        elindberg@corrcronin.com
        tainsworth@corrcronin.com

Nancy Talner, WSBA No. 11196
Breanne Schuster, WSBA No. 49993
Lisa Nowlin, WSBA No. 51512
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Telephone: (206) 624-2184
Email: talner@aclu-wa.org
        bschuster@aclu-wa.org
        lnowlin@aclu-wa.org
*Attorneys for Plaintiffs*

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I hereby certify that on **March 12, 2020**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| *Attorneys for Defendant City of Seattle:* | *Attorneys for Defendants Washington State Department of Transportation and Roger Millar, Secretary of Transportation for WSDOT:* |
|---|---|
| Matthew J. Segal, WSBA No. 29797<br>Gregory J. Wong, WSBA No. 39329<br>Taki V. Flevaris, WSBA No. 42555<br>PACIFICA LAW GROUP LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>matthew.segal@pacificalawgroup.com<br>greg.wong@pacificalawgroup.com<br>taki.flevaris@pacificalawgroup.com<br><br>Patrick Downs, WSBA No. 25276<br>Gary T. Smith, WSBA No. 29718<br>SEATTLE CITY ATTORNEY<br>701 Fifth Avenue, Suite 2050<br>Seattle, WA 98104-70197<br>patrick.downs@seattle.gov<br>gary.smith@seattle.gov | Matthew D. Huot, WSBA No. 40606<br>Assistant Attorneys General<br>ATTORNEY GENERAL OF WASHINGTON<br>Complex Litigation Division<br>7141 Cleanwater Drive SW<br>P.O. Box 40111<br>Olympia, WA 98504-0111<br>MattH4@atg.wa.gov |

*s/ Todd T. Williams*
Todd T. Williams, WSBA No. 45032
Attorney for Plaintiffs
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Email: twilliams@corrcronin.com

MOTION TO DISMISS WITHOUT PREJUDICE – 12
Cause No. 2:17-cv-00077-RSM

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900