THE HONORABLE RICARDO S. MARTINEZ

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9
10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| LISA HOOPER, BRANDIE OSBORNE, KAYLA WILLIS, REAVY WASHINGTON, individually and on behalf of a class of similarly situated individuals; THE EPISCOPAL DIOCESE OF OLYMPIA; TRINITY PARISH OF SEATTLE; REAL CHANGE,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SEATTLE, WASHINGTON; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; ROGER MILLAR, SECRETARY OF TRANSPORTATION FOR WSDOT, in his official capacity,<br><br>        Defendants. | NO. 2:17-cv-00077 RSM<br><br>STATE DEFENDANTS' JOINDER IN CITY OF SEATTLE'S MOTION FOR CONVERSION OF PRELIMINARY INJUNCTION RULING INTO FINAL JUDGMENT ON THE MERITS AND RESPONSE TO PLAINTIFFS' MOTION TO DISMISS<br><br>Hearing date: 3/27/2020<br>Without Oral Argument |

20
21

## I.    INTRODUCTION

22
23
24
25
26

The Washington State Department of Transportation (WSDOT) and Roger Millar, Secretary of Transportation for WSDOT (collectively State Defendants) join in the City of Seattle's (City) Motion for Conversion of Preliminary Injunction Ruling to Final Judgment on the Merits. *See* Dkt. 230.  The State Defendants respectfully request the Court extend the same

STATE DEFENDANTS' JOINDER IN CITY
OF SEATTLE'S MOTION FOR CONVERSION
No. 2:17-cv-00077 RSM

1

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile:  (360) 586-6847

1   relief requested by the City to State Defendants.  As the City argues in its Motion, and for the
2   reasons briefly set forth below, conversion of the Court's Order into a final judgment that
3   dismisses Plaintiffs' claims with prejudice is the appropriate way to dispose of Plaintiffs'
4   lawsuit.

5                            **II.    BACKGROUND FACTS**

6        Plaintiffs have been prosecuting this lawsuit against State Defendants and the City since
7   January 2017.  Dkt. 1.  Plaintiffs have alleged that WSDOT's 2008 Guidelines to Address Illegal
8   Encampments within State Right of Way ("Guidelines") are unconstitutional both on their face
9   and as applied to the named Plaintiffs and the purported class of unhoused individuals in the
10  greater Seattle area.  Dkt. 73 at 22-47.  They brought causes of action under both the U.S. and
11  Washington State constitutions, alleging unlawful seizures of their personal belongings and
12  deprivation of due process.  *Id.* at 47-48.

13       Shortly after filing their complaint, Plaintiffs sought a temporary restraining order.  Dkt.
14  23.  This motion was extensively briefed, with Plaintiffs, State Defendants, and the City filing
15  numerous declarations.  *See generally* Dkts. 24-33 (Plaintiffs' declarations); 39-48 (Defendants'
16  declarations).  In denying their motion, this Court held that Plaintiffs had not established a
17  likelihood of success on the merits because they had not established that State Defendants had
18  acted unreasonably in the enactment or enforcement of their rules for cleaning up unauthorized
19  homeless encampments within their respective rights of way.  Dkt. 65 at 14-16.  This Court
20  further held that plaintiffs had not established irreparable harm because they did not set forth
21  sufficient facts to show they resided in an area subject to a future clean-up and because WSDOT,
22  by policy, provides at least 72 hours' notice of upcoming clean-ups.  *Id.* at 16.

23       After the temporary restraining order was denied, the parties engaged in extensive
24  discovery.  The State Defendants responded to plaintiff's first discovery requests in April 2017,
25  with supplemental productions provided the following month.  Dkt. 218 ¶ 8.  In total, the State
26  Defendants produced 18,738 records totaling 34,609 pages.  *Id.* ¶ 8.  The parties conducted

STATE DEFENDANTS' JOINDER IN CITY
OF SEATTLE'S MOTION FOR CONVERSION
No. 2:17-cv-00077 RSM

2

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile:  (360) 586-6847

1    sixteen depositions of WSDOT and City staff, as well as some of the Plaintiffs or their

2    representatives. *Id.* ¶¶ 11-12.

3        As the City notes in its Motion, Plaintiffs' motions for a preliminary injunction and class

4    certification were both denied. *See* Dkt. 209. As part of that denial, this Court held that plaintiffs

5    failed to address their state constitutional claims in their motion for a preliminary injunction, and

6    thus failed to demonstrate they were likely to succeed on the merits of those claims. *Id.* at 31.

7    This case was stayed pending Plaintiffs' appeal of the class certification denial to the Ninth

8    Circuit Court of Appeals, which affirmed this Court's ruling. *See* Dkts. 224-25.

9        After the City filed its Motion, Plaintiffs moved to voluntarily dismiss their case pursuant

10   to Fed. R. Civ. P. 41(a)(2). Dkt. 234.

11                                   **III.    STANDARD OF REVIEW**

12       The State Defendants concur with the City's analysis of the applicable standard of

13   review.

14                                         **IV.    ARGUMENT**

15       After extensive discovery, written and oral argument, and the Court's issuance of detailed

16   rulings on Plaintiffs' requests for injunctive relief and class certification (the latter being

17   affirmed on appeal), the time is ripe to grant summary judgment to the State Defendants as well

18   as the City on the merits of the case.

19       In order to prevail on a Fourth Amendment seizure claim, a plaintiff must show that not

20   only did a government agency seize an individual's property, but that the seizure was

21   unreasonable. *Lavan v. City of Los Angeles*, 797 F. Supp. 2d 1005, 1013 (C.D. Cal. 2011). To

22   the extent Plaintiffs established any "seizure" made by State Defendants, Plaintiffs did not

23   establish that the seizures were unreasonable under *Lavan*. As this Court noted in its Order

24   denying a preliminary injunction, and by Plaintiff Brandi Osborne's own admission, the State

25   Defendants "engaged in the opposite of summary destruction [of personal property]" in the

26   single alleged instance of a "WSDOT-only clean-up" (where the City was not a participant).

STATE DEFENDANTS' JOINDER IN CITY
OF SEATTLE'S MOTION FOR CONVERSION
No. 2:17-cv-00077 RSM

3

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile:  (360) 586-6847

1    Dkt. 209 at 24.  This fact, in addition to the State Defendants' clean-up notice procedures and

2    opportunity for homeless individuals to avoid property deprivation, demonstrate that Plaintiffs

3    are unlikely to prevail on the issue of whether the State Defendants unreasonably deprive

4    individuals of their property left within the highway right-of-way.

5         Plaintiffs also fail to articulate a viable Fourteenth Amendment claim against State

6    Defendants.  Since WSDOT provides homeless individuals ample written and verbal notice of

7    upcoming clean-ups as well as storage of non-hazardous items for at least 70 days, Plaintiffs

8    "fail to explain why WSDOT's provision of these due process safeguards fails the *Mathews v.*

9    *Eldridge* test." Dkt. 209 at 30.  Moreover, plaintiffs did not demonstrate that WSDOT employees

10   fail to follow these protections based on an established state procedure.  *Id.*

11        As to Plaintiffs state constitutional claims, this Court must grant summary judgment for

12   State Defendants for two reasons.  First, as WSDOT and Secretary Millar have already argued

13   in supplemental briefing, "[t]he Eleventh Amendment precludes a federal court's consideration

14   of a state claim against a nonconsenting state, period." Dkt. 207 at 1 (citing *Pennhurst State*

15   *School Hospital v. Halderman*, 465 U.S. 89, 121 (1984)).   Second, even if this Court were to

16   reach the merits of Plaintiffs' state constitutional claims against State Defendants, this Court has

17   already held that Plaintiffs have failed to address those claims in their motion for preliminary

18   injunction, and thus have failed to demonstrate a likelihood of success on the merits.  Dkt. 209

19   at 31.

20        Finally, State Defendants would experience similar prejudice as the City should this

21   Court permit Plaintiffs to voluntary dismiss their lawsuit at this late stage of the case.  While

22   State Defendants are not involved in the subsequent state court litigation that Plaintiffs are

23   pursuing, the State Defendants have devoted considerable resources to this case, including

24   responding to Plaintiffs' extensive discovery requests and briefing the Court on the merits of the

25   case.  *See* Dkt. 218.

26

STATE DEFENDANTS' JOINDER IN CITY                4          ATTORNEY GENERAL OF WASHINGTON
OF SEATTLE'S MOTION FOR CONVERSION                          Transportation & Public Construction Division
No. 2:17-cv-00077 RSM                                       7141 Cleanwater Drive SW
                                                            P.O. Box 40113
                                                            Olympia, WA  98504-0113
                                                            (360) 753-6126   Facsimile:  (360) 586-6847

1

## V.    CONCLUSION

2          The parties agree that the time has come to dismiss Plaintiffs' lawsuit, but the City's

3  mechanism for doing so is the appropriate one.  In joining the City's Motion, and for the reasons

4  stated above, State Defendants respectfully request that the Court convert its prior order into a

5  final judgment on the merits and dismiss Plaintiffs' claims with prejudice.

6          DATED this 16th day of March 2020.

7                                          ROBERT W. FERGUSON
                                           Attorney General
8
                                           _/s/ Matthew D. Huot_
9                                          MATTHEW D. HUOT, WSBA #40606
                                           Assistant Attorney General
10                                         Attorney for Washington State Department of
                                           Transportation and Roger Millar
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE DEFENDANTS'  JOINDER IN CITY                5
OF SEATTLE'S MOTION FOR CONVERSION
No. 2:17-cv-00077 RSM

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847

1

<u>**CERTIFICATE OF SERVICE**</u>

2       I hereby certify that on March 16, 2020, I electronically filed the foregoing document

3   with the United States District Court ECF system, which will send notification of such filing to

4   all counsel of record.

5       DATED this 16th day of March, 2020, at Tumwater, Washington.

6

7                                    */s/Jennifer D. Williams*
                                     JENNIFER D. WILLIAMS
8                                    Paralegal

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE DEFENDANTS'  JOINDER IN CITY            6        ATTORNEY GENERAL OF WASHINGTON
OF SEATTLE'S MOTION FOR CONVERSION                     Transportation & Public Construction Division
No. 2:17-cv-00077 RSM                                            7141 Cleanwater Drive SW
                                                                      P.O. Box 40113
                                                                  Olympia, WA  98504-0113
                                                          (360) 753-6126    Facsimile:  (360) 586-6847