THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA HOOPER, BRANDIE OSBORNE, KAYLA WILLIS, REAVY WASHINGTON, individually and on behalf of a class of similarly situated individuals; THE EPISCOPAL DIOCESE OF OLYMPIA; TRINITY PARISH OF SEATTLE; REAL CHANGE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, WASHINGTON; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; ROGER MILLAR, SECRETARY OF TRANSPORTATION FOR WSDOT, in his official capacity,<br><br>Defendants. | No. 2:17-cv-00077-RSM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CONVERSION OF PRELIMINARY INJUNCTION INTO FINAL JUDGMENT ON THE MERITS**<br><br>NOTE ON MOTION CALENDAR: 3/27/2020 |

## I.  INTRODUCTION

After a short 5 months of discovery and a preliminary injunction hearing on a compressed time schedule, Defendants now ask the Court to retroactively convert a preliminary injunction denial into a sweeping final order on the merits in Defendants' favor because they "deserve" "vindication." Dkt. 230 at 10. Defendants' request contradicts the relevant law and the purpose of preliminary hearings and plainly fails to satisfy Rule 65(a)(2),

which requires "clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981) (internal quotations and citations omitted).

Defendants also attempt to bypass Rule 56 in its entirety—implying that a Court can issue an all-encompassing summary judgment ruling to a party that has not properly moved for summary judgment, let alone shown "that there is no genuine dispute as to any material fact [or that the party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Such a sweeping and draconian result—effectively a "free pass" for various disputes Defendants might have with other unhoused people living outside—would prejudice the named Plaintiffs and is especially unwarranted given the complex, fact- and context-specific nature of the claims at issue in this case and the ever-evolving nature of the City's policies and practices pertaining to sweeps. This case can and should be appropriately resolved by dismissing Plaintiffs' claims and the City's counterclaim and denying Defendants' motion for conversion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' suit stems from Defendants' policies and practices of seizing and destroying the property of Plaintiffs and other unhoused persons in "sweeps" of encampments on City and Washington-state owned land. Plaintiffs Lisa Hooper, Brandie Osborne, the Episcopal Diocese of Olympia, and Real Change filed the initial complaint against Defendants the City of Seattle, Washington State Department of Transportation (WSDOT), and Roger Millar, Secretary of Transportation for WSDOT on January 19, 2017. Dkt. 1. Shortly after this litigation was filed, the City promulgated revised rules pertaining to how it removed encampments: the Multi-departmental Administrative Rules 17-01 (MDARs) and Department of Finance and Administrative Services Rules 17-01. Plaintiffs filed an amended complaint that added

PLAINTIFFS' OPPOSITION TO MOTION FOR CONVERSION – 2
Cause No. 2:17-cv-00077-RSM

allegations as to those rules and as to Plaintiffs Kayla Willis and Trinity Parish of Seattle on March 2, 2017, and a second amended complaint adding Reavy Washington as a Plaintiff on May 23, 2017. Dkt. 73. Plaintiffs' operative complaint sought injunctive and declaratory relief that Defendants' policies and practices of confiscating or destroying the personal property of unhoused persons without a warrant, probable cause, and the requisite due process safeguards is unlawful under the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, sections 7 and 3 of the Washington State Constitution. Dkt. 87. The City of Seattle asserted a counterclaim seeking declaratory judgment "that its clean-up policies and practices, including the prior and new MDARs, are lawful and constitutional." Dkt. 75, 92. No other Defendant has raised a counterclaim.

After denying Plaintiffs' motion for a temporary restraining order, this Court ordered that Plaintiffs' simultaneously filed preliminary injunction motion be set for oral argument. Dkt. 23. The parties subsequently engaged in expedited and limited discovery over the course of approximately five months. At no point before or during the preliminary injunction hearing did this Court indicate an intention to consolidate the hearing with a final ruling on the merits, nor did any Defendant request such consolidation. Plaintiffs proceeded on the assumption that there would be a full discovery period after the preliminary injunction hearing and a trial on the merits at a later date. The Court denied Plaintiffs' class certification and preliminary injunction motions on October 4, 2017, finding Plaintiffs had failed to establish the requirements for either. Dkt. 209. Plaintiffs appealed the denial of class certification and asked this Court to stay proceedings pending the Ninth Circuit's ruling, which the Court granted, noting the resolution of Plaintiffs' appeal may affect "the scope and strategy of Plaintiffs' case." Dkt. 221 at 1.

In the intervening years, Defendants' practices pertaining to sweeps of encampments have evolved dramatically. Defendants now conduct approximately three sweeps per day, almost all of which are under threat of arrest and with only 15 to 30 minutes of warning before

property is summarily destroyed. *See* Dkt. 234 at 8. Some of these practices are the subject of a separate state court lawsuit, which does not involve any of the Plaintiffs in this case.

On November 29, 2019, the Ninth Circuit affirmed the Court's denial of class certification. Dkt. 224. On March 12, 2020, Plaintiffs filed a motion to dismiss all claims. Now, Defendants ask the Court to convert a preliminary injunction denial to a final adjudication on the merits of Plaintiffs' claims and the City's sweeping counterclaim—a clear attempt to cut off potential avenues of relief others may have in relation to the City's harmful encampment policies and practices.

## II. STANDARD OF REVIEW

Defendants fail to cite to a single case or rule that allows conversion and summary judgment under these circumstances. They also exclude controlling authority, including a seminal U.S. Supreme Court decision and the applicable Federal Rules of Civil Procedure.

"[I]t is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits." *Camenisch,* 451 U.S. at 395 (citations omitted). If time is of the essence, Rule 65(a)(2) permits a court to "advance the trial on the merits and consolidate it with the hearing" "[b]efore or after beginning the hearing on a motion for a preliminary injunction." Fed. R. Civ. P. 65. This power must be tempered by principles of due process. *See* 11A Fed. Prac. & Proc. Civ. § 2950 (3d ed.). "[W]here such action is contemplated, the court should provide the parties with clear and unambiguous notice either before the hearing commences or at a time which will afford the parties a full opportunity to present their respective cases." *Camenisch,* 451 U.S. at 395 (internal quotations and citations omitted). Further, such action may be taken only if "the procedures do not result in prejudice to either party." *Glacier Park Found. v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981) (internal quotations and citations omitted). And the "court must preserve any party's right to a jury trial." Fed. R. Civ. P. 65.

A district court cannot "convert a decision on a preliminary injunction into a final disposition of the merits by granting summary judgment on the basis of the factual record available at the preliminary injunction stage" without following the notice and hearing requirements of Rule 56. *Air Line Pilots Ass'n, Intern. v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397, n.4 (9th Cir. 1990). Rule 56 allows a party to "move for summary judgment" provided the party identifies "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall [only] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This burden is not a light one." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). The Court views the evidence in the light most favorable to the non-moving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "[I]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Id.* at 631.

### III.   ARGUMENT AND AUTHORITY

The Court should deny Defendants' request for conversion and summary judgment. They have ignored the rules of civil procedure and the parties' respective burdens of proof. Plaintiffs have not received "clear and unambiguous notice" or a "full opportunity" to present their case" as required under Rule 65(a)(2) and would be substantially prejudiced. *Camenisch,* 451 U.S. at 395 (internal quotations and citations omitted); *Glacier Park Found.,* 663 F.2d at 886. And the City's burden under Rule 56 to show "there is no genuine dispute as to any material fact" regarding Plaintiffs' claims or the City's counterclaim is not satisfied simply because Plaintiffs failed to obtain a preliminary injunction. Fed. R. Civ. P. 56(a).

**A.     Not One of the Requirements of Rule 65(a)(2) Is Met Here**

It is generally inappropriate for a federal court to convert a preliminary injunction order into a final judgment on the merits. *See Camenisch*, 451 U.S. at 395 (citations omitted). This would defeat the purpose of a preliminary injunction, which is "merely to preserve the relative positions of the parties until a trial on the merits can be held." *Id*. at 395. Although a Court may make an initial determination regarding the merits of the underlying claims in a preliminary hearing, "a party is not required to prove his case in full . . . and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Id*. (citations omitted). Unlike an order to grant a preliminary injunction, "[t]he denial of preliminary relief is [] not inextricably intertwined with an interlocutory ruling on the merits." *Cotter v. Desert Place, Inc.*, 880 F.2d 1142, 1144 (9th Cir. 1989).

*1. Plaintiffs have not received "clear and unambiguous notice"*

The City does not and could not argue that the Court has at any point suggested that the preliminary injunction hearing held in September of 2017 might be consolidated with a final adjudication on the merits. The Court's order granting Plaintiffs' motion to stay affirmed that the parties assumed discovery and litigation would continue once the Ninth Circuit issued an opinion on class certification. Rather, the City argues that notice has been satisfied under Rule 65(a)(2) because the City has—two years after a preliminary order was issued—made a motion for consolidation. This is not "clear and unambiguous notice" as required by the Rule.

A notice to consolidate after the hearings are closed or close to the end of the case "is clearly untimely creating a potential due process violation." *Vaqueria Tres Monjitas, Inc. v. LaBoy,* 448 F. Supp. 2d 340, 348 (D.P.R. 2006). In fact, the City fails to cite even a single authority that contemplates conversion under the circumstances here—where consolidation was never so much as hinted at or agreed to; requested years after the preliminary injunction

hearing was held and an order issued; made by motion of a party; and occurred in the context of a preliminary injunction denial.

It would be reversible error to grant Defendants' motion:

> At no time . . . were plaintiffs notified that it was necessary for them to produce all of the evidence available to them. . . . The order cannot come so late in the hearing that it is impossible for the parties adequately to develop their entire case. Here, when the parties separated at the conclusion of the hearing on the preliminary injunction, they all had been assured by the trial court that a trial on the merits was still in the offing . . . .

*Warehouse Groceries Mgmt., Inc. v. Sav-U-Warehouse Groceries, Inc.*, 624 F.2d 655, 658 (5th Cir. 1980) (finding reversible error under such circumstances); *see also e.g.*, *Air Line Pilots Ass'n, Intern*, 898 F.2d at 1397 (finding district court abused discretion in consolidating preliminary injunction hearing with trial on merits because court failed to notify parties of its intention to do so before preliminary hearing); *T. M. T. Trailer Ferry, Inc. v. Union De Tronquistas De Puerto Rico, Local 901*, 453 F.2d 1171, 1172 (1st Cir. 1971) (reversing district court's consolidation because "the court in the case at bar at no time prior to completion of plaintiff's case put plaintiff on notice that the scope of the scheduled hearing would include a decision on the merits of the complaint"); *Puerto Rican Farm Workers ex rel. Vidal v. Eatmon*, 427 F.2d 210, 211 (5th Cir. 1970) (finding plaintiffs were not provided notice when district court judge failed to indicate he might rule on merits of entire case until after conclusion of preliminary hearing).

### 2. *Conversion would be highly prejudicial to Plaintiffs*

Converting the Court's preliminary injunction denial into a final judgment would deny Plaintiffs a "full opportunity to present their respective case," substantially prejudicing Plaintiffs. *Camenisch,* 451 U.S. at 395; *Glacier Park Found.*, 663 F.2d at 886 (consolidation cannot "result in prejudice to either party"). When further discovery and development of the

record could change the court's factual conclusions, it is reversible error to convert a preliminary order to a final judgment. *Air Line Pilots Ass'n, Int'l*, 898 F.2d at 1397.

The City suggests that Plaintiffs' right to respond to the conversion motion somehow preserves Plaintiffs' right to a trial and frees them from legal prejudice. Such an absurd reading of the rule would prevent plaintiffs in every lawsuit from seeking emergency relief unless they are prepared to present their entire case on the merits—just in case an opposing party wants to turn the preliminary order into a final one afterwards. It is ordinarily improper to decide a case based solely on a preliminary injunction hearing. 11A Fed. Prac. & Proc. Civ. § 2950, *supra*. And for good reason—"[a] litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial." *Id.* (citation omitted).

Plaintiffs have been solely litigating proceedings for emergency relief—not a final adjudication on the merits of all of their claims for declaratory and injunctive relief, let alone the City's sweeping counterclaim. *Lamex Foods, Inc. v. Audeliz Lebron Corp.,* 646 F.3d 100, 106–07 (1st Cir. 2011) ("The stakes are even higher where, as here, the surprise consolidation would result in the deprivation of a party's right to prosecute or defend the remaining legal claims before a jury."). The City makes much about the number of pages of documents it produced—but that is wholly irrelevant as to whether Plaintiffs have had a "full opportunity" to present their case, present all material evidence, or defend themselves against the City's allegations. *Camenisch,* 451 U.S. at 395.

Discovery in this case was necessarily condensed, limited to a particular time period, and only involved certain depositions owing to the time constraints and what Plaintiffs felt were the exigencies of the situation. There are numerous pieces of material evidence that Plaintiffs would present that could "change the Court's factual conclusions in deciding the

merits of the case." *See Air Line Pilots Ass'n, Int'l.,* 898 F.2d at 1397. Most obviously, the record before the Court is now more than two years old. The City's policies and practices have evolved significantly in the past two plus years, and Plaintiffs have not had an opportunity to conduct discovery and develop the record. Moreover, applicable law under the state constitution has also been clarified. *See, e.g.*, *State v. Pippin*, 200 Wash. App. 826, 846, 403 P.3d 907 (Div. 2. 2017) (holding that under article I, section 7, unhoused people living on public property have right to be free from warrantless intrusions into their home and invasions of privacy). Finally, as explained in more depth *infra*, there remain numerous disputed issues of fact as to the current record that are necessary to resolve to determine the merits of Plaintiffs' claims and the City's counterclaim. *Cf. D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) (finding party not prejudiced by consolidation when there were no material facts in dispute and "preliminary injunction hearing supplied the district court everything it needed to resolve this dispute").

**B. Defendants Plainly Disregard the Requirements to Prevail on Summary Judgment Under Rule 56**

Defendants not only ask this Court to ignore the relevant law regarding conversion but also the requisite standards to prevail on summary judgment. *See* Fed. R. Civ. P. 56. A denial of a preliminary injunction is not the equivalent of an opposing party prevailing on the merits of the other party's claims —let alone a counterclaim that was never litigated. This is a glaring attempt to circumvent the notice and hearing requirements of Rule 56. *See Air Line Pilots Ass'n, Intern*, 898 F.2d at 1397 n.4. The City has not properly moved for summary judgment and for good reason: the City would not be able to meet the requisite standard.

There are *numerous* unresolved issues integral to the merits of Plaintiffs' claims and the City's counterclaim. As the Court stated in denying Plaintiffs' motion for a TRO, "[t]here are significant factual disputes between the parties, both with respect to the way the various

policies and procedures are followed in general, and with respect to the interactions between the parties on the specific dates discussed in the Complaint and in the motion." Dkt. 65 at 6. These disputes were not resolved in the preliminary injunction hearing held just months later.

For example, the unhoused Plaintiffs continued to contend that Defendants summarily destroyed their property and that Defendants failed to provide adequate notice before doing so, while Defendants either failed to address or disputed Plaintiffs' specific property destruction allegations and continued to argue that Plaintiffs conceded they received notice. The Court's preliminary injunction denial did not address all of these disputes, noting that more "context" was needed to resolve material issues. *See* Dkt. 209 at 23. The organizational Plaintiffs also continued to contend they suffered harm as a direct result of Defendants' conduct. Dkt. 185 at 14; 189-19 at 2-14. The preliminary injunction denial did not address these allegations either.

Likewise, the City cannot contend that resolving whether it destroyed Plaintiff Reavy Washington's property at the Field on March 7, 2017 is irrelevant as to whether the MDARs were applied constitutionally to him. Yet that is exactly what Defendants are asking this Court to do. These issues, among others, are critical to resolving the merits of Plaintiffs' claims and the City's counterclaim and are far from resolved. Contrary to the City's contention—the "proper result" is far from apparent from the record. *See Air Line Pilots*, 898 F.2d at 1397 & n.4.

**C.      This Case is Appropriately Resolved by Dismissing All Claims Without Prejudice[1]**

Rather than convert the Court's preliminary order on a limited record into a final ruling on the merits that would significantly prejudice Plaintiffs, the Court should dismiss the case in

---

[1] Plaintiffs believe Defendants' arguments regarding dismissal are irrelevant here and are more appropriate addressed in Plaintiffs' motion to dismiss briefing. Plaintiffs nonetheless will repeat some responses here.

its entirety. The City again ignores the relevant case law, which makes explicit that a defendant is not legally prejudiced by (1) a dispute unresolved or uncertainty caused by the threat of future litigation; (2) having to defend similar conduct at issue in state court; or (3) "expense incurred in defending against a lawsuit." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir.1996); *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir.2001); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982).

The City mischaracterizes the operative test and cites to cases that do not apply to the facts in this case. In *Terrovona v. Kincheloe*, the plaintiff had filed a Rule 41 motion three months after the motion for summary judgment had been filed, and the magistrate had already issued his report and recommendation on the merits of the dispute. 852 F.2d 424, 429–30 (9th Cir. 1988). In *Davis v. Huskipower Outdoor Equip. Corp.*, the plaintiff filed the Rule 41 motion after the magistrate had considered the case and issued a comprehensive adverse recommendation. 936 F.2d 193, 199 (5th Cir. 1991). In a similar vein, the City cites *Radiant Tech. Corp. v. Electrovert USA Corp.,* which relies upon cases denying voluntary dismissal at the end of trial following a motion for directed verdict and a case where summary judgment dismissal as to one defendant and partial summary judgment as to the other defendants had already been granted. 122 F.R.D. 201, 203–04 (N.D. Tex. 1988).

Here, the City has not properly moved for summary judgment under Rule 56, and no ruling or preliminary ruling has been issued on such a motion. All that has been litigated are Plaintiffs' initial motions for preliminary injunction and class certification. The cases on which the City relies do not support the City's contention that it has suffered legal prejudice and do not support the City's argument that its litigation costs and uncertainty entitle it to dismissal with prejudice of these claims.

its entirety. The City again ignores the relevant case law, which makes explicit that a defendant is not legally prejudiced by (1) a dispute unresolved or uncertainty caused by the threat of future litigation; (2) having to defend similar conduct at issue in state court; or (3) "expense incurred in defending against a lawsuit." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir.1996); *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir.2001); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982).

The City mischaracterizes the operative test and cites to cases that do not apply to the facts in this case. In *Terrovona v. Kincheloe*, the plaintiff had filed a Rule 41 motion three months after the motion for summary judgment had been filed, and the magistrate had already issued his report and recommendation on the merits of the dispute. 852 F.2d 424, 429–30 (9th Cir. 1988). In *Davis v. Huskipower Outdoor Equip. Corp.*, the plaintiff filed the Rule 41 motion after the magistrate had considered the case and issued a comprehensive adverse recommendation. 936 F.2d 193, 199 (5th Cir. 1991). In a similar vein, the City cites *Radiant Tech. Corp. v. Electrovert USA Corp.,* which relies upon cases denying voluntary dismissal at the end of trial following a motion for directed verdict and a case where summary judgment dismissal as to one defendant and partial summary judgment as to the other defendants had already been granted. 122 F.R.D. 201, 203–04 (N.D. Tex. 1988).

Here, the City has not properly moved for summary judgment under Rule 56, and no ruling or preliminary ruling has been issued on such a motion. All that has been litigated are Plaintiffs' initial motions for preliminary injunction and class certification. The cases on which the City relies do not support the City's contention that it has suffered legal prejudice and do not support the City's argument that its litigation costs and uncertainty entitle it to dismissal with prejudice of these claims.

## IV. CONCLUSION

For the aforementioned reasons, this Court should DENY the City of Seattle's Motion for Conversion of Preliminary Injunction into Final Judgment on the Merits.

DATED this 23rd day of March, 2020.

    *s/ Todd T. Williams*
Blake Marks-Dias, WSBA No. 28169
Todd T. Williams, WSBA No. 45032
Eric A. Lindberg, WSBA No. 43596
Victoria E. Ainsworth, WSBA No. 49677
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Email: twilliams@corrcronin.com
       elindberg@corrcronin.com
       tainsworth@corrcronin.com

Nancy Talner, WSBA No. 11196
Breanne Schuster, WSBA No. 49993
Lisa Nowlin, WSBA No. 51512
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Telephone: (206) 624-2184
Email: talner@aclu-wa.org
       bschuster@aclu-wa.org
       lnowlin@aclu-wa.org

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on **March 23, 2020**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| *Attorneys for Defendant City of Seattle:* | *Attorneys for Defendants Washington State Department of Transportation and Roger Millar, Secretary of Transportation for WSDOT:* |
|---|---|
| Matthew J. Segal, WSBA No. 29797<br>Gregory J. Wong, WSBA No. 39329<br>Taki V. Flevaris, WSBA No. 42555<br>PACIFICA LAW GROUP LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>matthew.segal@pacificalawgroup.com<br>greg.wong@pacificalawgroup.com<br>taki.flevaris@pacificalawgroup.com<br><br>Patrick Downs, WSBA No. 25276<br>Gregory C. Narver, WSBA No. 18127<br>Carlton W.M. Seu, WSBA No. 26830<br>Gary T. Smith, WSBA No. 29718<br>SEATTLE CITY ATTORNEY<br>701 Fifth Avenue, Suite 2050<br>Seattle, WA 98104-70197<br>patrick.downs@seattle.gov<br>gregory.narver@seattle.gov<br>carlton.seu@seattle.gov<br>gary.smith@seattle.gov | Alicia O. Young, WSBA No. 35553<br>Matthew D. Huot, WSBA No. 40606<br>Assistant Attorneys General<br>ATTORNEY GENERAL OF WASHINGTON<br>Complex Litigation Division<br>7141 Cleanwater Drive SW<br>P.O. Box 40111<br>Olympia, WA 98504-0111<br>AliciaO@atg.wa.gov<br>MattH4@atg.wa.gov |

*s/ Todd T. Williams*
Todd T. Williams, WSBA No. 45032
Attorney for Plaintiffs
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Telephone: (206) 625-8600
Email: twilliams@corrcronin.com

PLAINTIFFS' OPPOSITION TO MOTION FOR CONVERSION – 13
Cause No. 2:17-cv-00077-RSM