THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA HOOPER, BRANDIE OSBORNE, KAYLA WILLIS, REAVY WASHINGTON, individually and on behalf of a class of similarly situated individuals; THE EPISCOPAL DIOCESE OF OLYMPIA; TRINITY PARISH OF SEATTLE; REAL CHANGE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, WASHINGTON; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; ROGER MILLAR, SECRETARY OF TRANSPORTATION FOR WSDOT, in his official capacity, <br><br> Defendants. | NO. 2:17-cv-00077 RSM <br><br> STATE DEFENDANTS' REPLY <br><br> Hearing date: 3/27/2020 <br> Without Oral Argument |

## I.  INTRODUCTION

Plaintiffs' response fails to establish any prejudice that would result by the Court granting Defendants' motion for conversion. The idea that this case has not been heard "on the merits" at the preliminary injunction hearing, which followed months of written and live discovery, completely ignores the comprehensive nature of the injunction proceedings in this case. Moreover, Plaintiffs have done nothing to resume litigating this case since the Ninth Circuit

STATE DEFENDANTS' REPLY
No. C17-00077 RSM

1

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile:  (360) 586-6847

1 issued its mandate on the interlocutory appeal on this Court's denial of class certification; quite
2 the contrary, Plaintiffs are moving to dismiss their claims with prejudice.

One way or another, this case will be resolved on the motions currently before this Court. But the applicable law and the underlying procedural history of the case point toward conversion being the appropriate result.

## II.    ARGUMENT IN REPLY

### A.    Plaintiffs Were Provided Sufficient Notice Under Rules 56 and 65(a)(2)

Plaintiffs argue they did not receive "clear and unambiguous notice" under Rule 65(a)(2). That Rule pertains to *consolidation*, not *conversion*. If a court decides to advance a case's trial on the merits to be heard at the same time as the motion for preliminary injunction, it must give clear and unambiguous notice. Fed. R. Civ. P. 65(a)(2). This is because, as Plaintiffs point out, it would be prejudicial for a court to decide the case on the merits without informing the parties of its intention to do so. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). However, neither the Court nor Defendants are proposing to consolidate the preliminary injunction hearing, which has obviously long passed, with a final hearing on the merits; rather, Defendants are asking the Court to convert its denial of Plaintiffs' motion for preliminary injunction into summary judgment in favor of Defendants based on the factual record developed at the injunction hearing. This is within a court's discretion, so long as the notice and hearing requirements of Rule 56 are met. *See Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, at 1397 n. 4 (9th Cir. 1990). As Defendant City of Seattle points out in its Motion, these requirements were met in this case, and Plaintiffs received sufficient notice.

### B.    Plaintiffs Would Not Be Prejudiced by Conversion

Plaintiffs further argue that converting the Court's order denying a preliminary injunction into a final judgment on the merits would "deny [them] a full opportunity to present their respective case." Dkt. # 236 at p. 7 (internal quotations omitted). Setting aside the fact that Plaintiffs have no intention of presenting a case because they are moving to dismiss their

STATE DEFENDANTS' REPLY  
No. C17-00077 RSM

2

ATTORNEY GENERAL OF WASHINGTON  
Transportation & Public Construction Division  
7141 Cleanwater Drive SW  
P.O. Box 40113  
Olympia, WA  98504-0113  
(360) 753-6126   Facsimile:  (360) 586-6847

complaint (Dkt. # 234), the notion that Plaintiffs were not presenting their case on the merits during the injunction phases is not supported by the record. Plaintiffs' proposed preliminary injunction order, which was nearly identical to the proposed temporary restraining order, went much farther than preserving the status quo while the case was adjudicated on the merits. *See* Dkt. # 93-1. If granted, it would have effectively resolved the case in Plaintiffs' favor, changing the practices of Defendants in how clean-ups were conducted in the City of Seattle. Dkt. # 93-1.

Additionally, Plaintiffs' contention that they have been "solely litigating proceedings for emergency relief" (Dkt. # 236 at p. 8) is unpersuasive. Plaintiffs fail to articulate any manner in which their request for preliminary injunctive relief differs from the relief they would seek as part of a permanent injunction or declaratory ruling. And, their reliance on *Lamex Foods, Inc. v. Audeliz Lebron Corp.*, 646 F.3d 100 (1st Cir. 2011) is misplaced. In that case, the trial court consolidated a preliminary injunction hearing with a hearing on the merits of the complaint, which sought both damages (arising out of a payment dispute for frozen poultry) and injunctive relief (to bar the defendant from engaging in a "smear campaign" to prevent plaintiff from finding alternative buyers for its goods). *Id.* at 102-05. The Court of Appeals held this consolidation was improper because the trial court did not clearly signify its intent to consolidate the proceedings and did not obtain explicit consent from the parties, which had previously requested a jury trial, to dispose of the case through a consolidated hearing. *Id*. at 111. This is not the case here because a) this case involves conversion of an injunction ruling into summary judgment on the merits, not consolidation, and b) Plaintiffs have not demanded a trial by jury.

Plaintiffs further claim there are "numerous pieces of evidence" that could alter the Court's findings of fact contained in its order denying a preliminary injunction. Dkt. # 236 at p. 8. Yet they fail to identify a single one; they only vaguely reference the fact that "the record is two years old." Dkt. #236 at p. 9. This is particularly unpersuasive in light of the fact that rather than attempt to actually conduct discovery to uncover how Defendants' policies and practices may have changed over time, Plaintiffs are dismissing their lawsuit. Their reliance on

STATE DEFENDANTS' REPLY
No. C17-00077 RSM

3

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile:  (360) 586-6847

potential new or different evidence is entirely theoretical. And, *State v. Pippin* has no bearing on this case's outcome for two reasons. First, that case concerned protections under article 1, section 7 of the state constitution for unhoused persons and holds that an unhoused person's tent and other personal belongings are entitled to constitutional protection. *State v. Pippin*, 200 Wn. App. 826, 846, 403 P.3d 907 (2017). This case does not turn on whether the federal or state constitutions apply to unhoused individuals and their personal belongings; this Court has ruled that the City and State Defendants' policies and practices meet the reasonableness test under *Lavan* assuming the Fourth Amendment applies. Dkt. # 209 at pp. 18-24. Second, as to the State Defendants specifically, the Eleventh Amendment precludes Plaintiffs' state constitutional claims, and *Pippin* does not alter that analysis.

**C.  There are No Genuine Issues of Material Fact, so Summary Judgment Is Appropriate**

While Plaintiffs claim there are "numerous" factual issues that remain, they misstate the Court's preliminary injunction ruling. This Court did not hold that "more 'context' was needed to resolve disputed material issues (see Dkt.# 236 at p. 10); what the Court actually held was that the Plaintiffs' presentation of videos, photographs, and declarations purporting to show the Defendants destroying personal property lacked sufficient context for the Court to determine at what stage in the clean-up process the evidence addressed and because of that lack of context "the Court is not convinced that Plaintiffs are likely to succeed in establishing the existence of a persistent and widespread City practice that violates their Fourth Amendment rights." Dkt. # 209 at p. 23.

### III.  CONCLUSION

Conversion of the preliminary injunction ruling to dispose of Plaintiffs' lawsuit is appropriate. This case was fully litigated at the preliminary injunction stage, and Plaintiffs cannot convincingly establish unresolved issues that warrant further litigation. State Defendants

STATE DEFENDANTS' REPLY
No. C17-00077 RSM

4

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile:  (360) 586-6847

1 | respectfully request that this Court convert its Order (Dkt. # 209) into a final judgment on the
2 | merits.

3    DATED this 26th day of March 2020.

ROBERT W. FERGUSON
Attorney General

*s/ Matthew D. Huot*
MATTHEW D. HUOT, WSBA #40606
Assistant Attorney General
Attorney for Washington State Department of
Transportation and Roger Millar

STATE DEFENDANTS' REPLY
No. C17-00077 RSM

5

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2020, I caused the foregoing document to be electronically filed with the United States District Court ECF system, which will send notification of such filing to all counsel of record.

DATED this 26th day of March 2020, at Tumwater, Washington.

*s/Matthew D. Huot*
MATTHEW D. HUOT, WSBA # 40606
Assistant Attorney General

STATE DEFENDANTS' REPLY
No. C17-00077 RSM

6

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
P.O. Box 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847