HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA HOOPER, BRANDIE OSBORNE, KAYLA WILLIS, REAVY WASHINGTON, individually and on behalf of a class of similarly situated individuals; THE EPISCOPAL DIOCESE OF OLYMPIA; TRINITY PARISH OF SEATTLE; REAL CHANGE,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SEATTLE, WASHINGTON; WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; ROGER MILLAR, Secretary of Transportation for WSDOT, in his official capacity,<br><br>　　　　　　　　　　Defendants. | No. 2:17-cv-00077-RSM<br><br>DEFENDANT CITY OF SEATTLE'S COMBINED REPLY IN SUPPORT OF CONVERSION TO FINAL JUDGMENT AND OPPOSITION TO VOLUNTARY DISMISSAL[1]<br><br>Hearing dates:<br>3/27/2020 (Mot. for Conversion)<br>4/3/2020 (Mot. to Dismiss)<br><br>Without Oral Argument |

## I.   INTRODUCTION

The question before the Court is how to resolve this case: either by entering judgment based on this Court's prior rulings and the expansive record before the Court, or dismissing all claims,

---

[1] The City has combined its reply in support of its motion for conversion, and its response to Plaintiffs' motion for voluntary dismissal, into this single filing.

CITY'S REPLY AND RESPONSE BRIEF IN SUPPORT OF FINAL JUDGMENT - 1
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

including the City's counterclaim, as if Plaintiffs had never filed suit and more than three years of litigation never happened. The City respectfully requests the Court do the former.

Plaintiffs aggressively litigated this case and repeatedly assured the Court they took it "very seriously" and would prosecute it "vigorously." Dkt. # 2 at 14; Dkt. # 159 at 9. But after adverse rulings that were affirmed on appeal, and their counsel filed a similar suit in another court, "some" of these Plaintiffs—we are not told which ones or presented with any evidence at all on this point—have stopped answering counsel's unspecified attempts to reach them. Dkt. # 234 at 1 n.1. This is not a valid basis for avoiding a pending request to enter final judgment.

The City's motion is properly before the Court and should be granted, given that Plaintiffs have been given notice, have not identified any further facts or requested any more discovery that would change the outcome, and the City is entitled to relief for the reasons stated in the Court's prior order. This will properly resolve the instant dispute as between these parties, and those in privity with them.

Plaintiffs misstate the state of the record, which was developed in a manner akin to dispositive motions. Moreover, the alternative remedy would be a continuance rather than voluntary dismissal. Granting Plaintiffs' belated motion for voluntary dismissal would unduly prejudice the City in numerous ways: the Court has already ruled against them on all key issues, they have delayed seeking voluntary dismissal until after these adverse rulings, and their counsel have already filed duplicative litigation in another forum. Overall, a voluntary dismissal would be an extraordinary waste of the public resources that have been devoted to this case. In these circumstances, the City respectfully submits that the proper outcome is a final judgment on the merits.

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 2
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## II. ARGUMENT

**A.   The City has properly moved for conversion to summary judgment on all claims.**

As explained in the City's motion, it is seeking to convert the Court's prior order denying injunctive relief and class certification into summary judgment for the City on all claims, for the reasons stated in the order. *See* Dkt. # 230 at 2, 5-8. Such relief is available because Plaintiffs have been notified of the request, given the opportunity to respond, and the record is sufficiently developed to support final judgment on the merits. *See id.* at 6-8. Plaintiffs have now responded, confirming they do not seek to develop the record any further and failing to identify any valid basis for withholding final judgment from the City. *See* Dkt. ## 234, 236.

Plaintiffs are wrong to suggest repeatedly, without explanation, that the City has "not properly moved for summary judgment . . . ." Dkt. # 236 at 2, 9, 11. To the contrary, the City's motion spelled out, consistent with prior authorities, that conversion to final judgment is "the functional equivalent of granting summary judgment"; emphasized the motion was submitted "in accordance with the Court's summary judgment procedures"; and specifically requested conversion "into a final order granting summary judgment" to the City. Dkt. # 230 at 5-7. The City also designated its motion on the Court's docket system as one for summary judgment, *see* Dkt. entry # 230, and its proposed order reiterated it was seeking a grant of "summary judgment" on all claims, Dkt. # 232 at 2. Indeed, elsewhere in their briefing Plaintiffs admit the City's request is "for conversion *and summary judgment*." Dkt. # 236 at 5 (emphasis added).

As for the procedural requirements for conversion, Plaintiffs argue they have not received clear notice and an opportunity to present their case. *See* Dkt. # 236 at 5. This argument is self-defeating on its face. The Ninth Circuit has indicated that conversion is available where "the notice and hearing requirements of Fed. R. Civ. P. 56" have been followed, as here. *Air Line Pilots Ass'n,*

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 3
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 n.4 (9th Cir. 1990).  In contrast, the "seminal" U.S. Supreme Court opinion that Plaintiffs reference holds only that conversion is unavailable when *no* such procedures have been followed.  Dkt. # 236 at 4; *see Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Likewise, the other cases Plaintiffs cite involved parties who were still actively litigating and the absence of any prior notice, unlike here.  *See* Dkt. # 236 at 6-7 (citing cases).  Again, the City filed its motion as one for summary judgment, giving clear notice and more than enough time for Plaintiffs to make their case or to request more time in order to develop the record were there a basis to do so.  *See* LCR 7(d)(3); Fed. R. Civ. Pro. ("Rule") 56(d) (allowing nonmovant to obtain more time to oppose summary judgment).

Plaintiffs have not, however, indicated any desire to supplement the record or conduct more discovery,[2] and have come nowhere close to the showing needed to defer a summary judgment ruling.  The Ninth Circuit has held delaying such a decision requires a formal motion with affidavits showing additional evidence exists that would prevent summary judgment.  *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001); *see also Tatum v. City and Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006); Rule 56(d).  In contrast, a plaintiff merely stating "in conclusory form that it was deprived of the opportunity to discover additional crucial evidence"—which is all Plaintiffs have done here—is inadequate.  *Chance*, 242 F.3d at 1161; *see also Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) (noting delay properly denied where plaintiff merely suggested evidence "may exist").

Plaintiffs also assert—disingenuously—that discovery in this case was "expedited" and "limited" over "a short 5 months" and is thus inadequate to support summary judgment.  Dkt. #

---

[2] As the Court previously indicated, with the denial of class certification affirmed on appeal, Plaintiffs would be "limited to seeking and using discovery material specific to the named, individual Plaintiffs."  Dkt. # 221 at 2.

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 4
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

236 at 1, 3.  Plaintiffs do not explain how discovery was substantively limited or what additional evidence they could have gathered.  Their requests were expansive, *see* Dkt. # 218-2, and as reflected across the dozens of declarations in the record, the City produced an extraordinary amount of information in response, including policy and training materials, emails and other messages, statistical data and reports, and detailed documentation of countless incidents.  *See* Dkt. # 218 at 2-3; *see also, e.g.*, Dkt. # 94.  Plaintiffs are incorrect about the duration of discovery, as nearly seven months passed between the Court's initial denial of a temporary restraining order and the preliminary injunction hearing.  *See* Dkt. ## 65, 208.  Lesser periods repeatedly have been held more than enough to support summary judgment.  *See, e.g.*, *Ben. Std. Life Ins. Co. v. Madariaga*, 851 F.2d 271, 277 (9th Cir. 1988) (holding six months was "more than sufficient to provide . . . reasonable opportunities for discovery"); *United States v. Reliance Ins. Co.*, 799 F.2d 1382, 1388 (9th Cir. 1986) (four months); *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 646 (9th Cir. 1981) (three months).  Regardless, the exact amount of time is not dispositive, but rather the nature and content of the record developed, which is undeniably substantial.  *See* Dkt. # 231 at 2; *see also* Dkt. ## 24-33, 39-41, 43-48, 52-54, 57-58, 61, 63-64, 95-128, 131, 133-39, 160, 163-70, 172-84, 186-90, 196, 198-200, 202, 208.

Plaintiffs' only other attempt to undercut the procedural validity of the City's request is to argue the City has not cited "a single case" allowing conversion "after the preliminary injunction hearing" on the "motion of a party."  Dkt. # 236 at 4, 6-7.  But the principles of conversion are clear and may be invoked through the use of summary judgment procedures, as the City has done here.  *See Air Line*, 898 F.2d at 1397 n.4.  Any absence of closer authority reflects the unusual circumstances presented, which support the City's request for relief.  Moreover, multiple courts have in fact converted preliminary injunction rulings into final orders after hearing or decision,

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 5
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

including on motion of a party, *see Yates Real Estate, Inc. v. Plainfield Zoning Bd. of Adjustment*, No. 18-12700-KM-CLW, 2020 WL 401972, at *1 (D.N.J. Jan. 23, 2020), after notice has been provided, *see D.L. Cromwell Invs., Inc. v. NASD Reg., Inc.*, 279 F.3d 155, 157, 158-61 (2d Cir. 2002), or even without any prior notice where more briefing would have made no difference, *see D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 458-59 (7th Cir. 1993).

Plaintiffs' arguments focused on conversion are ultimately form over substance. At bottom, the City is entitled to move for summary judgment based on the current record. The Court's preliminary injunction rulings merely provide an existing roadmap for decision.

**B.   Final judgment for the City is warranted based on the evidence in the record.**

As explained in the City's motion and reflected in the Court's prior order, the record amply demonstrates that the City's encampment rules are facially valid and have been lawfully applied to the Plaintiffs. *See* Dkt. # 230 at 7-8. This Court already ruled that the City's rules are valid on their face, which is not dependent on disputed facts. *See* Dkt. # 209 at 19-21, 25-27. The Court also ruled Plaintiffs were unlikely to succeed on their as-applied challenges, including because they failed to provide any evidence of an unlawful City practice and admitted to receiving notice and refusing storage. *Id.* at 9-11, 13-14, 21-24, 28-30. Plaintiffs are correct that success under the preliminary injunction standard does not in every instance equate to summary judgment, *see* Dkt. # 236 at 6, but on the current record—the *same* record—Plaintiffs cannot prevail. Their allegations remain "conclusory" and "not supported by the evidence," and the City is thus entitled to relief as a matter of law. Dkt. # 209 at 10.

Plaintiffs have not only failed to establish any new facts that would change this outcome, they have introduced no evidence at all, nor have they moved for a continuance to obtain additional evidence. They assert the City's practices "have evolved dramatically" and again make sweeping

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 6
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

allegations about notice and destruction of property, Dkt. # 236 at 3-4, but cite only to their own motion in support of these points, *see id.* (citing Dkt. # 234 at 8). In turn, that motion states directly to the contrary that "the City's policies and practices *have continued*," albeit "with increasing frequency," a separate assertion based solely on two cited news articles. Dkt. # 234 at 8 & n.3 (emphasis added). The latter point is thus not based on any admissible testimony, and regardless, this Court has already recognized that the rate at which the City addresses unauthorized camps on public property, including those qualifying as obstructions or immediate hazards, does not demonstrate unlawful conduct. *See, e.g.*, Dkt. # 209 at 27.

Plaintiffs attempt to generate theoretical factual disputes, but none are genuine, material, or otherwise sufficient to preclude summary judgment. In particular, Plaintiffs suggest they still disagree about whether the City follows its rules, dispute the lawfulness of the City's conduct at the specific incidents previously discussed in their motions, insist the City summarily destroyed their property, and question whether they received notice. Dkt. # 236 at 10. Yet these supposed factual disputes lack any evidentiary basis and were already rejected in the Court's prior order. *See, e.g.*, Dkt. # 209 at 10 (failure to establish unlawful practices), 27 (discussing City's lawful justifications regarding specific disputed incidents), 23 (noting evidence of property destruction lacked "context" and thus failed to show any unlawful conduct), 13-14 (noting Plaintiffs "have acknowledged receipt of constitutionally adequate notice"). The mere identification of theoretical factual disputes is insufficient to delay *or* overcome summary judgment. *See, e.g.*, *Chance*, 242 F.3d at 1161; *Maljack*, 81 F.3d at 888.[3]

---

[3] Indeed, the Ninth Circuit held that Plaintiffs "failed to proffer sufficient evidence and articulate a practice that was common to the claims of the proposed class in their motion for class certification." *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019).

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 7
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

More broadly, Plaintiffs frame the City's request for final judgment as "a clear attempt to cut off potential avenues of relief others may have," but the City is requesting relief targeted to the Plaintiffs and the disputes they have raised in this lawsuit. Dkt. # 236 at 4. As Plaintiffs acknowledge, class certification was denied, *see id.*, which means any final judgment will have preclusive effect under res judicata and collateral estoppel principles only as between the City, the Plaintiffs, and any persons sufficiently in privity for preclusion to apply. The City has been clear to request a final decision only that its encampment rules "are valid facially and as applied *to the Plaintiffs*," not third parties. Dkt. # 230 at 10 (emphasis added). This is true of the City's request for declaratory relief in particular, *see* Dkt. # 232 at 2, which is a proper vehicle for resolving the disputes Plaintiffs have raised with the City's encampment policies and practices.

In addition to being targeted, the declaratory judgment the City has requested would be useful and is thus appropriate. Plaintiffs argue the declaration would accomplish nothing because there is no "substantial controversy," Dkt. # 234 at 7, while at the same time insisting there are "disputes" between the parties that are "far from resolved," Dkt. # 236 at 10. Plaintiffs ignore that a declaration would help preclude relitigation by these Plaintiffs; prevent them from circumventing this Court's rulings; and provide persuasive and informative value on important public issues going forward. *See, e.g.*, *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203-04 (N.D. Tex. 1988) (noting importance of rulings to parties with a "public profile"). These are sufficient grounds for a declaration, which would simply mirror dismissal of Plaintiffs' claims for the reasons identified in the Court's prior order.

Finally, the Court can grant final judgment to the City without resolving any unsettled issues of state law. The Court's prior order already denied Plaintiffs' state law claims because they did not "address" or "explain" them, and Plaintiffs still have not done so. Dkt. # 209 at 31.

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 8
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

The closest Plaintiffs now come is to suggest in passing that state constitutional law has been "clarified," citing *State v. Pippin*, 200 Wn. App. 826, 846, 403 P.3d 907 (2017). Yet *Pippin* involved a warrantless search of a tent on public land for purposes of an investigation, which implicated a right to privacy given the potential for "intimate and personal details" to be disclosed. *Id.* at 844, 846. The court specifically limited its holding, stating it was not addressing "whether a privacy right would play any role in an eviction." *Id.* at 844 n.6. Accordingly, this authority does not support Plaintiffs' state law claims, which remain undeveloped and should be denied along with their federal claims.

C. **Voluntary dismissal at this late stage would be prejudicial and unwarranted.**

Instead of final judgment, Plaintiffs request voluntary dismissal without prejudice. *See* Dkt. # 234. As the City has explained, granting a voluntary dismissal is inappropriate given the Court's prior rulings adverse to the Plaintiffs, the significant resources the parties and Court have already expended, and the public nature of the suit and duplicative litigation that already has been filed. Dkt. # 230 at 8-9. Plaintiffs have failed to justify a sudden termination of this lawsuit without any finality, as they request. *See* Dkt. # 234 at 1 & n.1.

To begin with, Plaintiffs misrepresent the discussions between the parties and provide no factual detail or evidence regarding Plaintiffs' whereabouts or the efforts of counsel to contact those who are absent. Without citation to any evidence, Plaintiffs say they contacted the City on January 30, 2020, "to discuss Plaintiffs' desire to dismiss the case . . . as to all Plaintiffs' claims against all Defendants." Dkt. # 234 at 3. Instead, counsel reached out to propose dismissal conditioned on additional terms, and limited to those Plaintiffs who executed an agreement, which was represented as less than all of them. Plaintiffs' counsel would not disclose which Plaintiffs were available and had extended authority, and which had not. *See* Flevaris Reply Decl., Exs. 1-

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 9
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

2. Even now to the Court, Plaintiffs do not identify which of them are out of reach or what efforts have been made to contact them; nor does the motion explain why dismissal should be without prejudice as to those Plaintiffs who *are* present. *See* Dkt. # 234 at 1 & n.1.

The foremost flaw in Plaintiffs' request is that they do not identify any valid reason to withhold summary judgment from the City. As noted above, the City's motion has triggered Plaintiffs' obligation to respond on the merits, and summary judgment should be granted when it has been requested and no showing in support of delay has been made. *See supra*, at 4-5 (citing cases). None of Plaintiffs' cited cases suggest that a valid, pending summary judgment motion should be overlooked in favor of voluntary dismissal. On this ground alone, the City's motion should be granted and Plaintiffs' motion denied. This Court recognized as much when previously faced with such competing motions, granting summary judgment rather than voluntary dismissal. *See Wilks v. Porter*, No. C05-2057-RSM-JPD, 2007 WL 130185, at *1-2 (W.D. Wash. Jan. 16, 2007). Here, the result should be the same.

Plaintiffs' motion also fails on its own terms. The only legal argument Plaintiffs give in support of voluntary dismissal is that the City allegedly will not be legally prejudiced. *See* Dkt. # 234 at 5-6. Plaintiffs ignore their own cited authorities on this issue. *See* Dkt. # 234 at 4 (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). Legal prejudice means "prejudice to some legal interest, some legal claim, or some legal argument." *Westlands*, 100 F.3d at 97. Here, the City has identified multiple forms of legal prejudice that it would suffer, and that the public would suffer, without a final adjudication of this dispute.

First, the City would suffer prejudice to its legal interests and arguments as a result of apparent or potential forum shopping, given the adverse rulings this Court has already issued against Plaintiffs. The Ninth Circuit has repeatedly held that adverse rulings are a valid basis to

CITY'S REPLY AND RESPONSE BRIEF IN SUPPORT OF FINAL JUDGMENT - 10
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

refuse voluntary dismissal for this reason. *See Terranova v. Kincheloe*, 852 F.2d 424, 429-30 (9th Cir. 1988) (refusal to dismiss after magistrate issued recommendation); *Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986) (dismissal motion aimed at securing a more favorable judge was "impermissible forum shopping"); *Thompson v. Janssen Pharms., Inc.*, 756 F. App'x 740, 741 (9th Cir. 2019); *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 665-66 (9th Cir. 2008); *see also Westlands*, 100 F.3d at 97 (noting that "loss of a federal forum" qualifies as legal prejudice).

Plaintiffs point to the particular types of rulings at issue in some of these cases, ignoring the broader principle and its application to this case. *See* Dkt. # 236 at 11 (noting cases involved magistrate reports and partial summary judgment orders). Here, the Court issued a detailed order denying injunctive relief and class certification. The Court explained its legal analysis on numerous pertinent issues, including the facial validity of the City's rules, and found that Plaintiffs' allegations were conclusory and unsupported, that their proffered evidence lacked context, that they had admitted to receiving adequate notice and refusing storage, and that they misrepresented statistical data and reports produced in discovery. *See* Dkt. # 209. This order indicated the Court's views on a number of disputed issues and the likely trajectory of the case going forward. Similarly, the Court's stay order indicated how any remaining discovery would proceed. *See* Dkt. # 221 at 2-3.

The circumstances here strongly suggest an attempt to avoid these rulings. Plaintiffs originally sought to serve as class representatives, and at that time, repeatedly assured the Court they took the case "very seriously" and would prosecute it "vigorously." Dkt. # 2 at 14; Dkt. # 159 at 9. They even appealed the issue of whether they qualified as adequate class representatives. As Plaintiffs argued to the Ninth Circuit on this point: "All Plaintiffs testified that they were

CITY'S REPLY AND RESPONSE BRIEF IN SUPPORT OF FINAL JUDGMENT - 11
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

familiar with the basis for the suit and their responsibilities." No. 18-35053, ECF No. 16 at 65. It was not until after the Court ruled against them, that adverse decision was upheld on appeal, and their counsel filed a similar lawsuit against the City in state court seeking expansive discovery and relief, that the missing Plaintiffs disappeared from this case. Plaintiffs' motion suggests the missing individuals cannot be contacted by phone or otherwise, but the Plaintiffs testified in their depositions about using cell phones, facebook, and other such means of communication. *See* Flevaris Reply Decl., Exs. 3-6. Taken together, these facts are strongly suggestive of forum shopping.

Second, Plaintiffs have also delayed in moving for dismissal of this case. Plaintiffs filed suit in early 2017 and litigated aggressively up until the preliminary injunction hearing nearly eight months later. *See, e.g.*, Dkt. ## 1, 2, 23, 73, 87, 89, 93, 218. After lodging their petition for interlocutory appeal, they sought and obtained a stay from this Court on December 20, 2017. *See* Dkt. # 221. After lengthy appellate proceedings, the Ninth Circuit affirmed on November 29, 2019. Dkt. # 224. Plaintiffs did not then contact the Court or take any other action, until counsel reached out to the City at the end of January. Plaintiffs did not move to dismiss until March 13, 2020, well over three years since they filed suit and only after the City moved for conversion to final judgment. Over the course of these proceedings, the City has incurred significant expense, including discovery with regard to Plaintiffs in particular. *See* Dkt. # 231 at 2. If Plaintiffs, including those who remain present, did not want to litigate this case to conclusion, they should have abandoned it long ago rather than repeatedly insist to the Court and City that they would pursue it vigorously to its full conclusion. *See* Dkt. # 2 at 14; Dkt. # 159 at 9. Such delay qualifies as legal prejudice. *See Westlands*, 100 F.3d at 97 (considering delay as a potential ground for legal prejudice).

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 12
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Finally, the City is already facing duplicative litigation by some of the same counsel in another forum, in a case seeking broad discovery and relief. *See* Dkt. # 231-1. None of the precedents Plaintiffs cite deal with similarly public issues, much less overlapping constitutional claims brought by the same legal counsel seeking broad relief in a different court. These factors weigh heavily against voluntary dismissal, especially given the public interest in final resolution of such disputes and the distinct potential for foul play. *See Radiant*, 122 F.R.D. at 203-04; *cf. Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (noting legal prejudice "does not result *simply* when defendant faces the *prospect* of a second lawsuit" (emphases added)).

### III.   CONCLUSION

The City has properly moved for conversion of the Court's prior order into summary judgment on all claims. Plaintiffs have not attempted to prove any new facts, have made clear they have no intention of litigating this case any further, and have identified no valid basis for withholding such relief. Plaintiffs' motion for dismissal is unsupported and would result in legal prejudice against the City and the public. Accordingly, the City respectfully requests that the Court grant the City's motion, convert the Court's prior order into a final judgment on the merits, and deny Plaintiffs' request for voluntary dismissal.

DATED this 27th day of March, 2020.

> PACIFICA LAW GROUP LLP
>
> By   *s/ Taki V. Flevaris*
>    Matthew J. Segal, WSBA #29797
>    Taki V. Flevaris, WSBA #42555
>
> SEATTLE CITY ATTORNEY'S OFFICE
>    Gary Smith, WSBA #29718
>
> *Co-Counsel for Defendant City of Seattle*

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 13
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2020, I electronically filed the foregoing document with the United States District Court ECF system, which will send notification of such filing to all counsel of record.

Dated this 27th day of March, 2020.

_s/ Thien Tran_
Thien Duc Tran, Legal Assistant

CITY'S REPLY AND RESPONSE BRIEF IN
SUPPORT OF FINAL JUDGMENT - 14
Case No. 2:17-cv-00077-RSM

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750