THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA HOOPER, BRANDIE OSBORNE,
KAYLA WILLIS, REAVY WASHINGTON,
individually and on behalf of a class of
similarly situated individuals; THE
EPISCOPAL DIOCESE OF OLYMPIA;
TRINITY PARISH OF SEATTLE; REAL
CHANGE,

                                    Plaintiffs,

            v.

CITY OF SEATTLE, WASHINGTON;
WASHINGTON STATE DEPARTMENT OF
TRANSPORTATION; ROGER MILLAR,
SECRETARY OF TRANSPORTATION FOR
WSDOT, in his official capacity,

                                    Defendants.

No. 2:17-cv-00077-RSM

**PLAINTIFFS' REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS
PLAINTIFFS' CLAIMS AND THE CITY
OF SEATTLE'S COUNTERCLAIM**

NOTE ON MOTION CALENDAR:
April 3, 2020

I.    INTRODUCTION

The crux of Defendants' argument is that a dismissal of all claims is inappropriate

because they "deserve" a ruling on the merits in their favor for defending themselves in a

preliminary injunction hearing.  Such an argument runs contrary to the relevant authority and

is not a valid basis for denying Plaintiffs' request for voluntary dismissal.  *Westlands Water*

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 1
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996) ("Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time.").

Nor does Defendants' desire to avoid litigation in another forum constitute "legal prejudice" or form a basis for Defendants to prevail on the merits. The relief Defendants seek—the conversion of a denial of Plaintiffs' request to pause non-emergency sweeps until an adjudication on the merits into a sweeping declaratory judgment that the City's expansive sweeps policies are lawful under any hypothetical law or circumstance in the past, present, or future—ignores the parties' burdens of proof, controlling precedent and procedural requirements, and this Court's jurisdictional authority. *See* Fed. R. Civ. P. 65(a)(2) and 56; 28 U.S.C. § 2201.

This Court does, however, have the authority to dismiss all claims in this litigation and should exercise its clear discretion to do so. Fed. R. Civ. P. 41(a)(2); 28 U.S.C. § 2201.

## II.      THIS CASE IS APPROPRIATELY RESOLVED BY DISMISSING ALL CLAIMS

Plaintiffs seek dismissal of all of their claims and the City's counterclaim pursuant to Federal Rule of Civil Procedure 41(a)(2) and this Court's discretionary authority under the Declaratory Judgment Act. The purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.,* 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). "Plain legal prejudice"—not mere inconvenience—is required. *See Westlands Water Dist.,* 100 F.3d at 96. Defendants here fail to show that they would suffer any legal prejudice from dismissal of this case.

Defendants misconstrue the controlling authority and claim that Plaintiffs ignore *Westlands*' holding on this issue. Dkt. 240 at 10. But the Ninth Circuit in *Westlands* rejected

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 2
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

arguments nearly identical to those the City now relies on. In *Westlands,* the Court of Appeals found the district court had incorrectly relied on three factors to deny dismissal: uncertainty if the dispute remained unresolved; plaintiffs' purported delay in moving for dismissal; and the expense of defending the action. The City's arguments should be rejected here, as essentially the same arguments were in *Westlands.*

"Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands,* 100 F.3d at 97. Here, Defendants remain free to remove encampments, conducting as many as six removals per day in February of 2020.[1] And dismissal would clearly not prevent Defendants from defending the current state court lawsuit or asserting, in any forum, that their policies are lawful. Simply put, Defendants have lost no legal rights or defenses. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *Westlands,* 100 F.3d at 97) ("Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation."). Accordingly, dismissal will cause no plain legal prejudice.

With respect to delay, the Ninth Circuit in *Westlands* noted that a timeline which mirrors the timeline here was not dilatory or evidence of legal prejudice:

> The [plaintiffs] . . . attempted to obtain a stipulated dismissal without prejudice within three months after the district court denied their motion for a preliminary injunction. Within a month after those efforts failed, and before the defendants filed their motions for summary judgment, the Districts filed their motion for voluntary dismissal without prejudice. The Districts could have sought dismissal sooner than they did, but they were not dilatory.

---

[1] The City posts site journals for some "encampment removals" it conducts on its website which indicates that on multiple days in February of 2020, the City conducted at least six sweeps. Over the course of the month, the City conducted more than 40 sweeps. *See* https://www.seattle.gov/homelessness/unauthorized-encampments/encampment-removals#february1272020.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 3
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Id.* at 97.  Plaintiffs here sought review of this Court's class certification ruling in October of 2017.  Counsel for Plaintiffs approached Defendants about a stipulated dismissal one month after the Ninth Circuit issued its mandate in December 2019 and weeks before Defendants filed their conversion motion.  When these efforts failed, Plaintiffs promptly moved for voluntary dismissal with this Court.  Defendants are well aware that one of the reasons Plaintiffs did not move more quickly for dismissal was that Counsel was having difficulty reaching some of the unhoused Plaintiffs.  The fact that Defendants contemporaneously filed a motion for a ruling in their favor on the merits—though not a summary judgment motion[2]—does not change the calculus or suggest legal prejudice.

The fact that Defendants have had to expend resources defending this litigation is also not a reason to deny dismissal.  As in *Westlands*, the Ninth Circuit has repeatedly and "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97 (citing *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 146 (9th Cir.1982)).

Because their arguments have no basis in authority, Defendants try to add a novel twist, asserting that Plaintiffs' unhoused status is somehow indicative of misconduct or forum shopping.  Dkt. 240 at 10-12.  The City's allegation is void of any evidentiary support and ignores the reality of the Plaintiffs' precarious position and the current pandemic in which we are all living.  Plaintiffs lack stable shelter and consistent, reliable modes of communication—

---

[2] Defendants now claim they have moved for summary judgment, but this is simply not the case.  Defendants instead filed a motion to convert this Court's ruling into a final adjudication on the merits—and the *only* authority Defendants cited relied upon Rule 65(a)(2). There is no summary judgment motion under Rule 56 pending, either explicitly or implicitly.  Nor could there be:  Defendants have not identified what they claim are undisputed facts, why they are entitled to judgment as a matter of law, or done anything else required by Rule 56.  A motion to convert does not become a summary judgment motion because a party, realizing it has put forth no valid basis for a motion to convert, decides on reply to say it was something different all along.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 4
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

often as a result of Defendants' sweeps—and it would currently be unsafe (not to mention impractical) for counsel to physically go to encampments across the City in search of Plaintiffs.  In addition to the fact that Defendants' callous supposition is entirely unsupported, it is also legally irrelevant.  "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976 (citing *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982)).  Even the prospect of a second lawsuit on the same set of facts (which is not a realistic danger here) has been found not to be sufficient legal prejudice to justify denying a Plaintiffs' motion to dismiss without prejudice. *See McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 859 (11th Cir.1986); *Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967).

Defendants' suggestion that Plaintiffs are trying to evade this Court's rulings is equally without merit.  First—this Court has not made any adverse ruling that Plaintiffs could "avoid."  The Court simply denied a motion for a preliminary injunction.  Second, as Defendants requested, the case is not proceeding as a class action.  Accordingly, it is wholly appropriate for *other* unhoused persons to seek relief solely under state law in state court for harm they have experienced at the hands of the City.  Indeed, the existence of the state court action supports dismissal of the claims at issue here.  "[W]hen a state court action is pending presenting the same issue of state law as is presented in a federal declaratory suit, 'there exists a presumption that the entire suit should be heard in state court.'" *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1370–71 (9th Cir. 1991), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)).  "In any event, the need to

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 5
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court." *Smith*, 263 F.3d at 976.[3]

It is common and appropriate for Plaintiffs to dismiss their claims, even when motions for judgment are filed:

> Rule 41(a) expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment. Indeed, a voluntary dismissal by leave of court under Rule 41(a)(2) [even] after a summary judgment motion is filed is deemed to be without prejudice unless otherwise ordered. . . . In addition, it is clear . . . that the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice.

*Pontenberg v. Bos. Sci. Corp.,* 252 F.3d 1253, 1258 (11th Cir. 2001) (emphasis added).

Finally, even if Defendants could articulate some sort of legal prejudice they would suffer as a result of the dismissal of this case (which they have not) the appropriate remedy would be to dismiss Plaintiffs' claims *with prejudice*, not a final adjudication on the merits in Defendants' favor. *See Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 665-66 (9th Cir. 2008) (finding dismissal with prejudice proper when legal prejudice was demonstrated).

---

[3] Defendants' cavalier treatment of Plaintiffs' state constitutional claims in this case also illustrates the fallacy of their request. On one hand, they acknowledge that Plaintiffs have not litigated their state constitutional claims—which makes sense because they were trying to obtain preliminary relief in federal court—yet Defendants simultaneously claim that this Court can issue a final ruling regarding the legality of the City's rules under every provision of the Washington State Constitution. The City has similarly never litigated the legality of the entirety of the lengthy MDARs under state law and any disputes the City might have with unhoused people regarding its conduct under the state constitution are appropriately resolved in state court, not in a one paragraph "reply and response" to their motion for conversion.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS ALL CLAIMS– 6
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

That Defendants would prefer a final adjudication on the merits in their favor on their counterclaim for declaratory judgment does not constitute "plain legal prejudice" under Rule 41(a)(2).  Nor is Defendants' affirmative burden of proof under Rule 56 met simply because Plaintiffs failed to obtain a preliminary injunction.[4]  As we have previously shown, Defendants' counterclaim—along with all claims in the litigation—should be dismissed because it does not seek a declaratory judgment this Court can adjudicate in conformity with the Declaratory Judgment Act and relevant caselaw.

Defendants allege that a final declaratory ruling in their favor would provide "persuasive and informative value on important issues going forward."  Dkt. 240 at 8.  But this is precisely the type of advisory opinion that Courts are instructed to avoid.  *See Medimmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007); *Eccles v. Peoples Bank of Lakewood Vill., Cal.,* 333 U.S. 426, 431 (1948).  Defendants also fail to cite any evidence that Plaintiffs in this case seek to engage in subsequent litigation and a court cannot issue a declaratory judgment on hypothetical disputes.  *See Medimmune*, 549 U.S.at 127 (declaratory

---

[4] Defendants effectively claim that they need no basis in the civil rules for their motion. Defendants concede that the requirements of Rule 65(a)(2) are not met here and now claim a final ruling on the merits is appropriate simply because Defendants used the word "summary judgment" in their motion.  But Defendants have also utterly failed to satisfy their burden under Rule 56 to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In fact, Defendants fail to even attempt to identify what the material facts in the litigation are let alone explain why they are undisputed or how further factual development is immaterial when more than three years have passed since this litigation, seeking declaratory and injunctive relief, was filed.  In other words, Defendants' argument is that because they filed a motion for "conversion" *and* "summary judgment" they need not meet the requirements of the rules for either.  Plaintiffs respectfully submit that granting Defendants' motion, regardless of how it is couched, would be erroneous.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 7
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

relief must be "distinguished from an opinion advising what the law would be upon a hypothetical state of facts").

The City also claims it is merely requesting a declaration targeted to the Plaintiffs and the disputes they have raised in this lawsuit—but in reality, the City is requesting a finding of "validity" of its policies in all ways on their face and as applied to these Plaintiffs now or in the past. Such a request asks no concrete, non-hypothetical question that the Court can reasonably answer in a declaratory action, and the City's counterclaim should therefore be dismissed along with Plaintiffs' claims.

At the end of the day, Defendants' argument boils down to this: they are entitled to a judgment in their favor, not because they would suffer "prejudice" from dismissal or because there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" but because they believe they are entitled to final judgment due to a preliminary injunction ruling rendered over two years ago, even though this case has not been fully litigated and has never reached state constitutional claims that are now properly pending in state court. The cases demonstrate that this bare desire for vindication is far from enough to prevent dismissal of all claims.

### III.    CONCLUSION

For the aforementioned reasons, this Court should GRANT Plaintiffs' Motion to Dismiss Plaintiffs' Claims and the City's Counterclaim and DENY Defendants' Motion for Conversion of Preliminary Injunction into Final Judgment on the Merits.

//

//

//

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 8
Cause No. 2:17-cv-00077-RSM

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2
      DATED this 3rd day of April, 2020.

3
                                     *s/ Todd T. Williams*

4
Breanne Schuster, WSBA No. 49993
Nancy Talner, WSBA No. 11196

5
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

6
901 Fifth Avenue, Suite 630
Seattle, Washington 98164

7
Telephone: (206) 624-2184
Email: talner@aclu-wa.org

8
             bschuster@aclu-wa.org

9
Blake Marks-Dias, WSBA No. 28169
Todd T. Williams, WSBA No. 45032

10
Eric A. Lindberg, WSBA No. 43596
Victoria E. Ainsworth, WSBA No. 49677

11
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900

12
Seattle, Washington 98154-1051
Telephone: (206) 625-8600

13
Email: bmarksdias@corrcronin.com
          twilliams@corrcronin.com

14
          elindberg@corrcronin.com
          tainsworth@corrcronin.com

15
*Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 9
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on **April 3, 2020**, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system, which will send notification of such filing to the

4 following:

5

| *Attorneys for Defendant City of Seattle:* | *Attorneys for Defendants Washington State Department of Transportation and Roger Millar, Secretary of Transportation for WSDOT:* |
|---|---|
| Matthew J. Segal, WSBA No. 29797 Gregory J. Wong, WSBA No. 39329 Taki V. Flevaris, WSBA No. 42555 PACIFICA LAW GROUP LLP 1191 Second Avenue, Suite 2000 Seattle, WA 98101 matthew.segal@pacificalawgroup.com greg.wong@pacificalawgroup.com taki.flevaris@pacificalawgroup.com<br><br>Patrick Downs, WSBA No. 25276 Gregory C. Narver, WSBA No. 18127 Carlton W.M. Seu, WSBA No. 26830 Gary T. Smith, WSBA No. 29718 SEATTLE CITY ATTORNEY 701 Fifth Avenue, Suite 2050 Seattle, WA 98104-70197 patrick.downs@seattle.gov gregory.narver@seattle.gov carlton.seu@seattle.gov gary.smith@seattle.gov | Alicia O. Young, WSBA No. 35553 Matthew D. Huot, WSBA No. 40606 Assistant Attorneys General ATTORNEY GENERAL OF WASHINGTON Complex Litigation Division 7141 Cleanwater Drive SW P.O. Box 40111 Olympia, WA 98504-0111 AliciaO@atg.wa.gov MattH4@atg.wa.gov |

6

7

8

9

10

11

12

13

14

15

16

17

18

19                                *s/ Todd T. Williams*

20                                Todd T. Williams, WSBA No. 45032
                                 Attorney for Plaintiffs
21                                CORR CRONIN LLP
                                 1001 Fourth Avenue, Suite 3900
22                                Seattle, Washington 98154-1051
                                 Telephone: (206) 625-8600
23                                Email: twilliams@corrcronin.com

24

25

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS– 10
Cause No. 2:17-cv-00077-RSM

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900