UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA HOOPER, *et al.*, | CASE NO. C17-0077RSM |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR FINAL JUDGMENT ON THE MERITS AND GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL |
| CITY OF SEATTLE, WASHINGTON, *et al.*, | |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendant City of Seattle's Motion for Conversion of Preliminary Injunction Ruling into Final Judgment on the Merits, Dkt. #230, and Plaintiffs' Motion to Dismiss Plaintiffs' Claims and the City of Seattle's Counterclaim Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2), Dkt. #234.  Oral argument has not been requested.  For the reasons set forth below, the Court now DENIES Defendant's Motion and GRANTS Plaintiffs' Motion.

## II.  BACKGROUND

This case, originally filed in January 2017, arises out of the City of Seattle's management of homeless[1] encampments.  The background facts were previously set forth in two prior Court Orders and are incorporated here by reference.  *See* Dkts. #65 and #209.

---

[1] Plaintiffs use the term "unhoused" rather than homeless in this litigation.  "Unhoused" refers to all individuals who lack fixed, stable, or adequate shelter or housing.  Dkt. #1 at ¶ 30, n.2.

ORDER
PAGE - 1

The Plaintiffs in this action are four unhoused individuals, Lisa Hooper, Brandie Osborne, Kayla Willis, and Reavy Washington ("Individual Plaintiffs"), and three organizations, The Episcopal Diocese of Olympia, Trinity Parish of Seattle, and Real Change. Plaintiffs are represented by the ACLU of Washington and other counsel. Plaintiffs' amended complaint alleges four causes of action against Defendants City of Seattle, Washington State Department of Transportation ("WSDOT"), and Roger Millar, the Secretary of Transportation for WSDOT. *See* Dkt. #87. Specifically, Plaintiffs allege that Defendants' policy and practice of seizing and destroying the property of people who are living outside ("sweeping" or "sweeps") violates their right to be secure from unreasonable seizures under the Fourth Amendment to the U.S. Constitution; their right to privacy and protection from invasion of their homes under Article I, Section 7 of the Washington State Constitution; and their right to due process of law under both the Fourteenth Amendment to the U.S. Constitution and Article I, Section 3 of the Washington State Constitution. *Id*.

The City of Seattle asserted a counterclaim for declaratory judgment in its Answer, hoping that the Court would declare its sweep policies and practices lawful. Dkt. # 92. No other Defendant has asserted a counterclaim.

On October 4, 2017, the Court denied Plaintiffs' Motions for Class Certification and Preliminary Injunction. Dkt. #209. Plaintiffs appealed to the Ninth Circuit and this Court granted Plaintiffs' Motion to stay proceedings pending the appeal. Dkt. #221.

On October 1, 2019, the ACLU, including some of the same attorneys representing Plaintiffs in this case, filed a lawsuit against the City of Seattle in state court on behalf of three other unhoused persons and a hair salon. Dkt. #231-1. Those plaintiffs assert a similar claim

---

While the term "homeless" is often utilized to refer to this population, Plaintiffs use the term "unhoused" because people who lack permanent or stable housing still have homes in which they sleep and go about their private affairs. *Id.*

ORDER
PAGE - 2

under Article I, Section 7 of the Washington Constitution over the disposition of property at encampments as well as state law claims for cruel punishment and conversion. *See id.* at 27-29.

In 2019 the Ninth Circuit affirmed this Court's denial of class certification and issued its mandate on December 23, 2019. Dkt. #225.

On March 5, 2020, the City of Seattle filed a "Motion for Conversion of Preliminary Injunction Ruling into Final Judgment on the Merits." Dkt. #230. The City argues that "[s]uch a conversion is the functional equivalent of granting summary judgment "on the basis of the factual record available at the preliminary injunction stage." *Id*. at 5. On March 12, Plaintiffs moved for voluntary dismissal without prejudice. Dkt. #234. Plaintiffs' counsel state they have been unable to contact some of their unhoused clients. *Id*. at 1 n.1. Both sides oppose each other's motions and essentially present the Court with only these two options to proceed.

While these Motions were awaiting their noting dates for consideration, Washington State and indeed the entire world has had to respond to the COVID-19 pandemic. This pandemic has apparently affected Plaintiffs' counsel's ability to communicate with their clients, *see* Dkt. #241 at 4–5.

### III.   DISCUSSION

**A. City of Seattle's Motion for Final Judgment on the Merits**

A district court may convert its ruling on a preliminary injunction motion into a "final adjudication on the merits . . . so long as the procedures do not result in prejudice to either party." *Glacier Park Found'n v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981) (citing Fed. R. Civ. Pro. 65(a)(2)). However, "…it is generally inappropriate for a court to issue such a final judgment on the merits of a claim at the preliminary injunction stage, because it is unlikely that the merits of a claim will be fully ventilated at the early stage of a litigation at which a

ORDER
PAGE - 3

preliminary injunction is normally addressed." *Arce v. Douglas*, 793 F.3d 968, 976 (9th Cir. 2015) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981)).  The court should provide the parties with "clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will afford the parties a full opportunity to present their respective cases."  *Univ. of Texas v. Camenisch*, 451 U.S. at 395.  A district court can also convert a decision on a preliminary injunction into a final disposition of the merits by granting summary judgment on the basis of the factual record available at the preliminary injunction stage. However, "a court could not properly enter summary judgment where the notice and hearing requirements of Fed. R. Civ. P. 56 have not been followed."  *Air Line Pilots Ass'n, Intern. v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397, n.4 (9th Cir. 1990).

      Given the timing of this Motion well after the preliminary injunction hearing, Plaintiffs' desire to withdraw from this case, the confusion created by the format of Defendants' Motion, and the alleged inability of Plaintiffs' counsel to reach certain Plaintiffs, the Court is not inclined to find that sufficient notice has been provided to all parties under rules 65 or 56. Defendants' Motion seeks both to convert the preliminary injunction hearing into a final judgment on the merits and seeks summary judgment prior to the closing of discovery in this case.  Even if notice were properly provided under rule 56, summary judgment would not be appropriate at this time because prior discovery was focused on the issues facing the parties at the preliminary injunction stage, and because new discovery would be necessary to cover the events of the last two years.  Accordingly, the City of Seattle's Motion will be denied.  The Court notes that, even if there was a solid legal basis for entering a final judgment at the time

ORDER
PAGE - 4

this Motion was initially brought, the ongoing COVID-19 pandemic would likely serve as a basis for requiring further discovery.

### B. Motion for Voluntary Dismissal

Rule 41(a)(2) provides, in pertinent part:

> …an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

This rule "allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).  When ruling on a motion to dismiss without prejudice, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).  Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument…. [u]ncertainty because a dispute remains unresolved is not legal prejudice." *Id*. at 97.  "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id*.

Plaintiffs argue that Defendants will not be prejudiced by voluntary dismissal merely because this dispute remains unresolved or because Defendants may have to defend against similar claims in the future, or concurrently in state court. Dkt. #234 at 3–5.  Plaintiffs indicate that a motion for voluntary dismissal can be granted over the objection of defendants even

ORDER
PAGE - 5

when a counterclaim is pending. *Id*. at 4 (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)). Plaintiffs advocate for concurrent dismissal of the City of Seattle's counterclaim for declaratory judgment, arguing that the counterclaim would amount to an advisory opinion in the absence of a substantial controversy and require this Court to make decisions of state law that are better adjudicated in state court. *Id*. at 6–11.

As noted above, there is parallel litigation in state court asserting that the City's sweeps of encampments violates provisions of the Washington State Constitution. "[W]hen a state court action is pending presenting the same issue of state law as is presented in a federal declaratory suit, 'there exists a presumption that the entire suit should be heard in state court.'" *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1370–71 (9th Cir. 1991), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)). In determining whether to exercise its jurisdiction under the Declaratory Judgment Act in these circumstances, a Court should consider the following factors: (1) whether a refusal to entertain the request for declaratory relief avoids needless decisions of state law by the federal court; (2) whether the action is a means of forum shopping; and (3) whether dismissal of the claim for declaratory relief would avoid duplicative litigation. *Smith*, 263 F.3d at 977 (cited source omitted).

The City of Seattle argues legal prejudice from Plaintiffs' apparent forum shopping, delay in bringing this Motion, the risk of duplicative litigation, and "the public interest in final resolution of such disputes and the distinct potential for foul play." Dkt. #240 at 10–13. The Washington State Department of Transportation and Roger Millar, Secretary of Transportation, also argue that they face prejudice from voluntary dismissal, mainly in the form of having had to devote "considerable resources to this case." Dkt. #235 at 4.

ORDER
PAGE - 6

The Court finds that Defendants have failed to set forth some plain legal prejudice that would result from this voluntary dismissal. The Court agrees with Plaintiffs that voluntary dismissal now does not in any way alter the City of Seattle's legal interests of claims, and they are free to continue removing encampments. *See* Dkt. #241 at 3. As noted above, uncertainty because a dispute remains unresolved is not legal prejudice. The Court finds that there has not been inordinate delay on Plaintiffs' part in bringing this Motion considering the time spent up on appeal. As stated above, the expense incurred in defending against a lawsuit does not constitute legal prejudice. The Court is concerned by the accusations of forum shopping, but ultimately concludes that such has not been demonstrated in this case, in part because the state court lawsuit has been brought by different plaintiffs and in part because the factual allegations in that case will be separated by several years from those brought in this case. Accordingly, voluntary dismissal is permitted.

Dismissal of the City of Seattle's declaratory judgment counterclaim is also appropriate as continuing with that claim alone would amount to an advisory opinion in the absence of a substantial controversy and would require this Court to make decisions of state law that are better adjudicated in the state court action.

### IV.   CONCLUSION

Having reviewed the above Motions, related briefing, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant City of Seattle's Motion for Conversion of Preliminary Injunction Ruling into Final Judgment on the Merits (Dkt. #230) is DENIED.

2. Plaintiffs' Motion to Dismiss Plaintiffs' Claims and the City of Seattle's Counterclaim (Dkt. #234) is GRANTED. Plaintiffs' claims and the City of Seattle's counterclaim are DISMISSED without prejudice.

3. This case is CLOSED.

DATED this 11th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8